With a copy of any such notice to:

Denver City Attorney's Office
1437 Bannock St., Room 353
Denver, Colorado 80202

If to CDOT:

Colorado Department of Transportation
Attn: Executive Director
4201 East Arkansas Avenue
Denver, Colorado 80222

If to HPTE:

High Performance Transportation Enterprise
Attn: Director
4201 East Arkansas Avenue
Denver, Colorado 80222

If to BE:

Bridge Enterprise
c/o Chief Engineer
4201 East Arkansas Avenue
Denver, Colorado 80222

**16. Appropriation.** The Parties acknowledge that (i) financial obligations of the State payable after the current fiscal year are contingent upon funds for that purpose being appropriated, budgeted and otherwise made available, (ii) the Parties by this Agreement do not irrevocably pledge present cash reserves for payments in future fiscal years, and (iii) this Agreement is not intended to create a multiple-fiscal year direct or indirect debt or financial obligation of the Parties, except to the extent that the funds are currently encumbered or can be legally made available from an enterprise fund. The Parties agree that any expenditure of the City shall extend only to funds appropriated by the Denver City Council for the purpose of this Agreement, encumbered for the purpose of this Agreement and paid into the Treasury of the City and County of Denver. City, through the Department of Public Works, agrees to include in budget requests funds sufficient to fulfill its commitments herein.

**17. Liability of the Parties.** The Parties agree each party is relying upon, and has not waived, the monetary limitations and all other rights, immunities and protections provided by the Colorado Governmental Immunity Act, C.R.S. § 24-10-101, *et seq*. The provision of services under this Agreement is for the benefit of the Parties. Each party agrees to be responsible for its own liability incurred as a result of its participation in this Agreement. If any claim is litigated, each Party will be responsible for its own expenses of litigation or other costs associated with enforcing this Agreement.

**18.** **Additional Documents.** The Parties agree to execute any additional documents or take any additional action that is necessary to carry out the intent of this Agreement or to request approval, in good faith, from their legislative bodies for such agreements or documents.

**19.** **Venue.** Venue for any action hereunder shall be in the District Court, City and County of Denver, State of Colorado, and the Parties waive any right to remove any action to any other court, whether state or federal.

**20.** **Separate Entities.** The Parties enter into this Agreement as separate, independent governmental entities and shall maintain such status throughout.

**21.** **Third Party Beneficiaries.** Enforcement of the terms of this Agreement and all rights of action relating to enforcement are strictly reserved to the Parties. Nothing contained in this Agreement gives or allows any claim or right of action to any third person or entity. Any person or entity other than the Parties receiving benefits pursuant to this Agreement is an incidental beneficiary only.

**22.** **Amendments.** This Agreement may be amended, in whole or in part, only by written instrument executed by the Parties.

**23.** **Non-Discrimination in Employment.** In connection with the performance of work under the Agreement, the Parties may not refuse to hire, discharge, promote or demote, or discriminate in matters of compensation against any person otherwise qualified, solely because of race, color, religion, national origin, gender, age, military status, sexual orientation, gender variance, marital status, or physical or mental disability. The Parties shall insert the foregoing provision in all contracts, and direct that the foregoing provision be included in all subcontracts.

**24.** **Force Majeure.** No Party shall be deemed in default hereunder and neither shall be liable to the other if either is subsequently unable to perform, or is delayed in performing, its obligations hereunder by reason of any cause beyond the reasonable control of said Party, including an act of God, fire, strike, riot, civil disturbance, act of public enemy, embargo, or any judicial order; provided, however, that no party shall be entitled to relief under this paragraph unless such Party shall have given the other Parties reasonable notice of such event, and shall have exhausted all reasonable means of complying or implementing alternative means of compliance with its contractual obligations hereunder.

**25.** **Examination of Records.** Any authorized agent of the City, including the City Auditor or his or her representative, has the right to access and the right to examine any pertinent books, documents, papers and records, involving transactions related to this Agreement until the latter of three (3) years after the final payment under this Agreement or expiration of the applicable statute of limitations.

**26.** **Counterparts, Signatures.** This Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which shall together constitute one and the same document.

**27.** **Statewide Contract Management System.** If the maximum amount payable to the City under this Agreement is $100,000 or greater, either on the Effective Date or at any time

thereafter, the Statewide Contract Management System applies. The City agrees to be governed, and to abide by the provisions of C.R.S. §§ 24-102-205, 24-102-206, 24-103-601, 24-103.5-101 and 24-105-102 concerning the monitoring of vendor performance on state contracts and inclusion of contract performance information in a statewide contract management system. The City's performance shall be subject to Evaluation and Review in accordance with the terms and conditions of this Agreement, state law, including C.R.S. § 24-103.5-101, and State Fiscal Rules, Policies and Guidance.

**28. Special Provisions.**

A. Controller's Approval. C.R.S. § 24-30-202(1). This Agreement shall not be valid until it has been approved by the Colorado State Controller or designee.

B. Fund Availability. C.R.S. § 24-30-202(5.5). Financial obligations of the State payable after the current fiscal year are contingent upon funds for that purpose being appropriated, budgeted, and otherwise made available.

C. Governmental Immunity. No term or condition of this Agreement shall be construed or interpreted as a waiver, express or implied, of any of the immunities, rights, benefits, protections, or other provisions, of the Colorado Governmental Immunity Act, C.R.S. § 24-10-101 *et seq.*, or the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 *et seq.*, as applicable now or hereafter amended.

D. Independent Contractor. The City shall perform its duties hereunder as an independent contractor and not as an employee. Neither the City nor any agent or employee of the City shall be deemed to be an agent or employee of the State. City and its employees and agents are not entitled to unemployment insurance or workers compensation benefits through the State and the State shall not pay for or otherwise provide such coverage for the City or any of its agents or employees. Unemployment insurance benefits will be available to the City and its employees and agents only if such coverage is made available by the City or a third party. The City shall pay when due all applicable employment taxes and income taxes and local head taxes incurred pursuant to this Agreement. The City shall not have authorization, express or implied, to bind the State to any agreement, liability or understanding, except as expressly set forth herein. The City shall (a) provide and keep in force workers' compensation and unemployment compensation insurance in the amounts required by law, (b) provide proof thereof when requested by the State, and (c) be solely responsible for its acts and those of its employees and agents.

E. Compliance with Law. The Parties shall strictly comply with all applicable federal and state laws, rules, and regulations in effect or hereafter established, including, without limitation, laws applicable to discrimination and unfair employment practices.

F. Choice of Law. Colorado law, and rules and regulations issued pursuant thereto, shall be applied in the interpretation, execution, and enforcement of this Agreement. Any provision included or incorporated herein by reference which conflicts with said laws, rules, and regulations shall be null and void. Any provision incorporated herein by reference which

purports to negate this or any other Special Provision in whole or in part shall not be valid or enforceable or available in any action at law, whether by way of complaint, defense, or otherwise. Any provision rendered null and void by the operation of this provision shall not invalidate the remainder of this Agreement, to the extent capable of execution.

G. Binding Arbitration Prohibited. The State does not agree to binding arbitration by any extra-judicial body or person. Any provision to the contrary in this Agreement or incorporated herein by reference shall be null and void.

H. Software Piracy Prohibition. Governor's Executive Order D 002 00. State or other public funds payable under this Agreement shall not be used for the acquisition, operation, or maintenance of computer software in violation of federal copyright laws or applicable licensing restrictions. The City hereby certifies that, during the term of this Agreement and any extensions, the City has and shall maintain in place appropriate systems and controls to prevent such improper use of public funds. If the State determines that the City is in violation of this provision, the State may exercise any remedy available at law or in equity or under this Agreement, including, without limitation, immediate termination of this Agreement and any remedy consistent with federal copyright laws or applicable licensing restrictions.

I. Employee Financial Interest/Conflict of Interest. C.R.S. §§ 24-18-201 and 24-50-507. The signatories aver that to their knowledge, no employee of the State has any personal or beneficial interest whatsoever in the service or property described in this Agreement. The City has no interest and shall not acquire any interest, direct or indirect, that would conflict in any manner or degree with the performance of the City's services and the City shall not employ any person having such known interests.

J. Vendor Offset. C.R.S. §§ 24-30-202(1) and 24-30-202.4. [**Not applicable to intergovernmental agreements**] Subject to C.R.S. § 24-30-202.4 (3.5), the State Controller may withhold payment under the State's vendor offset intercept system for debts owed to State agencies for: (a) unpaid child support debts or child support arrearages; (b) unpaid balances of tax, accrued interest, or other charges specified in C.R.S. § 39-21-101, et seq.; (c) unpaid loans due to the Student Loan Division of the Department of Higher Education; (d) amounts required to be paid to the Unemployment Compensation Fund; and (e) other unpaid debts owing to the State as a result of final agency determination or judicial action.

K. Public Contracts for Services. C.R.S. § 8-17.5-101. [**Not Applicable to** agreements relating to the offer, issuance, or sale of securities, investment advisory services or fund management services, sponsored projects, **intergovernmental agreements,** or information technology services or products and services.] The City certifies, warrants, and agrees that it does not knowingly employ or contract with an illegal alien who will perform work under this contract and will confirm the employment eligibility of all employees who are newly hired for employment in the United States to perform work under this contract, through participation in the E-Verify Program or the Department program established pursuant to C.R.S. § 8-17.5-102(5)(c), the City shall not knowingly employ or contract with an illegal alien to perform work under this contract or enter into a contract with a subcontractor that fails to certify to the City that the subcontractor shall not knowingly employ or contract with an illegal alien to perform work under this contract. The City (a) shall not use E-Verify Program or

Department program procedures to undertake pre-employment screening of job applicants while this contract is being performed, (b) shall notify the subcontractor and the contracting State agency within three days if the City has actual knowledge that a subcontractor is employing or contracting with an illegal alien for work under this contract, (c) shall terminate the subcontract if a subcontractor does not stop employing or contracting with the illegal alien within three days of receiving the notice, and (d) shall comply with reasonable requests made in the course of an investigation, undertaken pursuant to C.R.S. § 8-17.5-102(5), by the Colorado Department of Labor and Employment. If the City participates in the Department program, the City shall deliver to the contracting State agency, Institution of Higher Education or political subdivision a written, notarized affirmation, affirming that the City has examined the legal work status of such employee, and shall comply with all of the other requirements of the Department program. If the City fails to comply with any requirement of this provision or C.R.S. § 8-17.5-101 et seq., the contracting State agency, institution of higher education or political subdivision may terminate this contract for breach and, if so terminated, the City shall be liable for damages.

L. Public Contracts With Natural Persons. C.R.S. § 24-76.5-101. The City, if a natural person eighteen (18) years of age or older, hereby swears and affirms under penalty of perjury that he or she (a) is a citizen or otherwise lawfully present in the United States pursuant to federal law, (b) shall comply with the provisions of C.R.S. § 24-76.5-101 et seq., and (c) has produced one form of identification required by C.R.S. § 24-76.5-103 prior to the effective date of this contract.

Remainder of Page Intentionally Blank

**Contract Control Number:** PWADM-201522456-00

**Grantor Name:** State of ColoradoDepartment of Transportation

By: See State Signature Page

Name: ______________________
(please print)

Title: ______________________
(please print)

**ATTEST: [if required]**

By: ______________________

Name: ______________________
(please print)

Title: ______________________
(please print)



**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement as of the Effective Date set forth above.

STATE OF COLORADO
John W. Hickenlooper, GOVERNOR

COLORADO DEPARTMENT OF TRANSPORTATION

By: Shailen P. Bhatt
EXECUTIVE DIRECTOR

Date: 9/3/2015

COLORADO HIGH PERFORMANCE TRANSPORTATION ENTERPRISE

By: Michael Cheroutes
DIRECTOR

Date: ____________________

COLORADO BRIDGE ENTERPRISE

By: ____________________
Title: Chief Engineer

Date: 9/3/2015

APPROVED:
Cynthia H. Coffman, ATTORNEY GENERAL

By: ____________________
ASSISTANT ATTORNEY GENERAL

Date: 9/14/2015

**ALL AGREEMENTS REQUIRE APPROVAL BY THE STATE CONTROLLER**

**C.R.S. §24-30-202 requires the State Controller to approve all State Agreements. This Agreement is not valid until signed and dated below by the State Controller or delegate. The City is not authorized to begin performance until such time. If the City begins performing prior thereto, the State of Colorado is not obligated to pay the City for such performance and/or for any goods and/or services provided hereunder.**

**STATE CONTROLLER**
**Robert Jaros, CPA, MBA, JD**

**By:** Gregory Garner

Gregory Garner, **Delegee**

**Date:** 9/14/15

**Contract Control Number:** PWADM-201522456-00

**Grantor Name:** State of ColoradoDepartment of Transportation

IN WITNESS WHEREOF, the parties have set their hands and affixed their seals at Denver, Colorado as of

SEAL

**CITY AND COUNTY OF DENVER**

ATTEST:

By See City Signature page

_______________________________

APPROVED AS TO FORM:

D. Scott Martinez, Attorney for the City and County of Denver

By_______________________________

REGISTERED AND COUNTERSIGNED:

By_______________________________

By_______________________________





SEAL

ATTEST:

**DEBRA JOHNSON,**
**Clerk and Recorder, Ex-Officio Clerk of the City and County of Denver**

**APPROVED AS TO FORM:**

**D. SCOTT MARTINEZ,**
**Attorney for the City and County of Denver**

By_______________________
**Assistant City Attorney**

**CITY AND COUNTY OF DENVER**

By_______________________
**Mayor** ACTING MAYOR

**REGISTERED AND COUNTERSIGNED:**

By_______________________
**Manager of Finance**

By_______________________
**Auditor**
**Contract Control No.** 201522456-00

**LIST OF EXHIBITS**

| | | |
|---|---|---|
| Exhibit A | - | Combined Drainage System Proposed 100-Year Protection Montclair and Park Hill Basins |
| Exhibit B | - | Schedule of City's Customary Permit Fees |
| Exhibit C | - | Property Interests State will Acquire from City |
| Exhibit D | - | Bookends Related to Lid Cover |
| Exhibit E | - | Neighborhood Street Improvements |
| Exhibit F | - | Slip Ramps and Bypass Lanes included in Denver's Preferred Alternative 2C |
| Exhibit G | - | Base Lid Cover |
| Exhibit H | - | Cover with Currently-Discussed Enhancements |
| Exhibit I | - | Estimated $30 Million I-25 Santa Fe/Alameda Project in the Next Round of TIP Requests to Denver Regional Council of Governments |
| Exhibit J | - | Proposed TIGER Grant Application for City's I-25 and Broadway Project |
| Exhibit K | - | City and County of Denver I-70 East Project Document Review Process |

# EXHIBIT A

## Combined Drainage System Proposed 100-Year Protection
## Montclair and Park Hill Basins

# EXHIBIT A


CDOT/CCD I-70 PCL
COMBINED DRAINAGE SYSTEM
PROPOSED 100-YEAR PROTECTION
MONTCLAIR AND PARK HILL BASINS
Revised 2015-06-16
Concept Plan
Subject To Change
CDOT Residual Drainage Detention Pond 7
CDOT I-70 On Site Drainage Outfall
Existing Park Hill Storm Drain
TBDP Park Hill Storm Drain, 400 cfs
EADP Storm Drain/Open Channel Outfall Area, 2,521 cfs Operational by 12/1/2017 (CDOT provided flow rates added)
Residual Drainage Pipe
Vasquez Blvd
CDOT Residual Drainage Pipe
CDOT Residual Drainage Pipe and Detention
I-70
Brighton Boulevard Residual Drainage Pipe, 421 cfs Operational by 12/1/2017 To be designed and constructed by CCD as part of the EADP
CDOT Residual Drainage Detention Pond 6
TBDP Golf Course Detention Pond 113 Acre-Feet
Smith Road
TBDP Monroe St. Storm Drain, 150 cfs
South Platte River
EADP
Existing RTD East Corridor Storm Drain
TBDP 40th Avenue Storm Drain, 517 cfs
TBDP
40th Avenue
Existing RTD East Corridor Strorm Drain
TBDP 38th Avenue Storm Drain, 743 cfs
EADP Storm Drain Area 2,100 cfs Operational by 9/1/2019
Existing 120" Brick Utilize, 1,200 cfs
TBDP Open Channel 2,100 cfs
TBDP 39th Avenue Storm Drain 618 cfs
TBDP 39th Avenue Storm Drain, 393 cfs
TBDP Detention Pond/Open Space
This concept plan represents approximate sizes, locations, and flow rates. All proposed improvements are subject to change as design of the EADP, the TBDP, and the I-70 Reconstruction Project progresses.
Two Basin Drainage Project (TBDP) To be operational by 9/1/2019
CDOT Residual Drainage Pipe Not part of EADP or TBDP
EADP includes ROW required for TBDP.
Colorado Boulevard
Existing Storm Drains
Horiz. Diam. 0 - 18 in.
Horiz. Diam. 18 - 30 in.
Horiz. Diam. 30 - 48 in.
Horiz. Diam. 48 - 60 in.
Horiz. Diam. >60 in.
Proposed Improvements
Proposed Pipes
Proposed Detention Area (Boundaries to be determined)
Proposed Open Channel
Proposed Storm Drain Area (Alignments to be determined)
0 500 1,000 Feet
DENVER
Enginuity

**EXHIBIT B**

**Schedule of City's Customary Permit Fees**

# EXHIBIT B

***CCD Fees for I-70 East Project***

| *Name of Fee* | *Typical Cost* | *Waived for I-70 East?* | *Notes* |
|---|---|---|---|
| **Public Works and Development Services** | | | |
| Plan Review - Storm & Sanitary | 2.5% of construction cost | Y | |
| Plan Review - Extension of Main Line Sewer | 2.5% of construction cost | Y | |
| Plan Review - Transportation/Roadway | $9,000 (for 600LF or greater) | Y | |
| Easement and Indemnity Agreement Process | $400 | Y | |
| Surveying Services | $150/hour | Y | |
| Plan Review - Surveying | $12,000 (50ac or greater) | Y | |
| Subdivision Processing Fee | $1,500 | Y | |
| Minor Site Plan | $600 | Y | |
| Legal Description Review | $300 | Y | |
| Address Assignment | $50 | Y | |
| ROW Construction - curb, gutter or sidewalk | $50 for first 50LF, $1 for each additional LF | Y | |
| ROW Construction - tree wells, test holes, underdrains | $50, plus $20 for each additional item | Y | |
| ROW Construction - curb cuts | $70/ea | Y | |
| ROW Construction - asphalt paving or patching | $50 for first 50LF, $1.50 for each additional LF | Y | |
| ROW Construction - concrete paving | $150 for first 50LF, $1.50 for each additional LF | Y | |
| ROW Construction - combo c/g/s | $75 for first 50LF, $1 for each additional LF | Y | |
| Advertising Bench Permit | $50 | Y | |
| Banner Permit | $100 | Y | |
| Kiosk Permit | $200 | Y | |
| Shelter Permit | $200 | Y | |
| Parking Meter Occupancy | $15 - $50 | Y | |
| Emergency Truck Tag | $20 | Y | |
| Special Parking Tag | $0 | Y | |
| Truck Loading Tag | $100 | Y | |
| Sewer Use & Drainage Permit (SUDP) | $100/permit | Y | |
| CASDP/Erosion Control Permit | $200 plus $25/ac | Y | |
| Sewer Tap Fees (Metro and SAFE) | Variable - per current fee schedule on web | [illegible] | These are pass-through fees |
| Fees to Denver Water and other External Agencies | Varies | [illegible] | Pass-through fees cannot be waived by CCD |
| Revocable Street Occupancy Permit | Varies by scope | Y | |
| Street Cut Permits | Varies by scope | Y | |
| Transit Amenities - benches, kiosks, shelters with ads | $200 | Y | |
| Transit Amenities - benches, kiosks, shelters without ads | waived for CDOT & RTD | Y | |
| Temporary Sign | $50 | Y | |
| Encroachments/MEPs | Per PW Rules & Regs - initial and annual | Y | |
| Overweight & Oversize Moving Permit | $25/permit + $25/administrative | Y | |
| Easement Relinquishment | $1,000 plus $300 additional fee after posting | Y | |
| Vacation | $1,000 plus $300 additional fee after posting | Y | |
| Street Name Change | $1,000 plus $300 additional fee after posting | Y | |
| Utility Plan Review Fee | $160-$1,000 based on LF | Y | |
| Sewer Inspections - construction/connection/repair | $55/hr/inspector | Y | |
| TV Inspection | $210/hr/crew | Y | |
| TV Sealing | $255/hr/crew | Y | |
| Construction Inspection | $55/hr/inspector | Y | |
| Special Inspection Services | $55/hr/inspector | Y | |
| Off-Hours Inspection Surcharge | $100 | Y | |
| Major Site Plan Review | $500-$50,000 based on acreage | Y | |
| Industrial Site Plan Review | $250 | Y | |
| Parking Lot Landscape Plan Review | $250 | Y | |
| Minor Site Plan Amendment or Mod | $100 | Y | |
| Comprehensive Sign Plan | $500 | Y | |
| Transfer of Development Rights | $75-$1,500 | Y | |
| Building - Permit Fee | Per Building Code Policy ADMIN 138 | [illegible] | Fees req'd in current Denver Building Code (2012 as amended) |
| Building - Plan Review Fee | Per Building Code Policy ADMIN 139 | [illegible] | Fees req'd in current Denver Building Code (2012 as amended) |
| Building - Foundation Only Permits | Per Building Code Policy ADMIN 140 | [illegible] | Fees req'd in current Denver Building Code (2012 as amended) |
| Building - Phased Construction Permits | Per Building Code Policy ADMIN 141 | [illegible] | Fees req'd in current Denver Building Code (2012 as amended) |
| Building - Design-Build Construction Permits | Per Building Code Policy ADMIN 142 | [illegible] | Fees req'd in current Denver Building Code (2012 as amended) |
| Building - Appeals, Applications and Other Admin | Per Building Code Policy ADMIN 143 | [illegible] | Fees req'd in current Denver Building Code (2012 as amended) |
| **Planning & Zoning** | | | |
| Annexation/Minor Boundary Adjustment | $100 | Y | |
| Rezoning | $1,000-$50,000 based on scope | Y | |
| Text Amendment | $500 | Y | |
| GDP Review | Per GDP Rules & Regs | Y | |
| Zoning Permit for Development | Based on Valuation | Y | |
| Zoning Lot Amendment | $50 | Y | |
| Zoning Use Permit | Varies based on type | Y | |
| Special Event Parking | $25/event plus $1/vehicle over 20 cars | Y | |
| Mobile Food Vendor | $50 | Y | |
| Temp. Outdoor Retail Sales | $50/event | Y | |
| Zoning Compliance Letter | $50 | Y | |
| Sign Permit | $25 | Y | |
| Home Occupation | $20 | Y | |
| Outdoor General Advertising Devices | $225 plus $225 annually | Y | |
| Design and Application Review | $100 | Y | |
| Admin Exception for Historic Structures | $75 | Y | |
| Zoning Permit in Historic District | $75 | Y | |
| Code Interpretation | $100 (waived with application) | Y | |
| Variances | Per BOA Fee Schedule | Y | |
| Appeal of Administrative Decision | Per BOA Fee Schedule | Y | |
| Over Height Fence | $100 | Y | |

| | | | |
|---|---|---|---|
| Non-conforming use/structure application | $100 | Y | |
| Installing of an AC unit in a setback | $100 | Y | |
| Storage of RV | $100 | Y | |
| Misc. Zoning Administrator Reviews | $100 | Y | |
| App. For Preservation Designation (owner) | $250 | Y | |
| App. For Preservation Designation (non-owner) | $875 | Y | |
| App. For a Certificate of Non-historic Status | $250 | Y | |
| Administrative PUD Amendment | $100 | Y | |
| **Parks & Rec** | | | |
| Forestry Plan Review | $65 | Y | |
| Forestry Planting Permit | none | Y | |
| Forestry Demo Permit | none | Y | |
| P&R Construction and Access Permit | none | Y | |
| **Fire** | | | |
| Various | Per Fire Dept fee schedule on web | Y | |

# EXHIBIT C

## Property Interests State will Acquire from City

**EXHIBIT C**
**Property Interests State will Acquire from City**

| Description | | * Area (AC) | Area (SF) |
|---|---|---|---|
| South Platte River to End of Viaduct | | | |
| | Fee Acquisition - Denver ROW (under I-70 Viaduct) | 17.1 | 743,269 |
| | Fee Acquisition - Denver ROW (outside I-70 Viaduct) | 11.7 | 509,865 |
| | Fee Acquisition - Denver property | 1.6 | 70,994 |
| | Permanent Easement | 4.0 | 172,062 |
| | Temporary Easement | 7.9 | 342,077 |
| | | | |
| End of Viaduct to Quebec Street | | | |
| | Fee Acquisition - Denver ROW (on-grade I-70 alignment) | 38.6 | 1,681,277 |
| | Fee Acquisition - Denver ROW (outside I-70 alignment) | 27.4 | 1,193,797 |
| | Temporary Easement | 11.6 | 503,493 |
| | *Total* | *119.90* | |
| | | | |
| Estimated Administrative Acquisition Costs: | | $1,500,000 | |
| | | | |
| **Negotiated Price:** | | **$25,700,000** | |

Notes:
* Timing of the transaction assumed at closing for land which is about Final RFP planned for May 2016
* Reference ROW maps dated March 31, 2015

**EXHIBIT D**

**Bookends Related to Lid Cover**