**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

---

KYLE ZEPPELIN; BRAD EVANS;
CHRISTINE O'CONNOR; KIMBERLY
MORSE; and JACQUELINE LANSING,

      Plaintiffs

v.

FEDERAL HIGHWAY
ADMINISTRATION, an administrative
agency of the United States Department of
Transportation,

      Defendant

and

COLORADO DEPARTMENT OF
TRANSPORTATION, and SHAILEN P.
BHATT, in his official capacity as Executive
Director of the Colorado Department of
Transportation

      Proposed Defendants-Intervenors

CIVIL ACTION NO. 1:17-CV-01661

---

**DECLARATION OF ANTHONY R. DEVITO IN SUPPORT OF COLORADO**
**DEPARTMENT OF TRANSPORTATION'S UNOPPOSED MOTION TO INTERVENE**

---

I, Anthony R. DeVito, being competent to make this statement and having personal

knowledge of the matters set forth herein, do swear and affirm the following:

    1.     I have been employed by the Colorado Department of Transportation ("CDOT")

since August 1991 and have served in my current role as the Central 70 Project Director since July

2015.  The Central 70 Project Director leads CDOT's efforts to procure and implement Phase 1 of the preferred alternative identified in the I-70 East Final EIS and approved in the Record of Decision, known as the Central 70 Project.   I am a licensed Professional Engineer in the State of Colorado (PE 30228 issued 2/7/1995).

2.      The Central 70 Project is integral to the continued growth and development of the Denver metropolitan area and the State of Colorado.   I-70 serves a number of important transportation functions for the state and region, including access to Denver International Airport from downtown Denver and the metropolitan area; linkage as an inner beltway between I-225 and I-270; and access to adjacent employment areas, neighborhoods, and new development centers.

3.      I-70's ability to continue serving that important transportation function for the region is in jeopardy.   I-70 between I-25 and Tower Road is one of the most heavily traveled and congested highway corridors in the region and state providing current service to over 200,000 vehicles a day.   The two-mile long viaduct that supports a section of I-70 has exceeded its expected lifespan and travel demand far exceeds the highway's existing design capacity.   Those problems will only grow worse as the structure continues to deteriorate and the Denver area's rapid population growth and economic development continue to increase travel demand.

4.      In 2003, CDOT began planning efforts to improve I-70 in coordination with the Federal Highway Administration ("FHWA") through the National Environmental Policy Act ("NEPA").   As the state lead agency for the Project under NEPA, CDOT led the efforts to design the highway improvements and prepare the Draft, Supplemental Draft, and Final Environmental Impact Statement ("EIS") for the Project.   A true and correct copy of each of those documents is available on the official Project website, http://www.i-70east.com/reports.html, which CDOT

2

maintains. CDOT and its divisions will oversee all contract requirements regarding the physical construction and operation of the Project.

5.     An order from this Court setting aside the Record of Decision for the Project could undermine more than a decade of CDOT's planning efforts. To date, CDOT has expended approximately $130 million in state funds to plan and design the improvements to I-70, purchase right of way, analyze the potential impacts of the Project, and produce the Draft, Supplemental Draft, and Final EIS. CDOT would have to expend substantial additional state funds to address any relief ordered by the Court. For example, the development of a Supplemental EIS could cost millions of dollars.

6.     Moreover, if the Project were to be delayed due to this litigation, the overall cost of the Project to CDOT and the State of Colorado would greatly increase for a variety of reasons. First, construction costs in Colorado continue to escalate at rates exceeding rates of inflation. Second, contracts for the design, construction, and financing of the project contain provisions that would require CDOT to bear many of the financial risks associated with delays from litigation, which may require renegotiation of contracts. Third, delay would also require CDOT to bear higher and longer costs of reactive repairs, possible emergency response, possible weight restrictions, and escalating maintenance on the structurally deficient I-70 viaduct.

7.     Most importantly, an order from this Court halting the Project could frustrate CDOT's ability to achieve its statutory mission, which is to meet the present and future transportation needs of the people of the State of Colorado, including the improvement of safety and mobility.

8.      CDOT therefore wishes to intervene in this case to protect its unique interests in defending the Project and ensuring that I-70 will continue to fulfill its important transportation role for the Denver metropolitan area and the State of Colorado.

I declare under penalty of perjury that the foregoing is true and correct.

Anthony R. DeVito, P.E.

Executed this 18th day of August 2017, at Denver, Colorado.

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of August, 2017, I electronically filed the foregoing

document with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following email addresses:

Melissa A. Hailey
Aaron D. Goldhamer
Keating Wagner Polidori Free, P.C.
1290 Broadway, Suite 600
Denver, CO 80203
(303) 534-0401
(303) 534-8333
mah@keatingwagner.com
agoldhamer@keatingwagner.com

James Jay Tutchton
Tuchton Law Office
6439 East Maplewood Avenue
Centennial, CO 80111
(720) 301-3843
jtuchtontlo@gmail.com

Carter F. Thurman
Mayte Santacruz
U.S. Department of Justice
Env't & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
(202) 305-0465 (phone)
(202) 305-0506 (fax)
carter.thurman@usdoj.gov
mayte.santacruz@usdoj.gov

/s/ *Nicholas A. DiMascio*
NICHOLAS A. DIMASCIO