**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

No. 1:17-cv-01661

———————————————————————    )
                                     )
KYLE ZEPPELIN, et al.,               )
                                     )
            Plaintiffs,              )
                                     )
        v.                           )
                                     )
FEDERAL HIGHWAY ADMINISTRATION,      )    **UNOPPOSED MOTION TO**
                                     )    **CONSOLIDATE**
            Defendant,               )
                                     )
        v.                           )
                                     )
COLORADO DEPARTMENT OF               )
TRANSPORTATION, et al.               )
                                     )
            Defendant-Intervenors.   )
———————————————————————    )

## FEDERAL DEFENDANT'S UNOPPOSED MOTION TO CONSOLIDATE

Pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 42.1, and in the interests of judicial economy, the Federal Highway Administration ("FHWA") hereby moves for an order procedurally consolidating this case, *Zeppelin et al. v. Federal Highways Administration*, No. 1:17-cv-01661 (D. Colo., filed July 9, 2017), with *Sierra Club et al. v. Chao et al.*, No. 1:17-cv-01679 (D. Colo., filed July 10, 2017). Pursuant to Local Rule 7.1(a), *Zeppelin*, which was the first case filed, would be designated the lead case, to which future filings relevant to either case would be made.

FHWA hereby certifies under this Court's Local Rule 7.1(a) that the parties in the related cases have collectively discussed, via telephone and email, the issue of consolidation of the two cases. Plaintiffs in both *Zeppelin* and *Sierra Club* consent to the consolidation. Undersigned

counsel for FHWA has conferred with counsel for Defendant-Intervenor Colorado Department of Transportation ("CDOT") who states that Colorado also consents to consolidation.

The proposed consolidation would be for purposes of filing the administrative record and case management only. Each party still would file separate briefs for each case, and would have separate time for argument at any hearings. This motion seeks consolidation on the grounds that: (1) the cases involve one or more common issues of law or fact; (2) the cases all challenge the same federal agency action and should be determined on the same administrative record; and (3) consolidation will be efficient for the Court and the parties.

## I.      FACTUAL BACKGROUND

In January 2016, FHWA and CDOT issued a Final Environmental Impact Statement and Section 4(f) Evaluation ("FEIS") for Phase 1 of the Partial Covered Lowered Alternative, identified therein as "the Central 70 Project." On February 10, 2017, FHWA published in the Federal Register a Formal Notice that it had issued its Record of Decision ("ROD") approving Phase 1 of the Central 70 Project. 82 Fed. Reg. 10430 (2017).

On July 9, 2017, Plaintiffs in *Zeppelin* filed a Complaint in Case No. 1:17-cv-01661, alleging that FHWA violated the National Environment Policy Act ("NEPA") and Section 4(f) of the Department of Transportation Act in approving the Central 70 Project. *Zeppelin* Compl. ¶1 (ECF No. 1). In their Complaint, Plaintiffs request, among other things, that this Court vacate the ROD and declare "that Defendant has violated APA [Administrative Procedures Act] § 706(2)(A) by issuing the ROD approving the Central 70 Project without first completing an adequate NEPA analysis . . . ." *Zeppelin* Compl. at ¶¶ 230, 244, 272, 282, 293, 305; *see also id.* at 73 ("Prayer for Relief" ¶ A).

A day later, on July 10, 2017, Plaintiffs in *Sierra Club* filed a Complaint in Case No. 1:17-cv-1679, alleging that FHWA violated NEPA, the Federal-Aid Highway Act, and the Clean Air Act in approving the Central 70 Project. *Sierra Club* Compl. ¶1 (ECF No. 1). Like the Plaintiffs in *Zeppelin*, Plaintiffs in *Sierra Club* request, among other things, that this Court vacate the ROD and declare that FHWA's approval of the Central 70 Project violates the APA, NEPA, the Federal-Aid Highway Act, and the Clean Air Act. *Sierra Club* Compl. at 97-98 ("Prayer for Relief" ¶¶ (D)-(G)).

Both cases were placed in the Administrative Procedure docket and assigned to Senior District Judge Wiley Y. Daniel for purposes of pre-merits management. On August 3, 2017, Judge Daniel ordered the parties in both cases to file a Joint Case Management Plan by September 8, 2017. *Zeppelin* (ECF No. 13); *Sierra Club* (ECF No. 11).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). District courts have broad discretion in deciding whether to consolidate. *American Employers' Ins. Co. v. King Resources Co.*, 545 F.2d 1265, 1269 (10th Cir. 1976); *Gillette Motor Trans. v. Northern Okla. Butane Co.*, 170 F.2d 711, 712 (10th Cir. 1950). "The purpose of Rule 42(a) is 'to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties.'" *Skaggs v. Level 3 Commc'ns, Inc.*, 2009 WL 458682, at *1 (D. Colo. Feb. 24, 2009) (*quoting Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366,

367 (D. Colo. 2004)).  In ruling on a motion to consolidate, "[t]he court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." *Emp'rs Mut. Cas. Co. v. W. Skyways, Inc.*, 2010 WL 2035577, at *1 (D. Colo. May 21, 2010).

## III.    ARGUMENT

Consolidating the *Zeppelin* and *Sierra Club* cases satisfies the legal standard for consolidation and simply makes sense.  First, both cases involve one or more common issues of law or fact because Plaintiffs in both cases challenge the same agency action under the APA. Second, both cases will be decided on the same administrative record, which is voluminous. Third, because both cases involve the same record, it is efficient to have one district judge review that record in both cases.  It also is efficient to have the same judge decide any issues related to the administrative record in order to ensure that there is no inconsistency between the cases. As this Court has found, the "purpose of Rule 42(a) is 'to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties.'" *Skaggs v. Level 3 Commc'ns, Inc.*, 2009 WL 458682, at *1 (D. Colo. Feb. 24, 2009) (*quoting Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004)).  Here, each of the cases arises out of the same operative facts and raise similar legal issues. Both cases challenge the FHWA's issuance of the ROD selecting the Preferred Alternative, Phase I (the "Central 70 Project") for the I-70 East Project.  While each of the plaintiff groups have somewhat different interests and reasons for challenging the ROD and FEIS, both cases involve the issue of whether the FHWA acted in an arbitrary or capricious manner, or contrary to law, in selecting the preferred alternative.  Moreover, the fact that separate questions arise under the same administrative record

does not counsel against consolidation.  *See Bravos v. United States Bureau of Land Mgmt.*, No. CIV 09-37 RB/LFG, 2009 WL 10664475, at *4 (D.N.M. Aug. 19, 2009).  Put another way, "these two claims [are not] so diverse as to compel the conclusion that they ought to be heard in two different lawsuits, by two different judges."  *Id.*

Each of these cases also challenge the same federal agency action and should be determined on the same administrative record.  Because both cases involve the same administrative record, consolidating them will ease the burden on the parties of compiling, producing, and reviewing the record.  This Court should review the FEIS, ROD and individual environmental assessments only once to determine compliance with NEPA and consider only once whether FHWA's decision complies with NEPA, rather than making the same decisions in a piecemeal fashion in separate actions.  Consolidation would allow this Court to have a complete picture of the case and consider all the relevant issues at the same time.

Finally, consolidation would conserve the Court's and the parties' resources.  The administrative record in both cases will be the same.  Consolidation would avoid compiling and reviewing two separate records, as well as separate arguments regarding the same issues.  The same judge should hear any objections to the record to avoid judicial review of the same agency decision under different records.  Moreover, consolidation would avoid any inconsistencies in the record.

Furthermore, because both cases are in their initial stages, consolidating the cases will not prejudice any party.  The cases were filed around the same time and are at the early stage of the proceedings.  *See Emp'rs Mut. Cas. Co.*, 2010 WL 2035577, at *1 (D. Colo. May 21, 2010) ("The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause."). Neither case will

involve summary judgment procedures or trial. *See Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579-80 (10th Cir. 1994). Rather, both cases will involve briefing on the merits, likely oral argument, and a decision by the Court on the merits. Under these circumstances, consolidation will result in efficiencies for the Court and little, if any, inconvenience, delay, or additional expense to the parties.

## IV.    Scope of Requested Consolidation – Case Management Purposes Only

These cases were filed one day apart, arise from the same agency record of decision, and have been assigned to the same judge. Each case challenges different elements of the agency decision and raises different legal questions, but each concerns the federal approval of the same project on the same administrative record. Accordingly, the cases should be consolidated to ensure they proceed on similar schedules. FHWA further believes that when the designation of either *Zeppelin* or *Sierra Club* as an AP case is terminated and assigned under D.C.COLO.LCivR 40.1, either before or after pre-merits management, both cases should be assigned to the same Judge under D.C.COLO.LCivR 40.1   Moreover, To that end, and for the convenience of the parties and the Court, FHWA respectfully requests consolidation of the cases for all case management purposes, such that filings applicable to both cases may be filed on a single docket. Pursuant to D.C.COLO.LCivR 42.1, the lead docket would be that of the first-filed action, *Zeppelin et al. v. Federal Highways Administration*, No. 1:17-cv-01661 (D. Colo., filed July 9, 2017).

The proposed consolidation would be for purposes of filing the administrative record and case management only. Thus, the proposed consolidation would not require the parties to file joint briefs, and would allow the parties to have separate time for argument at the hearings. In this regard, it is well-established that "consolidation is permitted as a matter of convenience and

economy in administration, but does not merge the suits into a single cause, or change the rights

of the parties, or make those who are parties in one suit parties in another." *Johnson v.*

*Manhattan Ry. Co.,* 289 U.S. 479, 496-97 (1933).

## V.    CONCLUSION

In sum, FHWA seeks consolidation of *Zeppelin et al. v. Federal Highways*

*Administration*, No. 1:17-cv-01661 (D. Colo., filed July 9, 2017), with *Sierra Club et al. v. Chao*

*et al.*, No. 1:17-cv-01679 (D. Colo., filed July 10, 2017) for case management purposes only.

These cases involve one or more common issues of law or fact, will involve a single

administrative record, and consolidation will conserve judicial and the parties' resources.

Respectfully submitted this 8th day of September, 2017.

> JEFFREY H. WOOD
> Acting Assistant Attorney General
> Environment & Natural Resources Division
>
> BY:  /s/ *Carter F. Thurman*
> CARTER F. THURMAN (GA Bar No. 691275)
> MAYTE SANTACRUZ (CA Bar No. 259820)
> U.S. Department of Justice
> Environment and Natural Resources Division
> P.O. Box 7611
> Washington, DC 20044-7611
> (202) 305-0444 (Thurman)
> (202) 305-0465 (Santacruz)
> (202) 305-0506 (fax)
> carter.thurman@usdoj.gov
> mayte.santacruz@usdoj.gov
>
> ***Attorneys for Federal Defendants***

Of Counsel:
Brent Allen
Federal Highway Administration
Office of the Chief Counsel, Western Legal Services Division
Lakewood, Colorado
(720) 963-3692
brent.allen@dot.gov
CO Bar # 42992

## CERTIFICATE OF SERVICE

I do hereby certify that on this 8th day of September, 2017, the foregoing Federal

Defendants' Unopposed Motion to Consolidate was electronically filed with the Clerk of Court

using the CM/ECF system which will send notification of such filing to the following:

Melissa A. Hailey
Keating Wagner Polidori & Free, P.C.
1290 Broadway Suite 600
Denver , CO  80203
303-534-0401
Email:Mah@keatingwagner.Com

Aaron David Goldhamer
Keating Wagner Polidori & Free, P.C.
1290 Broadway Suite 600
Denver , CO  80203
303-534-0401
Email:Agoldhamer@keatingwagner.Com

James Jay Tutchton
Center for Biological Diversity-Centennial
6439 East Maplewood Avenue
Centennial , CO  80111
720-301-3843
Email:Jtutchton@biologicaldiversity.Org

JOHN E. PUTNAM
NICHOLAS A. DIMASCIO
KAPLAN KIRSCH &ROCKWELL LLP
1675 Broadway, Suite 2300
Denver, CO 80202
(303) 825-7000
jputnam@kaplankirsch.com
ndimascio@kaplankirsch.com

BY:  /s/ Carter F. Thurman
CARTER F. THURMAN (GA Bar No. 691275)
MAYTE SANTACRUZ (CA Bar No. 259820)
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, DC 20044-7611
(202) 305-0444 (Thurman)
(202) 305-0465 (Santacruz)

(202) 305-0506 (fax)
carter.thurman@usdoj.gov
mayte.santacruz@usdoj.gov

*Attorneys for Federal Defendants*