**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Actions Nos.    17-cv-01661-WYD
                      17-cv-01679-WYD


KYLE ZEPPELIN; BRAD EVANS; CHRISTINE O'CONNOR; KIMBERLY MORSE;
JACQUELINE LANSING; SIERRA CLUB; ELYRIA AND SWANSEA
NEIGHBORHOOD ASSOCIATION; CHAFEE PARK NEIGHBORHOOD
ASSOCIATION; and COLORADO LATINO FORUM;

        Plaintiffs,

    v.

FEDERAL HIGHWAY ADMINISTRATION, ELAINE CHAO, in her official capacity as
Secretary of Transportation; and JOHN M. CARTER; in his official capacity as Division
Administration,

        Defendants,

    v.

COLORADO DEPARTMENT OF TRANSPORTATION, et al.

        Defendant-Intervenors.

---

**FEDERAL HIGHWAY ADMINISTRATION'S ANSWER TO ZEPPELIN**
**PLAINTIFFS' FIRST AMENDED PETITION FOR REVIEW**

---

COMES NOW the Federal Highway Administration ("FHWA"), by and through the

undersigned counsel, to respond to the correspondingly numbered paragraphs of the First

Amended Petition for Review of Agency Action ("Amended Petition") filed by Plaintiffs Kyle

Zeppelin, Brad Evans, Christine O'Conner, Kimberly Morse, Jacqueline Lansing, and Janet

Feder ("Plaintiffs") as follows:

**PRELIMINARY STATEMENT**

1.     The allegations in Paragraph 1 constitute Plaintiffs' characterization of their case

and conclusions of law to which no response is required.  To the extent a response is required,

FHWA admits that Plaintiffs allege claims for violations of the Administrative Procedures Act ("APA"), National Environmental Policy Act ("NEPA"), and Section 4(f) of the U.S. Department of Transportation Act ("Section 4(f)"), but denies the remaining allegations and specifically denies that Plaintiffs are entitled to any relief under the cited statutes.

2.      FHWA admits the allegations in Paragraph 2.

3.      The allegations in Paragraph 3 purport to characterize NEPA, and as such constitute conclusions of law to which no response is required.  NEPA speaks for itself and provides the best evidence of its contents.  To the extent that the allegations in this Paragraph are inconsistent with NEPA, FHWA denies the allegations.

4.      The allegations in Paragraph 4 purport to characterize NEPA and its implementing regulations.  NEPA and its implementing regulations speak for themselves and provide the best evidence of their contents.  To the extent that the allegations in this Paragraph are inconsistent with NEPA or its implementing regulations, FHWA denies the allegations.

5.      The allegations in Paragraph 5 purport to characterize NEPA and its implementing regulations.  NEPA and its implementing regulations speak for themselves and provide the best evidence of their contents.  To the extent that the allegations in this Paragraph are inconsistent with NEPA or its implementing regulations, FHWA denies the allegations.

6.      The allegations in Paragraph 6 purport to characterize NEPA and its implementing regulations.  NEPA and its implementing regulations speak for themselves and provide the best evidence of their contents.  To the extent that the allegations in this Paragraph are inconsistent with NEPA or its implementing regulations, FHWA denies the allegations.

7.      The allegations in Paragraph 7 purport to characterize Section 4(f) and its implementing regulations.  Section 4(f) and its implementing regulations speak for themselves

and provide the best evidence of their contents.  To the extent that the allegations in this Paragraph are inconsistent with Section 4(f) or its implementing regulations, FHWA denies the allegations.

8.      FHWA admits the allegations in the first sentence of Paragraph 8.  With respect to the second and third sentences, FHWA admits that the Central 70 Project proposes to remove the aging 53-year old viaduct and avers that the project proposes to reconstruct a 10-mile stretch of I-70 east of downtown, add one new Express Lane in each direction, lower the interstate between Brighton and Colorado boulevards, and place a 4-acre park over a portion of the lowered interstate by Swansea Elementary School.  FHWA denies the remaining allegations in the second and third sentences of Paragraph 8, which constitute Plaintiffs' characterization of their case.

9.       FHWA admits the allegations in the first sentence of Paragraph 9.  FHWA denies the allegations in the second and third sentences, which are vague and subjective characterizations of the roles of these parties in the project.

10.      FHWA admits the allegations in Paragraph 10.  The allegations in Footnote 1 purport to characterize CERCLA regulations, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in this Paragraph are inconsistent with the CERCLA regulations, FHWA denies the allegations.

11.      The allegations in Paragraph 11 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, FHWA denies the allegations.

12.      The allegations in Paragraph 12 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, FHWA denies the allegations.

13.     The allegations in Paragraph 13 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, FHWA denies the allegations.  Specifically, FHWA denies any allegation that it violated applicable law.

14.     The allegations in the first sentence of Paragraph 14 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, FHWA denies the allegations.  FHWA admits the allegations in the second sentence of Paragraph 14 and the allegations in Footnote 2.

15.     FHWA denies the allegations in the first sentence of Paragraph 15, and admits the allegations in the second sentence of this Paragraph.

16.     FHWA admits the allegations in the first sentence of Paragraph 16.  The allegations in the second sentence of this Paragraph are vague and ambiguous, and FHWA denies the allegations on that basis.  FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in third sentence of this Paragraph and denies the allegations on that basis.

17.     FHWA denies the allegations in Paragraph 17.

18.     FHWA denies the allegations in Paragraph 18.

19.     The allegations in Paragraph 19 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, FHWA denies the allegations.  Specifically, FHWA denies any allegation that it violated applicable law.

20.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 20 and denies the allegations on that basis.

4

21.     FHWA denies the allegations in Paragraph 21 and avers that a portion of the P2PH Project was included in the scope of the FEIS: the Brighton Box Culvert and the GLO. FHWA further avers that the costs for the P2PH Project were not included in the cost estimate for the Central 70 Project because it is a separate and distinct project.

22.     The allegations in Paragraph 22 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, FHWA denies the allegations.  Specifically, FHWA denies any allegation that it violated applicable law.

23.     The allegations in Paragraph 23 describing the geographic scope of the P2PH are vague and ambiguous, and FHWA denies the allegations on that basis.

24.     FHWA admits the allegations in Paragraph 24.

25.     FHWA admits the allegations in the first sentence of Paragraph 25.  FHWA further admits that current activities of the Early Action Drainage Project include construction of the Globeville Landing Outfall ("GLO"), but is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in the second sentence of this Paragraph and denies those allegations on that basis.

26.     FHWA denies the allegations in Paragraph 26.

27.     The allegations in Paragraph 27 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, FHWA denies the allegations.  Specifically, FHWA denies any allegation that it violated applicable law.

28.     FHWA admits the allegations in Paragraph 28.

29.     FHWA admits the allegations in Paragraph 29.

30.     FHWA denies the allegations in Paragraph 30 and avers that it had no duty to perform a Section 4(f) analysis regarding the City Park Golf Course.

31.     FHWA denies the allegations in Paragraph 31 and avers that it had no duty to perform a Section 4(f) analysis regarding the City Park Golf Course.

32.     FHWA denies the allegations in Paragraph 32 and avers that it had no duty to perform a Section 4(f) analysis regarding the City Park Golf Course.  Specifically, FHWA denies any allegation that it violated applicable law.

33.     The allegations in Paragraph 33 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, FHWA denies the allegations.  Specifically, FHWA denies any allegation that it violated applicable law.

34.     The allegations in Paragraph 34 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, FHWA denies the allegations.  Specifically, FHWA denies any allegation that it violated applicable law.

35.     The allegations in Paragraph 35 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, FHWA denies the allegations.  Specifically, FHWA denies any allegation that it violated applicable law.

36.     The allegations in Paragraph 36 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, FHWA denies the allegations.  Specifically, FHWA denies any allegation that it violated applicable law.

37.     The allegations in Paragraph 37 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, FHWA admits that Plaintiffs allege claims for NEPA and Section 4(f) violations, but denies that Plaintiffs are entitled to the relief requested or to any other relief whatsoever.  Specifically, FHWA denies any allegation that it violated applicable law.

38.     The allegations in Paragraph 38 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, FHWA admits that Plaintiffs allege claims for NEPA and Section 4(f) violations, but denies any allegation that FHWA violated applicable law or that Plaintiffs are entitled to the relief requested or to any other relief whatsoever.

## JURISDICTION AND VENUE

39.     The allegations in Paragraph 39 constitute conclusions of law to which no response is required.  To the extent a response is required, FHWA denies the allegations.

40.     The allegations in Paragraph 40 constitute conclusions of law to which no response is required.  To the extent a response is required, FHWA denies the allegations.

41.     FHWA admits the allegations in the second sentence of Paragraph 41.  The remaining allegations in this Paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, FHWA denies the allegations.

42.     The allegations in the first sentence of Paragraph 42 constitute conclusions of law to which no response is required.  To the extent a response is required, FHWA denies the allegations.  FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in the second and fifth sentences of this Paragraph, and

on that basis denies the allegations.  FHWA admits the allegations in the third, fourth, and sixth sentences of Paragraph 42.

## PARTIES

43.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in the first, second, and third sentences of Paragraph 43, and on that basis denies the allegations.  With respect to the allegations in the fourth sentence in this Paragraph, FHWA admits that Mr. Zeppelin submitted comments during the NEPA process for the Central 70 Project and opposed FHWA's approval of the Record of Decision ("ROD").

44.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 44 and denies the allegations on that basis.

45.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 45 and denies the allegations on that basis.

46.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 46 and denies the allegations on that basis.

47.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 47 and denies the allegations on that basis. FHWA denies any violations under NEPA and Section 4(f) and further denies that Plaintiffs are entitled to the relief requested or to any other relief whatsoever.

48.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in the first and second sentences of Paragraph 48 and denies the allegations on that basis.   With respect to the allegations in the third sentence, FHWA admits that Mr. Evans submitted comments during the NEPA process for the Central 70 Project and opposed FHWA's approval of the ROD.

49.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 49 and denies the allegations on that basis.

50.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 50 and denies the allegations on that basis.

51.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 51 and denies the allegations on that basis.

52.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 52 and denies the allegations on that basis. FHWA denies any violations under NEPA and Section 4(f) and further denies that Plaintiffs are entitled to the relief requested or to any other relief whatsoever.

53.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in the first and second sentences of Paragraph 53 and denies the allegations on that basis.   With respect to the allegations in the third sentence, FHWA admits that Ms. O'Connor submitted comments during the NEPA process for the Central 70 Project and opposed FHWA's approval of the ROD.

54.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 54 and denies the allegations on that basis.

55.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 55 and denies the allegations on that basis.

56.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 56 and denies the allegations on that basis.

57.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 57 and denies the allegations on that basis.

FHWA denies any violations under NEPA and Section 4(f) and further denies that Plaintiffs are entitled to the relief requested or to any other relief whatsoever.

58.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in the first and second sentences of Paragraph 58 and denies the allegations on that basis.  With respect to the allegations in the third sentence, FHWA admits that Ms. Morse submitted comments during the NEPA process for the Central 70 Project and opposed FHWA's approval of the ROD.

59.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 59 and denies the allegations on that basis.

60.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 60 and denies the allegations on that basis.

61.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 61 and denies the allegations on that basis.

62.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 62 and denies the allegations on that basis. FHWA denies any violations under NEPA and Section 4(f) and further denies that Plaintiffs are entitled to the relief requested or to any other relief whatsoever.

63.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in the first and second sentences of Paragraph 63 and denies the allegations on that basis.   With respect to the allegations in the third sentence, FHWA admits that Ms. Lansing submitted comments during the NEPA process for the Central 70 Project and opposed FHWA's approval of the ROD.

64.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 64 and denies the allegations on that basis.

65.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 65 and denies the allegations on that basis.

66.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 66 and denies the allegations on that basis.

67.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 67 and denies the allegations on that basis. FHWA denies any violations under NEPA and Section 4(f) and further denies that Plaintiffs are entitled to the relief requested or to any other relief whatsoever.

68.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 68 and denies the allegations on that basis.

69.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 69 and denies the allegations on that basis.

70.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 70 and denies the allegations on that basis.

71.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 71 and denies the allegations on that basis.

72.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 72 and denies the allegations on that basis. FHWA denies any violations under NEPA and Section 4(f) and further denies that Plaintiffs are entitled to the relief requested or to any other relief whatsoever.

73.     FHWA admits the allegations in the first sentence of Paragraph 73.  With respect to the second sentence, FHWA admits that it has the authority, subject to the limitations of Section 4(f), to support state and local governments in the design and construction of interstate highways, but denies the remaining allegations in that sentence.

74.     FHWA admits the allegations in the first sentence of Paragraph 74.  With respect to the second sentence, FHWA admits that it is the federal agency that oversees preparation of the NEPA and Section 4(f) analysis, and that it took some of the final agency actions challenged in this lawsuit by issuing the environmental analysis, including the ROD.  The remainder of the allegations in the second sentence constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, FHWA denies the allegations.  The allegations in the third sentence of this Paragraph are vague and ambiguous, and FHWA denies the allegations on that basis.

75.     FHWA admits the first sentence of Paragraph 75.  FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in the second sentence of this Paragraph and denies the allegations on that basis.

76.     FHWA admits the allegations in Paragraph 76.

77.     FHWA admits the allegations in the first sentence of Paragraph 77.  FHWA is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in this Paragraph and denies the allegations on that basis.

78.     The allegations in the fourth sentence of Paragraph 78 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, FHWA is without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence and denies the allegations on that

basis.  FHWA is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in this Paragraph and denies the allegations on that basis.

79.     Paragraph 79 requires no response.

## LEGAL BACKGROUND
## NEPA

80.     The allegations in Paragraph 80 purport to characterize NEPA and relevant case law, which speak for themselves and are the best evidence of their contents.  The Court is directed to the cited statute and case law for a true and complete statement of their contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

81.     The allegations in Paragraph 81 purport to characterize NEPA and relevant case law, which speak for themselves and are the best evidence of their contents.  The Court is directed to the cited statute and case law for a true and complete statement of their contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

82.     The allegations in Paragraph 82 purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  The Court is directed to the cited statute and regulations for a true and complete statement of their contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

83.     The allegations in Paragraph 83 purport to characterize and quote from NEPA and relevant case law, which speak for themselves and are the best evidence of their contents.  The Court is directed to the cited statute and cases for a true and complete statement of their contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

84.     The allegations in Paragraph 84 purport to characterize and quote from NEPA regulations, which speaks for itself and is the best evidence of its contents.  The Court is directed to the cited regulations for a true and complete statement of their contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

85.     The allegations in Paragraph 85 purport to characterize and quote from NEPA regulations, which speak for themselves and are the best evidence of their contents.  The Court is directed to the cited regulations for a true and complete statement of their contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

86.     The allegations in Paragraph 86 purport to characterize and quote from NEPA regulations and case law, which speak for themselves and are the best evidence of their contents.  The Court is directed to the cited regulations and case law for a true and complete statement of their contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

87.     The allegations in Paragraph 87 purport to characterize and quote from NEPA regulations, which speak for themselves and are the best evidence of their contents.  The Court is directed to the cited regulations for a true and complete statement of their contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

88.     The allegations in Paragraph 88 purport to characterize the holding of a case, which speaks for itself and is the best evidence of its contents.  The Court is directed to the cited case for a true and complete statement of its contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

89.     The allegations in Paragraph 89 purport to characterize the holding of several cases, which speak for themselves and are the best evidence of their contents.  The Court is

directed to the cited cases for a true and complete statement of their contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

90.     The allegations in Paragraph 90 purport to characterize and quote from NEPA regulations and relevant case law, which speak for themselves and are the best evidence of their contents.  The Court is directed to the cited regulations and case for a true and complete statement of their contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

91.     The allegations in Paragraph 91 purport to characterize and quote from NEPA regulations, which speak for themselves and are the best evidence of their contents.  The Court is directed to the cited regulations for a true and complete statement of their contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

92.     The allegations in Paragraph 92 purport to characterize NEPA regulations, which speak for themselves and are the best evidence of their contents.  The Court is directed to the cited regulations for a true and complete statement of their contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

93.     The allegations in Paragraph 93 purport to characterize and quote from NEPA regulations, which speak for themselves and are the best evidence of their contents.  The Court is directed to the cited regulations for a true and complete statement of their contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

94.     The allegations in Paragraph 94 purport to characterize and quote from NEPA regulations and relevant case law, which speak for themselves and are the best evidence of their contents.  The Court is directed to the cited regulations and cases for a true and complete

statement of their contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

95.     The allegations in Paragraph 95 purport to characterize the holding of two cases, which speak for themselves and are the best evidence of their contents.  The Court is directed to the cited cases for a true and complete statement of their contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

## Section 4(f) of the Department of Transportation Act

96.     The allegations in Paragraph 96 purport to characterize Section 4(f) and its implementing regulations, which speak for themselves and are the best evidence of their contents.  The Court is directed to Section 4(f) and its implementing regulations for a true and complete statement of their contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

97.     The allegations in Paragraph 97 purport to characterize Section 4(f) and its implementing regulations, which speak for themselves and are the best evidence of their contents.  The Court is directed to Section 4(f) and its implementing regulations for a true and complete statement of their contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

98.     The allegations in Paragraph 98 purport to characterize FHWA's Section 4(f) regulations, which speak for themselves and are the best evidence of their contents.  The Court is directed to the cited regulations for a true and complete statement of their contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

99.     The allegations in Paragraph 99, including the allegations in subparagraphs (a) through (f), purport to characterize and quote FHWA's Section 4(f) regulations, which speak for

16

themselves and are the best evidence of their contents.  The Court is directed to the cited regulations for a true and complete statement of their contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

100.    The allegations in Paragraph 100 purport to characterize FHWA's Section 4(f) regulations and a case, which speak for themselves and are the best evidence of their contents. The Court is directed to the cited regulations and case for a true and complete statement of their contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

101.    The allegations in Paragraph 101 purport to characterize a quote from a case, which speaks for itself and is the best evidence of its contents.  The Court is directed to the cited case for a true and complete statement of its contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

## APA

102.    The allegations in Paragraph 102 purport to characterize and quote from the APA, which speaks for itself and is the best evidence of its contents.  The Court is directed to the cited statute for a true and complete statement of its contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

103.    The allegations in Paragraph 103 purport to characterize a quote from a case, which speaks for itself and is the best of its contents.  The Court is directed to the cited case for a true and complete statement of its contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

## FACTUAL ALLEGATIONS

104.     FHWA admits the allegations in the first sentence of Paragraph 104.  The allegations in the second sentence purport to characterize FHWA's August 19, 2003 notice of intent, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the notice of intent.

105.     FHWA admits the allegations in the first sentence of Paragraph 105.  The allegations in the second and third sentences purport to characterize FHWA's June 30, 2006 notice, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the notice.

106.     The allegations in Paragraph 106 purport to characterize and quote from a federal regulation, which speaks for itself and provides the best evidence of its contents.  The Court is directed to the cited regulation for a true and complete statement of its contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

107.     FHWA admits the allegations in Paragraph 107.

108.     FHWA admits the allegations in Paragraph 108.

109.     FHWA admits the allegations in the first and second sentences of Paragraph 109. The allegations in the third sentence of this Paragraph are vague and ambiguous, and FHWA denies the allegations on that basis.

110.     FHWA admits the allegations in the first, second, and third sentences of Paragraph 110.  The allegations in the fourth sentence of this Paragraph are vague and ambiguous, and FHWA denies the allegations on that basis.

111.     The allegations in Paragraph 111 purport to depict a diagram regarding operable units within the project site created by the Environmental Protection Agency ("EPA").  The

diagram speaks for itself and is the best evidence of its contents.  The Court is directed to the EPA diagram for a true and complete statement of its contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

112.    The allegations in Paragraph 112 purport to characterize and quote from an EPA report, which speaks for itself and is the best evidence of its contents.  The Court is directed to the cited material for a true and complete statement of its contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

113.    The allegations in Paragraph 113 purport to characterize and quote from an EPA report, which speaks for itself and is the best evidence of its contents.  The Court is directed to the cited material for a true and complete statement of its contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

114.    FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 114.

115.    FHWA admits the allegations in the first sentence of Paragraph 115.  The allegations in the second sentence purport to characterize the Draft Environmental Impact Statement and Draft Section 4(f) Evaluation ("DEIS"), which speaks for itself and is the best evidence of its contents.  The Court is directed to the DEIS for a true and complete statement of its contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

116.    The allegations in Paragraph 116 purport to depict a diagram of the I-70 East Project limits, which speaks for itself and is the best evidence of its contents.  The Court is directed to the cited material for a true and complete statement of its contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

117.    FHWA admits the allegations in Paragraph 117.

118.    FHWA admits the allegations in the first and second sentences in Paragraph 118, and denies the allegations in the third sentence.

119.    FHWA denies the allegation in Paragraph 119 that it and CDOT "never analyzed" the alternative described in this Paragraph.  Furthermore, Paragraph 119 purports to depict a diagram of an alternative re-route to the existing I-70, which speaks for itself and is the best evidence of its contents.  The Court is directed to the cited material for a true and complete statement of its contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

120.    The allegations in Paragraph 120 purport to characterize the comments received on the 2008 DEIS and an uncited description of the PACT, which speak for themselves and are the best evidence of their contents.  The Court is directed to the cited material for a true and complete statement of their contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

121.    FHWA admits the allegations in Paragraph 121.

122.    FHWA admits the allegations in Paragraph 122.

123.    FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 123 and denies the allegations on that basis.

124.    FHWA admits the allegation in Paragraph 124 that CDOT entered into a Memorandum of Understanding ("MOU") with the City and Regional Transportation District. The remaining allegations in Paragraph 124 purport to characterize and quote from the MOU,

which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the MOU.

125.    The allegations in Paragraph 125 purport to characterize the MOU, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the MOU.

126.    FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 126 and denies the allegations on that basis.

127.    FHWA admits the allegation in the first sentence of Paragraph 127.  The remaining allegations in the second sentence purport to characterize a memorandum, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the cited memorandum.

128.    FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 128, including subparagraphs (a) through (f), and denies the allegations on that basis.  Furthermore, the allegations in Paragraph 128 purport to characterize a drainage feasibility evaluation, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the cited evaluation.

129.    FHWA admits the allegations in the first sentence of Paragraph 129.  The allegations in the second sentence purport to characterize the Supplemental Draft Environmental Impact Statement and Draft Section 4(f) Evaluation ("SDEIS"), which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the SDEIS.

130.     The allegations in Paragraph 130 purport to characterize the SDEIS, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the SDEIS.

131.     The allegations in Paragraph 131 purport to characterize the SDEIS, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the SDEIS.

132.     The allegations in Paragraph 132 purport to characterize and quote from the SDEIS, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the SDEIS.  The allegations in Footnote 3 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is required, FHWA denies the allegations.

133.     The allegations in Paragraph 133 purport to characterize and quote from the SDEIS, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the SDEIS.

134.     FHWA admits that the diagram in Paragraph 134 is depicted on page 3-24 of the SDEIS.  The diagram speaks for itself and is the best evidence of its contents.  The Court is directed to the cited material for a true and complete statement of its contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

135.     The allegations in Paragraph 135 purport to characterize and quote from the SDEIS, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the SDEIS.

136.     The allegations in Paragraph 136 purport to characterize the SDEIS, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are

inconsistent with the plain language and meaning of the SDEIS. With respect to the diagram included in Paragraph 136, FHWA admits that this diagram is depicted on page 5.14-5 of the SDEIS. The diagram speaks for itself and is the best evidence of its contents. The Court is directed to the cited material for a true and complete statement of its contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

137. The allegations in Paragraph 137 purport to characterize the SDEIS, which speaks for itself and is the best evidence of its contents. FHWA denies any allegations that are inconsistent with the plain language and meaning of the SDEIS.

138. The allegations in Paragraph 138, including subparagraphs (a) through (c), purport to characterize and quote from the SDEIS, which speaks for itself and is the best evidence of its contents. FHWA denies any allegations that are inconsistent with the plain language and meaning of the SDEIS.

139. FHWA admits that the diagram in Paragraph 139 is depicted on page 5.14-6 of the SDEIS. The diagram speaks for itself and is the best evidence of its contents. The Court is directed to the cited material for a true and complete statement of its contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

140. The allegations in Paragraph 140 purport to characterize the SDEIS, which speaks for itself and is the best evidence of its contents. FHWA denies any allegations that are inconsistent with the plain language and meaning of the SDEIS.

141. The allegations in Paragraph 141 purport to characterize the SDEIS, which speaks for itself and is the best evidence of its contents. FHWA denies any allegations that are inconsistent with the plain language and meaning of the SDEIS. With respect to the diagram included in Paragraph 141, FHWA admits that this diagram is depicted on page 5.18-3 of the

SDEIS.  The diagram speaks for itself and is the best evidence of its contents.  The Court is directed to the cited material for a true and complete statement of its contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

142.    The allegations in Paragraph 142 purport to characterize the SDEIS, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the SDEIS.  The allegations in Footnotes 4 and 5 purport to characterize the Comprehensive Environmental Response, Compensation and Liability Information System ("CERCLIS"), the Resource Conservation and Recovery Act ("RCRA"), and the Voluntary Cleanup Program ("VCUP").  The Court is directed to the cited material for a true and complete statement of their contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.  .

143.    The allegations in Paragraph 143 purport to characterize the SDEIS, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the SDEIS.

144.    The allegations in Paragraph 144 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is required, FHWA denies the allegations.

145.    The allegations in Paragraph 145, including subparagraphs (a) through (f), purport to characterize and quote from the SDEIS, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the SDEIS.

146.     The allegations in Paragraph 146 purport to characterize the SDEIS, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the SDEIS.

147.     The allegations in Paragraph 147 purport to characterize the SDEIS, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the SDEIS.

148.     The allegations in Paragraph 148 purport to characterize the SDEIS, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the SDEIS.

149.     The allegations in Paragraph 149 purport to characterize and quote from the SDEIS, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the SDEIS.

150.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 150 and denies the allegations on that basis.  Furthermore, the allegations in Paragraph 150 purport to characterize a published document, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the cited document.

151.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 151 and denies the allegations on that basis.  Furthermore, the allegations in Paragraph 151 purport to characterize a published document, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the cited document.

152.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 152 and denies the allegations on that basis.  Furthermore, the allegations in Paragraph 152 purport to characterize a published document, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the cited document.

153.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 153, including subparagraphs (a) through (e), and denies the allegations on that basis in Paragraph 153.  Furthermore, the allegations in Paragraph 153 purport to characterize a published document, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the cited document.

154.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 154 and denies the allegations on that basis.  Furthermore, the allegations in Paragraph 154 purport to characterize a published document, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the cited document.

155.     FHWA denies the allegations in Paragraph 155, which constitute Plaintiffs' characterizations of and conclusions about the City's project and its relationship to Central 70 Project.  Furthermore, the allegations in Paragraph 155 purport to characterize a published document, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the cited document.

156.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 156 and denies the allegations on that

basis.  Furthermore, the allegations in Paragraph 156 purport to characterize various documents (slides) regarding the Intergovernmental Agreement ("IGA"), which speak for themselves and are the best evidence of their contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the cited documents.

157.    FHWA admits the first sentence of Paragraph 157.  The allegations in the second sentence purport to characterize the Administrative Settlement Agreement, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the cited document.  FHWA denies the allegations in the third and fourth sentences in this Paragraph.

158.    FHWA admits the first sentence of Paragraph 158.  The remaining allegations in this Paragraph purport to characterize the City's Action Memorandum, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the cited document.

159.    The allegations in Paragraph 159 purport to characterize and reproduce a diagram from the City's Action Memorandum, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the cited document.

160.    FHWA admits the allegations in Paragraph 160.

161.    FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 161, including subparagraphs (a) through (c), and denies the allegations on that basis.  Furthermore, the allegations in Paragraph 161, including subparagraphs (a) through (c), purport to characterize a memorandum, which speaks

for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the cited document.

162.    FHWA admits the allegations in Paragraph 162.

163.    The allegations in Paragraph 163, including subparagraphs (a) through (o), purport to characterize the IGA, which speaks for itself and is the best evidence of its contents. FHWA denies any allegations that are inconsistent with the plain language and meaning of the cited document.

164.    FHWA admits the allegations in the first sentence of Paragraph 164.  The allegations in the second sentence purport to characterize the IGA, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the cited document.

165.    The allegations in the second sentence of Paragraph 165 purport to characterize the Final Environmental Impact Statement and Section 4(f) Evaluation ("FEIS"), which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the FEIS.  FHWA admits the remaining allegations in Paragraph 165.

166.    The allegations in Paragraph 166 purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the FEIS.

167.    FHWA admits that the FEIS states that I-70 East Project will proceed in phases, but denies the remaining allegations in Paragraph 167.  Specifically, FHWA denies that it is involved in securing funding for the project; that is CDOT's sole responsibility.

168.     FHWA admits the allegations in the first sentence of Paragraph 168.  FHWA denies the allegations in the second sentence regarding the geographic boundaries of Phase 2.

169.     The allegations in Paragraph 169 purport to characterize and quote from the FEIS, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the FEIS.

170.     The allegations in Paragraph 170 purport to characterize and quote from the FEIS, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the FEIS.

171.     FHWA admits that the diagram in Paragraph 171 is depicted on page 5.14-8 of the FEIS.  The diagram speaks for itself and is the best evidence of its contents.  The Court is directed to the cited material for a true and complete statement of its contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

172.     FHWA admits that the diagram in Paragraph 172 is depicted on page 5.14-9 of the FEIS.  The diagram speaks for itself and is the best evidence of its contents.  The Court is directed to the cited material for a true and complete statement of its contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

173.     The allegations in Paragraph 173 purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the FEIS.

174.     The allegations in Paragraph 174 purport to characterize and quote from the FEIS, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the FEIS.

175.    The allegations in Paragraph 175 purport to characterize and quote from the FEIS, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the FEIS.

176.    FHWA denies the allegations in Paragraph 176 and avers that a portion of the P2PH Project was included in the scope of the FEIS: the Brighton Box Culvert and the GLO. FHWA further avers that the costs for the P2PH Project were not included in the cost estimate for the Central 70 Project because it is a separate and distinct project.

177.    The allegations in Paragraph 177 purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the FEIS.

178.    The allegations in Paragraph 178, including subparagraphs (a) and (b), purport to characterize and quote from the FEIS, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the FEIS.

179.    The allegations in Paragraph 179 purport to characterize the SDEIS and the FEIS, which speak for themselves and are the best evidence of their contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the SDEIS and the FEIS.

180.    The allegations in Paragraph 180 purport to characterize the SDEIS and the FEIS, which speak for themselves and are the best evidence of their contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the SDEIS and the FEIS.

181.    The allegations in Paragraph 181 purport to characterize the SDEIS and the FEIS, which speak for themselves and are the best evidence of their contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the SDEIS and the FEIS.

182.     The allegations in Paragraph 182 purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the FEIS.

183.     FHWA admits the allegations in the first sentence of Paragraph 183.  The allegations in the second sentence of Paragraph 183 purport to characterize and quote from the comments submitted by the City to FHWA on the FEIS, which speak for themselves and are the best evidence of their contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the comments.

184.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 184 and denies the allegations on that basis.  Furthermore, the allegations in Paragraph 184 purport to characterize a public report, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the cited document.

185.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 185, including subparagraphs (a) through (c) [sic], and denies the allegations on that basis.  Furthermore, the allegations in Paragraph 185, including subparagraphs (a) through (c) [sic], purport to characterize the Conceptual Planning Document, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the cited document.

186.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 186 and denies the allegations on that basis.  Furthermore, the allegations in Paragraph 186 purport to characterize the Conceptual Planning Document, which speaks for itself and is the best evidence of its contents.  FHWA

denies any allegations that are inconsistent with the plain language and meaning of the cited document.

187.    FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 187, including subparagraphs (a) and (b), and denies the allegations on that basis.  Furthermore, the allegations in Paragraph 187, including subparagraphs (a) and (b), purport to characterize the Conceptual Planning Document, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the cited document.

188.    FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 188 and denies the allegations on that basis.  Furthermore, the allegations in Paragraph 188 purport to characterize the Conceptual Planning Document, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the cited document.

189.    FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 189, including subparagraphs (a) and (b), and denies the allegations on that basis.  Furthermore, the allegations in Paragraph 189, including subparagraphs (a) and (b), purport to characterize the Conceptual Planning Document, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the cited document.

190.    FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 190 and denies the allegations on that basis.  Furthermore, the allegations in Paragraph 190 purport to characterize the Conceptual

Planning Document, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the cited document.

191.    FHWA admits the allegations in Paragraph 191.

192.    FHWA admits the allegations in Paragraph 192.

193.    The allegations in Paragraph 193 purport to characterize and quote from the ROD, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the ROD.

194.    The allegations in Paragraph 194 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the ROD.

195.    FHWA admits that the diagram in Paragraph 195 is depicted on page 130 of the ROD.  The diagram speaks for itself and is the best evidence of its contents.  The Court is directed to the cited material for a true and complete statement of its contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

196.    FHWA admits that the diagram in Paragraph 196 is depicted on page 131 of the ROD.  The diagram speaks for itself and is the best evidence of its contents.  The Court is directed to the cited material for a true and complete statement of its contents, and to the extent the allegations are inconsistent with such material, FHWA denies the allegations.

197.    FHWA denies the allegations in the first sentence of Paragraph 197.  FHWA admits the allegations in the second sentence of Paragraph 197.

198.    The allegations in Paragraph 198 purport to characterize and quote from the FEIS, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the FEIS.

199.    The allegations in Paragraph 199 purport to characterize and quote from the ROD, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the ROD.

200.    The allegations in Paragraph 200, including subparagraphs (a) through (c), purport to characterize and quote from the ROD, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the ROD.

201.    The allegations in Paragraph 201 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the ROD.

202.    The allegations in Paragraph 202, including subparagraphs (a) through (c), purport to characterize and quote from the ROD, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the ROD.

203.    The allegations in Paragraph 203 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the ROD.

204.    The allegations in Paragraph 204 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the ROD.

205.     The allegations in Paragraph 205 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the ROD.

206.     The allegations in Paragraph 206 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the ROD.

207.     The allegations in Paragraph 207 purport to characterize and quote from the ROD, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the ROD.

208.     FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 208 and denies the allegations on that basis

209.     FHWA denies the allegations in Paragraph 209 and avers that the scope of the Central 70 Project described in the ROD includes a portion of the P2PH Project: the Brighton Box Culvert and the GLO.

210.     FHWA denies the allegations in Paragraph 210 and avers that the scope of the Central 70 Project described in the ROD includes a portion of the P2PH Project: the Brighton Box Culvert and the GLO.

211.     The allegations in Paragraph 211 purport to characterize the FEIS and the ROD, which speak for themselves and are the best evidence of their contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the FEIS and the ROD.

212.    The allegations in Paragraph 212 purport to characterize the FEIS and the ROD, which speak for themselves and are the best evidence of their contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the FEIS and the ROD.

213.    The allegations in Paragraph 213 purport to characterize the FEIS and the ROD, which speak for themselves and are the best evidence of their contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of the FEIS and the ROD.

**FIRST CLAIM FOR DECLARATORY RELIEF**
**(Violation of NEPA – Failure to Analyze Impacts)**

214.    FHWA incorporates by reference its answers to Paragraphs 1 through 213 above.

215.    The allegations in Paragraph 215 purport to characterize and quote from NEPA and NEPA regulations, which speak for themselves and are the best evidence of their contents. FHWA denies any allegations that are inconsistent with the plain language and meaning of the cited material.

216.    FHWA admits the allegations in Paragraph 216.

217.    FHWA admits the allegations in Paragraph 217.

218.    FHWA admits the allegations in Paragraph 218.

219.    The allegations in Paragraph 219 are vague and ambiguous, and FHWA denies the allegations on that basis.

220.    FHWA denies the allegations in Paragraph 220.

221.    FHWA denies the allegations in Paragraph 221 and avers that the PLC Alternative will involve more excavation and a greater probability of encountering hazardous materials than the other alternatives.

222.    FHWA denies the allegations in Paragraph 222.

223.    FHWA denies the allegations in Paragraph 223.

224.    FHWA admits the allegations in Paragraph 224.

225.    FHWA denies the allegations in Paragraph 225 and avers that remediation *may* affect the construction schedule.

226.    FHWA denies the allegations in Paragraph 226.

227.    FHWA denies the allegations in Paragraph 227.  Specifically, FHWA denies any allegation that it violated applicable law.

228.    FHWA denies the allegations in Paragraph 228.  Specifically, FHWA denies any allegation that it violated applicable law.

229.    FHWA denies the allegations in Paragraph 229.  Specifically, FHWA denies any allegation that it violated applicable law.

230.    FHWA denies the allegations in Paragraph 230.  Specifically, FHWA denies any allegation that it violated applicable law.

231.    FHWA denies the allegations in Paragraph 231 and avers that Plaintiffs are not entitled to the relief requested or to any other relief whatsoever.

## SECOND CLAIM FOR DECLARATORY RELIEF
### (Violation of NEPA – Failure to Include Mitigation Measures)

232.    FHWA incorporates by reference its answers to Paragraphs 1 through 231 above.

233.    The allegations in Paragraph 233 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of NEPA.

234.    FHWA admits the allegations in Paragraph 234.

235.    The allegations in Paragraph 235 are vague and ambiguous, and FHWA denies the allegations on that basis.

236.    FHWA denies the allegations in Paragraph 236.

237.     FHWA denies the allegations in Paragraph 237 and avers that the PCL Alternative will involve more excavation and a greater probability of encountering hazardous materials than the other alternatives.

238.     FHWA denies the allegations in Paragraph 238.

239.     FHWA denies the allegations in Paragraph 239.  Specifically, FHWA denies any allegation that it violated applicable law.

240.     FHWA denies the allegations in Paragraph 240.  Specifically, FHWA denies any allegation that it violated applicable law.

241.     FHWA denies the allegations in Paragraph 241.  Specifically, FHWA denies any allegation that it violated applicable law.

242.     FHWA denies the allegations in Paragraph 242.  Specifically, FHWA denies any allegation that it violated applicable law.

243.     FHWA denies the allegations in Paragraph 243 and avers that Plaintiffs are not entitled to the relief requested or to any other relief whatsoever.

### THIRD CLAIM FOR DECLARATORY RELIEF
### (Violation of NEPA – Inaccurate Cost Estimates)

244.     FHWA incorporates by reference its answers to Paragraphs 1 through 243 above.

245.     The allegations in Paragraph 245 purport to characterize and quote from NEPA, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of NEPA.

246.     The allegations in Paragraph 246 purport to characterize and quote from NEPA, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of NEPA.

247.     FHWA denies the allegations in Paragraph 247.

248.    FHWA admits the allegations in Paragraph 248 and avers that the $1.1 billion figure is only an estimate.

249.    FHWA admits the allegations in Paragraph 249.

250.    FHWA admits the allegations in Paragraph 250.

251.    FHWA denies the allegations in Paragraph 251 and avers that hazardous materials remediation *may* affect the construction budget.

252.    FHWA denies the allegations in Paragraph 252.

253.    FHWA denies the allegations in Paragraph 253.

254.    FHWA denies the allegations in Paragraph 254.  Specifically, FHWA denies any allegation that it violated applicable law.

255.    FHWA denies the allegations in Paragraph 255.  Specifically, FHWA denies any allegation that it violated applicable law.

256.    FHWA denies the allegations in Paragraph 256.  Specifically, FHWA denies any allegation that it violated applicable law.

257.    FHWA denies the allegations in Paragraph 257 and avers that Plaintiffs are not entitled to the relief requested or to any other relief whatsoever.

## FOURTH CLAIM FOR DECLARATORY RELIEF
### (Violation of NEPA – Failure to Analyze Connected Action)

258.    FHWA incorporates by reference its answers to Paragraphs 1 through 257 above.

259.    The allegations in Paragraph 259 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of NEPA.

260.    The allegations in Paragraph 260 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of NEPA.

261.    The allegations in Paragraph 261 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of NEPA.

262.    The allegations in Paragraph 262 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of NEPA.

263.    FHWA denies the allegations in Paragraph 263.

264.    FHWA admits the allegations in Paragraph 264.

265.    FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 265 and denies the allegations on that basis.

266.    FHWA denies the allegations in Paragraph 266.

267.    FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 267 and denies the allegations on that basis.

268.    FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 268 and denies the allegations on that basis.

269.    FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 269 and denies the allegations on that basis.

270.    FHWA admits the allegations in the first sentence of Paragraph 270.  FHWA further admits that current activities of the Early Action Drainage Project include construction of GLO, but lacks sufficient information to form an opinion on the truth or accuracy of the remaining allegations in the second sentence of Paragraph 270, and denies those allegations on that basis.

271.    FHWA admits the allegations in Paragraph 271.

272.    FHWA denies the allegations in Paragraph 272.

273.    FHWA denies the allegations in Paragraph 273.

274.    FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 274 and denies the allegations on that basis.

275.    FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 275 and denies the allegations on that basis.

276.    FHWA is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 276.

277.    FHWA denies the allegations in Paragraph 277.

278.    FHWA denies the allegations in Paragraph 278 and avers that a portion of the P2PH Project was included in the scope of the FEIS: the Brighton Box Culvert and the GLO.

279.     FHWA denies the allegations in Paragraph 279 and avers that a portion of the P2PH Project was included in the scope of the FEIS: the Brighton Box Culvert and the GLO.

280.     FHWA denies the allegations in Paragraph 280 and avers that FHWA did not analyze alternatives for construction of P2PH because the Central 70 Project and P2PH are separate and distinct projects.

281.     FHWA denies the allegations in Paragraph 281 and avers that the costs for the P2PH Project were not included in the cost estimate for the Central 70 Project because it is a separate and distinct project.

282.     FHWA denies the allegations in Paragraph 282.  Specifically, FHWA denies any allegation that it violated applicable law.

283.     FHWA denies the allegations in Paragraph 283.  Specifically, FHWA denies any allegation that it violated applicable law.

284.     FHWA denies the allegations in Paragraph 284.  Specifically, FHWA denies any allegation that it violated applicable law.

285.     FHWA denies the allegations in Paragraph 285 and avers that Plaintiffs are not entitled to the relief requested or to any other relief whatsoever.

**FIFTH CLAIM FOR DECLARATORY RELIEF**
**(Violation of NEPA – Failure to Analyze Similar Action)**

286.     FHWA incorporates by reference its answers to Paragraphs 1 through 285 above.

287.     The allegations in Paragraph 287 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of NEPA.

288.     The allegations in Paragraph 288 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of NEPA.

289.     FHWA denies the allegations in Paragraph 289.

290.     FHWA denies the allegations in Paragraph 290.

291.     FHWA denies the allegations in Paragraph 291.

292.     FHWA denies the allegations in Paragraph 292.

293.     FHWA denies the allegations in Paragraph 293.  Specifically, FHWA denies any allegation that it violated applicable law.

294.     FHWA denies the allegations in Paragraph 294.  Specifically, FHWA denies any allegation that it violated applicable law.

295.     FHWA denies the allegations in Paragraph 295 and avers that Plaintiffs are not entitled to the relief requested or to any other relief whatsoever.

## SIXTH CLAIM FOR DECLARATORY RELIEF
### (Violation of NEPA – Failure to Analyze Cumulative Impacts)

296.     FHWA denies incorporates by reference its answers to Paragraphs 1 through 295 above.

297.     The allegations in Paragraph 297 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of NEPA.

298.     The allegations in Paragraph 298 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of NEPA.

299.    The allegations in Paragraph 299 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of NEPA.

300.    FHWA denies the allegations in Paragraph 300.

301.    The allegations in Paragraph 301 are vague and ambiguous, and FHWA denies the allegations on that basis.

302.    FHWA denies the allegations in Paragraph 302.

303.    FHWA denies the allegations in Paragraph 303.

304.    FHWA denies the allegations in Paragraph 304.  Specifically, FHWA denies any allegation that it violated applicable law.

305.    FHWA denies the allegations in Paragraph 305.  Specifically, FHWA denies any allegation that it violated applicable law.

306.    FHWA denies the allegations in Paragraph 306 and avers that Plaintiffs are not entitled to the relief requested or to any other relief whatsoever.

## SEVENTH CLAIM FOR DECLARATORY RELIEF
### (Violation of Section 4(f) of the Transportation Act)

307.    FHWA incorporates by reference its answers to Paragraphs 1 through 306 above.

308.    The allegations in Paragraph 308 purport to characterize Section 4(f), which speaks for itself and is the best evidence of its contents.  FHWA denies any allegations that are inconsistent with the plain language and meaning of Section 4(f).

309.    FHWA admits the allegations in Paragraph 309.

310.    FHWA admits the allegations in Paragraph 310.

311.    FHWA admits the allegations in Paragraph 311.

312.     FHWA denies the allegations in Paragraph 312.  Specifically, FHWA denies any allegation that it violated applicable law.

313.     FHWA denies the allegations in Paragraph 313.  Specifically, FHWA denies any allegation that it violated applicable law.

314.     FHWA denies the allegations in Paragraph 314.  Specifically, FHWA denies any allegation that it violated applicable law.

315.     FHWA denies the allegations in Paragraph 315.  Specifically, FHWA denies any allegation that it violated applicable law.

316.     FHWA denies the allegations in Paragraph 316.  Specifically, FHWA denies any allegation that it violated applicable law.

317.     FHWA denies the allegations in Paragraph 317.  Specifically, FHWA denies any allegation that it violated applicable law.

318.     FHWA denies the allegations in Paragraph 318 and avers that Plaintiffs are not entitled to the relief requested or to any other relief whatsoever.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Amended Petition consists of Plaintiffs' request for relief to which no response is required.  To the extent a response is required, FHWA denies that Plaintiffs are entitled to the relief requested or any other relief whatsoever.

## GENERAL DENIAL

Except as expressly admitted herein, FHWA denies each and every allegation in Plaintiffs' Amended Petition.

## **AFFIRMATIVE DEFENSES**

1.    This Court lacks jurisdiction over some or all of Plaintiffs' claims.

2.    Plaintiffs have failed to state a claim upon which relief can be granted.

3.    Some or all of Plaintiffs' claims are moot.

4.    Some or all Plaintiffs lack standing to bring some or all of their claims.

5.    Some or all of Plaintiffs' claims are barred by the statute of limitations.

6.    Some or all of Plaintiffs' claims are not ripe and therefore do not present a case or controversy within the Court's Article III jurisdiction.

7.    Some or all of Plaintiffs' claims are barred due to their failure to exhaust administrative remedies as to some or all of their claims or have otherwise waived some or all of those claims.

8.    Some or all of the Plaintiffs' claims fail to challenge final agency action within a waiver of the United States' sovereign immunity.

## **PRAYER**

WHEREFORE, FHWA having fully answered and responded, pray that Plaintiffs' Amended Petition be dismissed, that Plaintiffs receive no relief, that all costs and expenses of this litigation be borne by Plaintiffs, and that FHWA be afforded such other relief as may be justified by the facts and the law.

Respectfully submitted this 12th day of September, 2017.

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division

BY:  /s/ Mayte Santacruz
MAYTE SANTACRUZ (CA Bar No. 259820)
CARTER F. THURMAN (GA Bar No. 691275)
United States Department of Justice

Environment and Natural Resources Division
Natural Resources Division
601 D Street, NW
Washington, DC 20004
(202) 305-0465 (Santacruz)
 (202) 305-0444 (Thurman)
 (202) 305-0506 (fax)
mayte.santacruz@usdoj.gov
carter.thurman@usdoj.gov

David A. Carson
United States Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
(303) 344-1349
David.a.carson@usdoj.gov

*Attorneys for Federal Highway Administration*

<u>Of Counsel:</u>
Brent Allen
Federal Highway Administration
Office of the Chief Counsel
Western Legal Services Division
Lakewood, Colorado
(720) 963-3692
brent.allen@dot.gov

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on this 12th day of September, 2017, the foregoing Federal High

Administration's Answer to Plaintiffs' First Amended Petition for Review was electronically

filed with the Clerk of Court using the CM/ECF system which will send notification of such

filing to the following:

Melissa A. Hailey
Aaron D. Goldhamer
Keating Wagner Polidori Free, P.C.
1290 Broadway, Suite 600
Denver, CO 80203
(303) 534-0401
mah@keatingwagner.com
agoldhamer@keatingwagner.com

James Jay Tutchton
Tutchton Law Office
6439 East Maplewood Avenue
Centennial, CO 80111
(720) 301-3843
jtutchtontlo@gmail.com

John E. Putnam
Nicholas A. DiMascio
Kaplan Kirsch & Rockwell LLP
1675 Broadway, Suite 2300
Denver, CO  80202
(303) 825-7000
jputnam@kaplankirsch.com
ndimascio@kaplankirsch.com

Brent E. Butzin
Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6638
Brent.Butzin@coag.gov

BY:  /s/ Mayte Santacruz
MAYTE SANTACRUZ