## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action Nos.     17-cv-01661-MJW
                        17-cv-01679-MJW

KYLE ZEPPELIN; BRAD EVANS; CHRISTINE O'CONNOR; KIMBERLY MORSE; JACQUELINE LANSING; JANET FEDER; SIERRA CLUB; ELYRIA AND SWANSEA NEIGHBORHOOD ASSOCIATION; CHAFEE PARK NEIGHBORHOOD ASSOCIATION; AND COLORADO LATINO FORUM,

          Plaintiffs,
   v.

FEDERAL HIGHWAY ADMINISTRATION, ELAINE CHAO, in her official capacity as Secretary of Transportation; and JOHN M. CARTER, in his official capacity as Division Administrator,

          Defendants,
   v.

COLORADO DEPARTMENT OF TRANSPORTATION, and SHAILEN P. BHATT, in his official capacity as Executive Director of the Colorado Department of Transportation,

          Defendant-Intervenors.

---

## FEDERAL HIGHWAY ADMINISTRATION'S RESPONSE TO ZEPPELIN PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION/MOTION FOR STAY

---

An injunction is "an extraordinary remedy" that may only be awarded upon a clear showing that the plaintiff is likely to succeed on the merits of its claims, will suffer irreparable harm if the injunction is denied, the balance of equities tips in its favor, and the injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008).[1]  All four factors must be met.  *See id.*  Plaintiffs here have met none and their motion should be denied.

No Likelihood of Success on the Merits.  First, Plaintiffs' claims suffer from jurisdictional deficiencies that cannot be overcome.  As explained in the Federal Highway Administration's ("FHWA") Motion to Dismiss,[2] Plaintiffs' Claims 4, 5, and 7, which are

---

[1] The same standard applies for a Motion for Stay under § 705.  (*See* Pls.' Mot. 18, ECF No. 32.)

[2] FHWA incorporates by reference its Motion to Dismiss Claims 4, 5, and 7 of Zeppelin Plaintiffs' Amended Petition (ECF No. 45), filed concurrently with this Response on September 27, 2017.

primarily the basis for Plaintiffs' injunction request, are predicated entirely on something that is lacking here: FHWA's control over the city's flood-control project. Plaintiffs' claims and their alleged harms stem from a city flood-control project that has never been funded by FHWA and which FHWA has no authority or control over. Without this critical element—"actual control"—there cannot be a "major Federal action" under the National Environmental Policy Act ("NEPA") and no claim under Section 4(f) of the Department of Transportation Act ("Section 4(f)"). *Ross v. Fed. Highway Admin.*, 162 F.3d 1046, 1051 (10th Cir. 1998); 49 U.S.C. § 303(c). Thus, absent an action by FHWA with respect to the city's flood-control project, the Administrative Procedure Act's limited waiver of sovereign immunity does not grant judicial review of Plaintiffs' NEPA and Section (4) claims. (FHWA's Mot. 8-13, ECF No. 45.) For the same reason, Plaintiffs lack standing under Article III for failure to show causation and redressability. (*See id.* at 13-14.) The Court therefore lacks jurisdiction over these claims and should deny Plaintiffs' motion for preliminary injunction on that basis alone because it makes their "success more *unlikely*." *Munaf v. Geren*, 553 U.S. 675, 690 (2008).

Second, even if Plaintiffs could overcome these jurisdictional impediments, their substantive claims—that the city's flood-control project is a connected and similar action for purposes of NEPA and that FHWA failed to properly evaluate the impacts of disturbing hazardous materials during construction—are without merit. As explained in Defendant-Intervenors' Response to Zeppelin Plaintiffs' Motion for Stay,[3] the highway project approved by FHWA in the challenged Record of Decision and the city's flood-control project each have independent utility and are therefore not connected actions for purposes of NEPA. *See Citizens' Comm. to Save our Canyons v. U.S. Forest Serv.* 297 F.3d 1012, 1029 (10th Cir. 2002)) ("Put

---

[3] FHWA concurs with and incorporates by reference Defendant-Intervenor's Response to Zeppelin Plaintiffs' Motion for Motion for Stay (ECF No. 46), including the independent utility analysis in Section I.A (pp. 9-17), and the attached exhibits, including Exhibit 6 ("Connected Actions Finding").

simply, projects that have independent utility are not connected actions under 40 C.F.R. § 1508.25(a)(1)(iii)."). Regarding Plaintiffs' hazardous-materials claim, FHWA's detailed analysis of hazardous materials meets the "hard look" standard under NEPA and Plaintiffs have not met their burden showing otherwise. (*See* State-Intervenor's Resp. to Pls.' Mot. 17-19, ECF No. 46.) While these shortcomings are sufficient to deny injunctive relief, *see Petrella v. Brownback*, 787 F.3d 1242, 1257 (10th Cir. 2015), the remaining factors also provide independent grounds to deny Plaintiffs' request for an injunction against FHWA.

Irreparable Harm. Plaintiffs' harms are speculative at best and they have failed to show how they would be irreparably harmed. (*See* State-Intervenor's Resp. to Pls.' Mot. 19-23.) Moreover, their alleged harms are traceable to the city's flood-control project, *not* to FHWA (*see* FHWA's Mot. 13-14); thus, an order enjoining FHWA would be ineffective in stopping them from occurring. For both reasons, their request fails to meet this factor as well.

Balance of Harms and Public Interest. Plaintiffs' third-party inflicted and speculative harms are inadequate to tip the balance of equities in their favor and are outweighed by the real and quantifiable harms that the agencies, and by extension the taxpayers and I-70's users, would suffer. (*See* State-Intervenor's Resp. to Pls.' Mot. 23-25.) Additionally, it is not in the public interest to unnecessarily involve FHWA where it has no role and where Congress has given it no duty. Plaintiffs have not carried the burden on these considerations either.

In sum, Plaintiffs have failed to meet any of the four *Winter* factors, and the Court should deny their request for extraordinary relief. In the event the Court finds that Plaintiffs met their burden, any relief should be narrowly tailored to prevent Plaintiffs' alleged irreparable harm, which is purportedly being caused by a flood-control project undertaken by a local government not before this Court, and not by any of FHWA's actions. *See* 5 U.S.C. § 705; *see also* State-Intervenor's Resp. to Pls.' Mot. 28-29.

Respectfully submitted this 27th day of September, 2017.

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division

*/s/ Mayte Santacruz*
Mayte Santacruz
Carter F. Thurman
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
601 D Street, NW
Washington, D.C. 20004
(202) 305-0465 (Santacruz)
(202) 305-0444 (Thurman)
(202) 305-0506 (fax)
mayte.santacruz@usdoj.gov

*Attorneys for Federal Highway Administration*

Of Counsel:
Brent Allen
Federal Highway Administration
Office of the Chief Counsel
Western Legal Services Division
Lakewood, Colorado
(720) 963-3692
brent.allen@dot.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of September, 2017, I electronically filed Federal

Highway Administration's Response to Zeppelin Plaintiffs' Motion for Preliminary

Injunction/Motion for Stay with the Clerk of the United States District Court for the District of

Colorado using the CM/ECF System, which will send notification of such filing to the attorneys

of record in these consolidated cases.


BY:  /s/ Mayte Santacruz
MAYTE SANTACRUZ