**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Actions Nos.   17-cv-01661-WJM-MEH
                     17-cv-01679-WJM-MEH


KYLE ZEPPELIN; BRAD EVANS; CHRISTINE O'CONNOR; KIMBERLY MORSE;
JACQUELINE LANSING; JANET FEDER;
SIERRA CLUB; ELYRIA AND SWANSEA NEIGHBORHOOD ASSOCIATION;
CHAFEE PARK NEIGHBORHOOD ASSOCIATION; and COLORADO LATINO
FORUM;

       Plaintiffs,

   v.

FEDERAL HIGHWAY ADMINISTRATION, ELAINE CHAO, in her official capacity as
Secretary of Transportation; and JOHN M. CARTER; in his official capacity as Division
Administration,

       Defendants,

   v.

COLORADO DEPARTMENT OF TRANSPORTATION, and SHAILEN P. BHATT, in his
official capacity as Executive Director of the Colorado Department of Transportation,

       Defendant-Intervenors.

---

**FEDERAL DEFENDANTS' ANSWER TO PETITION FOR REVIEW**

---

Defendants Elain Chao, in her official capacity as Secretary of Transportation, Federal

Highway Administration ("FHWA") and John M. Cater, in his official capacity as Division

Administrator for FHWA's Colorado Division (hereinafter collectively "Federal Defendants"),

herein respond to Plaintiffs' Petition for Review.  To the extent any response may be deemed to

be required to the headings in the Petition for Review, Federal Defendants deny any allegations

contained in the headings.  Federal Defendants respond to each numbered paragraph of Plaintiffs' Petition for Review as follows:

## PRELIMINARY STATEMENT

1.      The allegations in Paragraph 1 constitute Plaintiffs' Plaintiffs characterization of their case to which no response is required.

2.      Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 2, and on that basis deny the allegations set forth therein.  In addition, the allegations in Paragraph 2 constitute Plaintiffs' characterization of their case to which no response is required.

3.      The allegations in Paragraph 3 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  In addition, the allegations in Paragraph 3 are vague because Plaintiffs do not specify where EPA is alleged to have set forth these alleged health effects nor do they define the term "highway pollutants." To the extent a further response is deemed to be required, Federal Defendants admit that EPA has established NAAQS for certain particular matter and nitrogen dioxide but deny any remaining allegations in Paragraph 3.

4.      The allegations in Paragraph 4 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 4, Federal Defendants deny the allegations.

5.      The allegations in Paragraph 5 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 5, Federal Defendants deny the allegations.

6.      The allegations in Paragraph 6 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 6, Federal Defendants deny the allegations.

### PART I: PARTIES, AGENCY ACTIONS SUBJECT TO REVIEW, JURISDICTION AND VENUE, AND STANDING

### A.  PARTIES

7.      The allegations in Paragraph 7 in part constitute Plaintiffs' characterization of their case to which no response is required.  In addition, Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 relating to the identity and activities of Plaintiffs, and on that basis deny those allegations.  Defendants deny any remaining allegation contained in Paragraph 7.

8.      Federal Defendants admit the allegations in Paragraph 8.

### B.  AGENCY ACTIONS SUBJECT TO REVIEW

9.      The allegations in Paragraph 9 constitute Plaintiffs' characterization of their case to which no response is required.  Federal Defendants admit that the ROD can be found at the link provided in Paragraph 9.

10.     The allegations in Paragraph 10 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 10, Federal Defendants deny the allegations.

### C. JURISDICTION AND VENUE

11.     The allegations in Paragraph 11 constitute conclusions of law to which no response is required.

12.     The allegations in Paragraph 12 constitute conclusions of law to which no response is required.

13.     The allegations in the first two sentences of Paragraph 13 constitute conclusions of law to which no response is required.  Federal Defendants admit that the FHWA Colorado Division offices are located in Lakewood, Colorado.  Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence of Paragraph 13 and therefore deny those allegations.

14.     The allegations in Paragraph 14 constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 14, Federal Defendants deny the allegations.

15.     The allegations in Paragraph 15 constitute conclusions of law to which no response is required, except that Federal Defendants admit that the Record of Decision ("ROD"), which is a document that speaks for itself and is the best evidence of its contents, was published in the *Federal Register* on February 10, 2017. To the extent a further response is deemed to be required, Federal Defendants deny any remaining allegations in Paragraph 15.

### D. STANDING

16.     The allegations in Paragraph 16 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 16, Federal Defendants deny the allegations.

17.     The allegations in Paragraph 17 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 17, Federal Defendants deny the allegations.

18.     The allegations in Paragraph 18 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 18, Federal Defendants deny the allegations.

19.     The allegations in Paragraph 19 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 19, Federal Defendants deny the allegations.

20.     The allegations in Paragraph 20 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 20, Federal Defendants deny the allegations.

21.     The allegations in Paragraph 21 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 21, Federal Defendants deny the allegations.

22.     The allegations in Paragraph 22 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 22, Federal Defendants deny the allegations.  In addition, the Final EIS is a document that speaks for itself and is the best evidence of its contents.

23.     Federal Defendants admit the allegations in Paragraph 23. However, the allegations purport to characterize the Final Environmental Impact Statement (FEIS), which speaks for itself and is the best evidence of its contents.

24.     The allegations in Paragraph 24 purport to characterize the FEIS, Record of Decision (ROD), and Conformity Determination which speak for themselves and are the best

evidence of their contents.   To the extent allegations differ from the contents of those documents, Federal Defendants deny them.  In addition, the allegations in Paragraph 24 are vague because Plaintiffs do not define the term "neighborhood exposure."

25.     The allegations in Paragraph 25 purport to characterize content from the FEIS, ROD, the Conformity Determination, related technical reports, and a C.F.R. provision, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with those documents, Federal Defendants deny the allegations.

26.     The allegations in Paragraph 26 purport to characterize an EPA document which is not part of the administrative record and which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that document, Federal Defendants deny the allegations.

27.     Federal Defendants admit that EPA is the federal agency with expertise in evaluating the health risks of certain air pollutants. The remaining allegations in Paragraph 27 purport to characterize an EPA document which is not part of the record and which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 27 are inconsistent with that document, Federal Defendants deny the allegations.

28.     The allegations in Paragraph 28 purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 28 are inconsistent with that document, Federal Defendants deny the allegations.

29.     The allegations in Paragraph 29 purport to characterize an EPA document which is not part of the record and which speaks for itself and is the best evidence of its contents.  To

the extent the allegations in Paragraph 29 are inconsistent with that document, Federal

Defendants deny the allegations.

30.     The allegations in Paragraph 30 purport to characterize an EPA document which

is not part of the record and which speaks for itself and is the best evidence of its contents.  To

the extent the allegations in Paragraph 30 are inconsistent with that document, Federal

Defendants deny the allegations.

31.     The allegations in Paragraph 31 purport to characterize an EPA document which

is not part of the record and which speaks for itself and is the best evidence of its contents.  To

the extent the allegations in Paragraph 31 are inconsistent with that document, Federal

Defendants deny the allegations.

32.     The allegations in Paragraph 32 purport to characterize Plaintiffs' comment on the

FEIS and Conformity Determination, which speaks for itself and is the best evidence of its

contents.  Paragraph 32 also states a legal conclusion to which no response is required.  To the

extent a further response is deemed to be required to the allegations in Paragraph 32, Federal

Defendants deny the allegations.

33.     The allegations in Paragraph 33 purport to characterize the FEIS, which speaks

for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent

with that document, Federal Defendants deny the allegations.

34.     Federal Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 34, and on that basis deny the

allegations set forth therein.  The allegations are also vague because Plaintiffs do not identify

where or when EPA made the alleged identification stated in Paragraph 34.

35.     The allegations in Paragraph 35 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to any factual allegations in Paragraph 35, Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.

36.     The allegations in Paragraph 36 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 36, Federal Defendants deny the allegations.

37.     The allegations in Paragraph 37 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 37, Federal Defendants deny the allegations.

## PART II: NEPA CLAIMS

## INTRODUCTION

38.     The allegations in Paragraph 38 purport to characterize and quote from NEPA, and as such constitute conclusions of law to which no response is required.  In addition, the statute speaks for itself and is the best evidence of its contents.

39.     The allegations in Paragraph 39 purport to characterize and quote from NEPA regulations, and as such constitute conclusions of law to which no response is required.  In addition, the regulations speak for themselves and are the best evidence of their contents.

40.     The allegations in Paragraph 40 purport to characterize and quote from NEPA regulations, and as such constitute conclusions of law to which no response is required.    In addition, the regulations speak for themselves and are the best evidence of their contents.

41.    The allegations in Paragraph 41 purport to characterize and quote from NEPA regulations, and as such constitute conclusions of law to which no response is required.   In addition, the regulations speak for themselves and are the best evidence of their contents.

42.    The allegations in Paragraph 42 purport to characterize and quote from NEPA regulations, and as such constitute conclusions of law to which no response is required.  In addition, the regulations speak for themselves and are the best evidence of their contents.

43.    The allegations in Paragraph 43 purport to characterize and quote from NEPA regulations, and as such constitute conclusions of law to which no response is required.  In addition, the regulations speak for themselves and are the best evidence of their contents.  The allegations in Paragraph 43 also contain other legal conclusions to which no response is required. To the extent a response is deemed to be required to the allegations in Paragraph 43, Defendants deny the allegations.

44.    The allegations in Paragraph 44 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 44, Federal Defendants deny the allegations.

**First NEPA Claim**:
**FAILURE TO PROVIDE A FULL AND FAIR DISCUSSION OF COMMUNITY HEALTH IMPACTS**

45.    The allegations in Paragraph 45 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 45, Federal Defendants deny the allegations.

46.     The allegations in Paragraph 46 are conclusions of law to which no response is required and that also purport to characterize and quote from NEPA regulations which speak for themselves and are the best evidence of their contents.

47.     The allegations in Paragraph 47 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 47, Federal Defendants deny the allegations.  In addition, the unidentified documents in the record referred to in Paragraph 47 speak for themselves and are the best evidence of their contents.

48.     The allegations in Paragraph 48 purport to characterize the Health Impact Assessment ("HIA") published by the Denver Department of Environmental Health, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 48 are inconsistent with that document, Federal Defendants deny the allegations.

49.     The allegations in Paragraph 49 purport to characterize the HIA published by the Denver Department of Environmental Health, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 49 are inconsistent with that document, Federal Defendants deny the allegations.

50.     Federal Defendants lack knowledge or information sufficient  to form a belief  as to  the truth or accuracy of the allegations in Paragraph 50, which rely on vague, undefined terminology like "the I-70 corridor," the "Wheat Ridge line," and the "Aurora line."  However, Defendants admit that I-70 crosses through City Council Districts 1, 8, and 9, but deny that I-70 crosses District 11.

51.     The allegations in Paragraph 51 purport to characterize the HIA published by the Denver Depart of Environmental Health, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 51 are inconsistent with that document, Federal Defendants deny the allegations.

52.     The allegations in Paragraph 52 purport to characterize and quote from the HIA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 52 are inconsistent with the cited document Federal Defendants deny the allegations.

53.     The allegations in Paragraph 53 purport to characterize and quote from the HIA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 53 are inconsistent with the cited document, Federal Defendants deny the allegations.

54.     The allegations in Paragraph 54 purport to characterize and quote from the HIA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 55 are inconsistent the cited document, Federal Defendants deny the allegations.

55.     The allegations in Paragraph 55 purport to characterize and quote from the draft HIA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 55 are inconsistent with the cited document, Federal Defendants deny the allegations.  Defendants also deny that Plaintiffs may rely upon documents that are not in the administrative record in support of their claims.

56.     The allegations in Paragraph 56 purport to characterize the HIA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 56 are inconsistent with the cited document, Federal Defendants deny the allegations.

57.     The allegations in Paragraph 57 purport to characterize and quote from the HIA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 57 are inconsistent with the cited document, Federal Defendants deny the allegations.

58.     The allegations in Paragraph 58 purport to characterize an EPA document which is not part of the record, and which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 58 are inconsistent with the cited document, Federal Defendants deny the allegations.

59.     The allegations in Paragraph 59 purport in part to characterize an EPA document which is not part of the record, and which speaks for itself and is the best evidence of its contents.  To the extent the relevant allegations in Paragraph 59 are inconsistent with the cited document, Federal Defendants deny the allegations.   The allegations in Paragraph 59 also purport in part to characterize the HIA, which speaks for itself and is the best evidence of its contents.  To the extent the relevant allegations in Paragraph 59 are inconsistent with the HIAs, Federal Defendants deny the allegations.

60.     The allegations in Paragraph 60 purport to characterize an EPA document which is not part of the record, and which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 60 are inconsistent with the cited document, Federal Defendants deny the allegations.

61.     The allegations in Paragraph 61 purport to characterize the HIA which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the cited document, Federal Defendants deny the allegations.  The last two sentences of Paragraph 61 constitute Plaintiffs' characterization of their case, to which no response is

required.  To the extent a further response is deemed to be required to the allegations in the last two sentences in Paragraph 61, Federal Defendants deny those allegations.

62.     Federal Defendants admit the allegations in Paragraph 62 with the qualification that these substances are emitted from vehicles using highways, not from the highways themselves.

63.     Federal Defendants admit that the EPA-approved AERMOD was only used to model future PM concentrations, and deny that AERMOD was used to model CO concentrations. Furthermore, the allegations purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.

64.     Paragraph 64 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a further response is deemed to be required to the allegations in Paragraph 64, Federal Defendants deny the allegations in Paragraph 64.

65.     Paragraph 65 states legal conclusions to which no response is required.  To the extent a further response is deemed to be required to the allegations in Paragraph 65, Federal Defendants deny the allegations in Paragraph 65.

<strong>Second NEPA Claim</strong>:<br>
<strong>FAILURE TO INVESTIGATE AND DISCLOSE HEALTH IMPACTS OF FUTURE PROJECT EMISSIONS</strong>

66.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 66, and on that basis deny the allegations set forth therein.  In addition, the allegations in Paragraph 66 constitute Plaintiffs' characterization of their case to which no response is required.

67.     Federal Defendants deny the allegations in Paragraph 67.

68.     Federal Defendants deny the allegations in Paragraph 68.

69.     The allegations in Paragraph 69 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 69, Federal Defendants deny the allegations set forth therein.

**Third NEPA Claim:**
**FAILURE TO IDENTIFY ALTERNATIVES TO RESTORE AND ENHANCE THE HUMAN ENVIRONMENT BY REDUCING POLLUTANT EXPOSURES**

70.     The allegations in Paragraph 70 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 70, Federal Defendants deny the allegations set forth therein.

71.     Federal Defendants admit the allegations in the first sentence of Paragraph 71. Federal Defendants deny the allegations in the second sentence of Paragraph 71.

72.     Federal Defendants deny the allegations in Paragraph 72.

73.     The allegations in Paragraph 73 constitute Plaintiffs' characterization of their case and state conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 73, Federal Defendants deny the allegations set forth therein.

**Fourth NEPA Claim:**
**FAILURE TO COMPARE REASONABLE ALTERNATIVES WITH RESPECT TO IMPACTS ON COMMUNITY HEALTH**

74.     The allegations in Paragraph 74 constitute Plaintiffs' characterization of their case and state conclusions of law to which no response is required.  To the extent a response is

deemed to be required to the allegations in Paragraph 74, Federal Defendants deny the allegations.

75.     Defendants admit that Plaintiffs submitted certain documents to FHWA, which speak for themselves and are the best evidence of their contents.  The allegations in Paragraph 75 otherwise constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 75, Federal Defendants deny the allegations set forth therein.

76.     The allegations in Paragraph 76 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 76, Federal Defendants deny the allegations set forth therein.

77.     The allegations in Paragraph 77 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 77, Federal Defendants deny the allegations set forth therein.

### Fifth NEPA Claim:
### FAILURE TO CONSIDER CUMULATIVE IMPACTS ON HUMAN HEALTH OF EXPOSURE TO THE FULL ARRAY OF POLLUTANTS EMITTED FROM HIGHWAYS

78.     The Federal Defendants deny the allegations in Paragraph 78.

79.     The allegations in Paragraph 79 state conclusions of law to which no response is required.  In addition, the Clean Air Act and EPA's regulations promulgated pursuant to the Clean Air Act speak for themselves and are the best evidence of their contents.

80.     The allegations in Paragraph 80 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 80, Federal Defendants deny the allegations.

81.     The allegations in Paragraph 81 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 81, Federal Defendants deny the allegations.

82.     The allegations in Paragraph 82 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 82, Federal Defendants deny the allegations.

83.     The allegations in Paragraph 83 purport to characterize and quote from an EPA document, which speaks for itself and is the best evidence of its contents.

84.     The allegations in Paragraph 84 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 84, Federal Defendants deny the allegations.  To the extent the allegations in Paragraph 84 are inconsistent with EPA's findings, Federal Defendants deny the allegations.

85.     The allegations in Paragraph 85 purport to characterize and cite NEPA regulations, and as such constitute conclusions of law to which no response is required.  In addition, the regulations speak for themselves are the best evidence of their contents.

86.     The allegations in Paragraph 86 purport to quote NEPA regulations, and as such constitute conclusions of law to which no response is required.  In addition, the regulations speak for themselves are the best evidence of their contents.

87.     The allegations in Paragraph 87 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 87, Federal Defendants admit that that the FEIS considered studies published between 2000 and 2010 but deny the remainder of the allegations.

88.     The allegations in Paragraph 88 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 88, Federal Defendants deny the allegations.

89.     The allegations in Paragraph 89 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 89, Federal Defendants deny the allegations set forth therein.

90.     The allegations in Paragraph 90 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 90, Federal Defendants deny the allegations set forth therein.

91.     The allegations in Paragraph 91 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 91, Federal Defendants deny the allegations set forth therein.

**Sixth NEPA Claim:**
**LIMITED PURPOSE AND NEED BYPASSES ALTERNATIVES THAT RESTORE AND ENHANCE THE HUMAN ENVIROENMENT**

92.     The allegations in Paragraph 92 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 92, Federal Defendants deny the allegations set forth therein.  Further, the allegations in Paragraph 92 purport to quote NEPA, which speaks for itself and is the best evidence of its contents.

**Seventh NEPA Claim:**
**REFUSSAL TO CONDUCT FULL IMPACT ANALYSIS OF I-76/I-270 ALTERNATIVE BYPASS ALTERNATIVES THAT RESTORE AND ENHANCE THE HUMAN ENVIRONMENT AND PARTIALLY MEET PURPOSE AND NEED**

93.     The allegations in Paragraph 93 purport to characterize and quote from NEPA regulations, and as such constitute conclusions of law to which no response is required.  Further, the allegations in Paragraph 93 purport to quote a NEPA regulation, which speaks for itself and is the best evidence of its contents.

94.     The allegations in Paragraph 94 purport to characterize and quote from the FEIS for the project which speaks for itself and is the best evidence of its contents.

95.     The allegations in Paragraph 95 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 95, Federal Defendants deny the allegations.

**Eighth NEPA Claim:**
**FAILURE TO USE CORRECT AIR QUALITY MODELING TOOLS FOR PM2.5 EMISSIONS**

96.     The allegations in Paragraph 96 purport to characterize NEPA regulations, and as such constitute conclusions of law to which no response is required.

97.     The allegations in Paragraph 97 purport to characterize NEPA regulations, and as such constitute conclusions of law to which no response is required.

98.     The allegations in Paragraph 98 purport to characterize and quote the CAA, and as such constitute conclusions of law to which no response is required.

99.     Federal Defendants deny the allegations in Paragraph 99.  Furthermore, the allegations in Paragraph 99 purport to characterize and quote from the FEIS for the project which speaks for itself and is the best evidence of its contents.

100.    Federal Defendants admit that PM2.5 particles are a portion of PM10, but deny the remaining allegation in Paragraph 100.  Furthermore, the allegations in Paragraph 100 purport to characterize and quote from the FEIS for the project which speaks for itself and is the best evidence of its contents.

101.    The allegations in Paragraph 101 purport to characterize and quote from the FEIS for the project which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 101 are inconsistent with the FEIS, Federal Defendants deny the allegations. Defendants also aver that the final PM10 concentration modeled in the ROD was 41.1 $\mu g/m^3$.

102.    The allegations in Paragraph 102 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 102, Federal Defendants deny the allegations.

103.    The allegations in Paragraph 103 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 103, Federal Defendants deny the allegations.

104.     Federal Defendants admit the allegations in Paragraph 104.

105.     Federal Defendants deny the allegations in the first sentence of Paragraph 105. The allegations in the remainder of Paragraph 105 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 105, Federal Defendants deny the allegations.

106.     Federal Defendants deny the allegations in Paragraph 106.

107.     The allegations in Paragraph 107 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 107, Federal Defendants deny the allegations.

108.     Federal Defendants admit the allegations in the first sentence of Paragraph 108. The allegations in the second sentence purport to characterize and quote from the ROD, which speaks for itself and is the best evidence of its contents.

109.     The allegations in Paragraph 109 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 109, Federal Defendants deny the allegations

110.     Federal Defendants admit that the ADT data relied upon by FHWA and referred to in Paragraph 110 are not in the ROD but Federal Defendants aver that the ADT data are part of the administrative record and have always been available to anyone upon request.

111.     The allegations in Paragraph 111 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 111, Federal Defendants deny the allegations.

112.    The allegations in Paragraph 112 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 112, Federal Defendants deny the allegations.

113.    The allegations in Paragraph 113 purport to characterize and quote from the FEIS, which speaks for itself and is the best evidence of its contents.

114.    The Federal Defendants deny the allegations in Paragraph 114.

115.    The allegations in Paragraph 115 purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.

116.    Federal Defendants deny the allegations in Paragraph 116.  Furthermore, the allegations purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.

117.    Federal Defendants deny the allegations in Paragraph 117.  Furthermore, the allegations purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.

118.    The allegations in Paragraph 118 purport to characterize and quote from the FEIS, which speaks for itself and is the best evidence of its contents.

119.    The allegations in Paragraph 119 constitute Plaintiff's characterization of their case to which no response is required. To the extent a response is deemed to be required to the allegations in Paragraph 119, Federal Defendants deny the allegations.

120.    The allegations in Paragraph 120 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 120, Federal Defendants deny the allegations because Plaintiffs'

emissions estimations are irrelevant for determining whether modeling is required under the Clean Air Act.

121.    The allegations in Paragraph 121 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 121, Federal Defendants deny the allegations.

122.    Federal Defendants deny the allegations in Paragraph 122.  Federal Defendants further aver that Plaintiffs' estimations are irrelevant for determining whether modeling is required under Clean Air Act.

123.    The allegations in Paragraph 123 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 123, Federal Defendants deny the allegations.

124.    The allegations in Paragraph 124 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 124, Federal Defendants deny the allegations.

125.    The allegations in Paragraph 125 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 125, Federal Defendants deny the allegations.

126.    The allegations in Paragraph 126 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 126, Federal Defendants deny the allegations.

127.    The allegations in Paragraph 127 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is

deemed to be required to the allegations in Paragraph 127, Federal Defendants deny the allegations.

128.     The allegations in Paragraph 128 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 128, Federal Defendants deny the allegations.

129.     The allegations in Paragraph 129 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 129, Federal Defendants deny the allegations.

**Ninth NEPA Claim:**
**FAILURE TO ACKNOWLEDGE THAT PREDICTED PM10 EMISSIONS WILL EXCEED THE CAA INCREMENT TO PREVENT THE SIGNIFICANT DETERIORATION OF AIR QUALITY**

130.     The allegations in Paragraph 130 purport to characterize and quote NEPA regulations, and as such constitute conclusions of law to which no response is required.  In addition, the regulations speak for themselves are the best evidence of their contents.

131.     The allegations in Paragraph 131 purport to characterize and quote NEPA regulations, and as such constitute conclusions of law to which no response is required.  In addition, the regulations speak for themselves are the best evidence of their contents.

132.     The allegations in Paragraph 132 purport to characterize and quote CAA regulations, and as such constitute conclusions of law to which no response is required.  In addition, the regulations speak for themselves are the best evidence of their contents.

133.    The allegations in Paragraph 133 purport to characterize and quote an October 2002 Federal Register notice, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations that are inconsistent with the notice.

134.    The allegations in Paragraph 134 purport to characterize and quote the CAA, and as such constitute conclusions of law to which no response is required.  In addition, the CAA speaks for itself and is the best evidence of their contents.

135.    The allegations in Paragraph 135 purport to characterize and quote CAA regulations, and as such constitute conclusions of law to which no response is required.   In addition, the regulations speak for themselves are the best evidence of their contents.

136.    The allegations in Paragraph 136 constitute Plaintiffs' interpretation of what the air quality monitoring predicts and as such constitutes Plaintiffs' argument and their characterization of their case to which no response is required.  In addition, Federal Defendants aver that only the PM10 design value for the 6th highest day was modeled.

137.    The allegations in Paragraph 137 purport to characterize and quote from an October 1998 Federal Register notice, and as such constitute conclusions of law to which no response is required.  In addition, the regulations speak for themselves and are the best evidence of their contents.

138.    The allegations in Paragraph 138 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 138, Federal Defendants deny the allegations.

139.    The allegations in Paragraph 139 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 139, Federal Defendants deny the allegations.

140.    The allegations in Paragraph 140 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 140, Federal Defendants deny the allegations.

**Tenth NEPA Claim:**
**FAILURE TO CONSIDER MITIGATION MEASURES TO PROTECT RESIDENTS**
**FROM ADVERSE HEALTH EFFECTS OF PROJECT AIR POLLUTANTS**

141.    The allegations in Paragraph 141 purport to characterize and quote NEPA regulations, and as such constitute conclusions of law to which no response is required.  In addition, the regulations speak for themselves and are the best evidence of their contents.

142.    The allegations in Paragraph 142 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 142, Federal Defendants deny the allegations.

143.    The allegations in Paragraph 143 purport to characterize comments by Plaintiffs on the Supplemental Draft EIS (SDEIS), which speak for themselves and are the best evidence of their contents.   To the extent the allegations are inconsistent with the comments, Federal Defendants deny them.

144.    The allegations in Paragraph 144 purport to characterize comments by Plaintiffs on the SDEIS, which speaks for themselves and are the best evidence of their contents.   To the extent the allegations are inconsistent with the comments, Federal Defendants deny them.

145.     The allegations in Paragraph 145 purport to characterize and quote from the SDEIS, which speaks for itself and is the best evidence of its contents.   To the extent the allegations are inconsistent with the contents of the document, Federal Defendants deny them.

146.     The allegations in Paragraph 146 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 146, Federal Defendants deny the allegations.

## PART III: FEDERAL-AID HIGHWAY ACT CLAIMS

147.     The allegations in Paragraph 147 state conclusions of law to which no response is required and purport to characterize and quote from the Federal-Aid Highway Act, which speaks for itself and is the best evidence of its contents.

148.     The allegations in Paragraph 148 state conclusions of law to which no response is required and purport to characterize and quote Federal-Aid Highway Act regulations, which speaks for themselves and are the best evidence of their contents.

149.     The allegations in Paragraph 149 state conclusions of law to which no response is required and purport to characterize Federal-Aid Highway Act regulations, which speaks for themselves and are the best evidence of their contents.

150.     Federal Defendants deny the allegations in Paragraph 150.  Specifically, Federal Defendants deny any allegation that Federal Defendants violated applicable law.

151.     The allegations in Paragraph 151 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 151, Federal Defendants deny the allegations.

152.    The allegations in Paragraph 152 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 152, Federal Defendants deny the allegations.

## PART IV: CLEAN AIR ACT CLAIMS
## INTRODUCTION

153.    The allegations in Paragraph 153 state conclusions of law  to which no response is required and purport to characterize the CAA, which speaks for itself and is the best evidence of its contents

154.    The allegations in Paragraph 154 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 154, Federal Defendants deny the allegations.

155.    The allegations in Paragraph 155 state  conclusions of law to which no response is required and purport to characterize and quote the CAA, which speaks for itself and is the best evidence of its contents.

156.    The allegations in Paragraph 156 state  conclusions of law to which no response is required and purport to characterize and quote the CAA, which speaks for itself and is the best evidence of its contents.

157.    The allegations in Paragraph 157 state legal conclusions to which no response is required and purport to characterize and quote the CAA, which speaks for itself and is the best evidence of its contents.

158.    The allegations in Paragraph 158 constitute Plaintiffs' characterization of their case and state legal conclusions to which no response is required.  To the extent a further

response is deemed to be required to the allegations in Paragraph 158, Federal Defendants deny the allegations.

159.     Federal Defendants admit the allegations in Paragraph 159.

160.     Federal Defendants deny the allegations in Paragraph 160 and aver that it approved the Final Request for Proposals ("RFP") in March 2017.

## EPA'S CONFORMITY RULES

161.     Federal Defendants admit the allegations in Paragraph 161.

162.     The allegations in Paragraph 162 purport to quote and characterize CAA regulations, and as such constitute conclusions of law to which no response is required.  The Court is directed to the cited regulations for a true and complete statement of their provisions.

163.     The allegations in the first sentence of Paragraph 163 state  conclusions of law to which no response is required and purport to quote and characterize CAA regulations, which speak for themselves and are the best evidence of their content.   The allegations in the second sentence of Paragraph 163 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in the second sentence of Paragraph 163, Federal Defendants deny the allegations.

164.     The allegations in Paragraph 164 state conclusions of law to which no response is required and purport to quote and characterize CAA regulations which speak for themselves and are the best evidence of their contents.

165.     The allegations in Paragraph 165 state conclusions of law to which no response is required and purport to quote and characterize CAA regulations which speak for themselves and are the best evidence of their content.

166.     The allegations in Paragraph 166 state conclusions of law to which no response is required and purport to characterize and quote a December 2010 Federal Register notice, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations that are inconsistent with the notice.

167.     The allegations in the first sentence Paragraph 167 state conclusions of law to which no response is required and purport to quote and characterize EPA guidance, which speaks for itself and is the best evidence of its contents.  The allegations in the second sentence of Paragraph 167 constitute Plaintiffs' characterization of their case and states a conclusion of law to which no response is required.  To the extent a response is deemed to be required to the allegations in the second sentence of Paragraph 167, Federal Defendants deny the allegations.

168.     The allegations in the first sentence Paragraph 168 state  conclusions of law to which no response is required and purport to characterize an EPA regulation, which speaks for itself and is the best evidence of its contents.  The allegations in the second sentence of Paragraph 168 constitute Plaintiffs' characterization of their case and state conclusions of law to which no response is required.  To the extent a response is deemed to be required to the allegations in the second sentence of Paragraph 168, Federal Defendants deny the allegations.

## DETERMINING DESIGN VALUES

169.     The allegations in Paragraph 169 state conclusions of law to which no response is required and purport to quote and characterize an updated EPA guidance document, which speaks for itself and is the best evidence of its contents.

170.     The allegations in Paragraph 170 state conclusions of law to which no response is required and purport to quote and characterize the CAA, which speaks for itself and is the best evidence of its contents.

171.     The allegations in Paragraph 171 state conclusions of law to which no response is required and purport to quote an updated EPA guidance document, which speaks for itself and is the best evidence of its contents.

**FACTS RELATED TO CONFORMITY DETERMINATION**

172.     The allegations in Paragraph 172 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  In addition, the allegations in Paragraph 172 are vague because Plaintiffs do not define the term "densely-populated."

173.     The allegations in Paragraph 173 state conclusions of law to which no response is required.

174.     Federal Defendants admit the allegations in Paragraph 174.

**PROJECT EMISSIONS ANALYSIS FOR SDEIS**

175.     The allegations in Paragraph 175 purport to characterize the SDEIS, which speaks for itself and is the best evidence of its contents.

176.     Federal Defendants admit the allegations in Paragraph 176.

177.     Federal Defendants admit the allegations in Paragraph 177 with the qualification that FHWA estimated concentrations not "emissions" in comparing impacts.

178.     The allegations in Paragraph 178 purport to characterize the SDEIS, which speaks for itself and is the best evidence of its contents.

179.     Federal Defendants admit the allegations in Paragraph 179.

180.     The allegations in Paragraph 180 purport to characterize the SDEIS, which speaks for itself and is the best evidence of its contents.

181.     The allegations in Paragraph 181 purport to characterize the SDEIS, which speaks for itself and is the best evidence of its contents.

182.     The allegations in Paragraph 182 purport to quote and characterize updated EPA guidance, which speaks for itself and is the best evidence of its contents.

183.     Federal Defendants admit the allegations in Paragraph 183.  However, the allegations purport to characterize the SDEIS, which speaks for itself and is the best evidence of its contents.

184.     The allegations in Paragraph 184 purport to characterize the SDEIS, which speaks for itself and is the best evidence of its contents.

185.     Federal Defendants deny the allegations in Paragraph 185. Furthermore, the allegations purport to characterize the SDEIS, which speaks for itself and is the best evidence of its contents.

186.     Federal Defendants deny the allegations in Paragraph 186 because the term "virtually identical" is vague and subjective. Furthermore, the allegations purport to characterize the Technical Report, which speaks for itself and is the best evidence of its contents.

187.     The allegations in Paragraph 187 purport to characterize the Technical Report, which speaks for itself and is the best evidence of its contents.  The Court is directed to the referenced document for a true and complete statement of it content. To the extent the allegations are inconsistent with the contents of the document, Federal Defendants deny them.

188.    The Federal Defendants admit the allegations in Paragraph 188. However, the allegations purport to characterize the SDEIS, which speaks for itself and is the best evidence of its contents.

189.    The allegations in Paragraph 189 purport to characterize the SDEIS, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the contents of the document, Federal Defendants deny them.

190.    The allegations in Paragraph 190 purport to characterize comments by Plaintiffs on the SDEIS, which speak for themselves and are the best evidence of their contents.

**PROJECT EMISSIONS ANALYSIS FOR FEIS**

191.    Federal Defendants admit the allegations in Paragraph 191.

192.    Federal Defendants admit the allegations in Paragraph 192.  However, the allegations purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.

193.    Federal Defendants deny the allegations in Paragraph 193 and aver that the Preferred Alternative in the FEIS was not phased, but that the selected alternative in the ROD was phased. Furthermore, the allegations purport to characterize the FEIS and ROD, which speak for themselves and are the best evidence of their contents.

194.    Federal Defendants admit the allegations in Paragraph 194.

195.    Federal Defendants admit the allegations in Paragraph 195.

196.    Federal Defendants admit the allegations in Paragraph 196.  However, the allegations purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.

197.    The allegations in Paragraph 197 purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the contents of the document, Federal Defendants deny them.

198.    The allegations purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.

199.    Federal Defendants admit the allegations in Paragraph 199.  However, the allegations purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.

200.    Federal Defendants admit the allegations in Paragraph 200 with respect to the selected alternative. However, the allegations purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.

201.    Federal Defendants deny the allegations in Paragraph 201.

202.    Federal Defendants deny the allegations in Paragraph 202.

**PROJECT EMISSIONS ANALYSIS FOR CONFORMITY DETERMINATION**

203.    Federal Defendants admit the allegations in Paragraph 203.

204.    The allegations in Paragraph 204 purport to characterize comments by Plaintiffs on the Draft Air Quality Conformity Determination, which speak for themselves and are the best evidence of their contents.

205.    Federal Defendants deny the allegations in Paragraph 205 and aver that the Final Conformity Determination was made in the body of the Record of Decision.

206.    The allegations in Paragraph 206 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.

207.     The allegations in Paragraph 207 purport to characterize the ROD and the Conformity Determination, which speaks for themselves and are the best evidence of their contents.

208.     Federal Defendants admit that between the FINAL EIS and the Conformity Determination, EPA noted that background PM10 levels should have been 113 ug/m$^3$ instead of 89 ug/m$^3$.  Federal Defendants deny the remaining allegations in Paragraph 208.

209.     The allegations in Paragraph 209 purport to characterize unidentified EPA Guidance, the ROD, and the Conformity Determination, which speak for themselves and are the best evidence of their contents.

210.     The allegations in Paragraph 210 purport to characterize the Conformity Determination, which speaks for itself and is the best evidence of its contents.

211.     The allegations in Paragraph 211 purport to characterize the Conformity Determination, which speaks for itself and is the best evidence of its contents.

212.     The allegations in Paragraph 212 purport to characterize the Conformity Determination, which speaks for itself and is the best evidence of its contents.

213.     The allegations in Paragraph 213 purport to characterize comments by Plaintiffs on the ROD, which speak for themselves and are the best evidence of their contents.

**First CAA Claim:**
**BACKGROUND AIR QUALITY USED TO CALCULATE**
**"DESIGN VALUE" NOT LAWFULLY DETERMINED**

214.     The allegations in Paragraph 214 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

215.     Federal Defendants deny the allegations in Paragraph 215.

216.     The allegations in Paragraph 216 state conclusions of law and constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

217.     The allegations in Paragraph 217 purport to characterize and quote the 2010 Hot-spot Guidance, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegations in Paragraph 217 to the extent they are inconsistent with the referenced document.

218.     The allegations in Paragraph 218 state conclusions of law to which no response is required and purport to characterize and quote a March 2006 Federal Register notice, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegations in Paragraph 218 to the extent they are inconsistent with the referenced document.

219.     The allegations in Paragraph 219 purport to characterize and quote the FEIS, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the FEIS, Federal Defendants deny the allegations.

220.     Federal Defendants deny the allegations in Paragraph 220.

221.     The allegations in Paragraph 221 purport to characterize comments by Plaintiffs on the ROD, which speak for themselves and are the best evidence of their contents.

222.     The allegations in Paragraph 222 purport to characterize comments by Plaintiffs on the ROD, which speak for themselves and are the best evidence of their contents.

223.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 223 and therefore deny the allegations.

224.    The allegations in Paragraph 224 purport to characterize and quote a Revised Technical Support Document for the Colorado State Implementation Plan for PM10, which speaks for itself and is the best evidence of its contents.

225.    The allegations in Paragraph 225 purport to characterize comments by Plaintiffs on the FEIS which speak for themselves and are the best evidence of their contents.

226.    The allegations in Paragraph 226 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

227.    Federal Defendants deny the allegation that they "failed" in Paragraph 227 but admit that they did not use the referenced modeling results.

228.    Federal Defendants admit that they did not perform photochemical modeling as alleged in Paragraph 228.  The remaining allegations in Paragraph 228 constitute conclusions of law to which no response is required and the cited regulation speaks for itself and is the best evidence of its contents.

229.    The allegations in Paragraph 229 states conclusion of law to which no response is required and purport to characterize and quote NEPA regulations, which speak for themselves and are the best evidence of their contents.

230.    The allegations in Paragraph 230 state conclusions of law and constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is required to the allegations in Paragraph 230, Federal Defendants deny the allegations.

231.    The allegations in Paragraph 231 state conclusions of law and constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is required to the allegations in Paragraph 231, Federal Defendants deny the allegations.

**Second CAA Claim:**
**FAILURE TO USE HIGHEST MONITORED BACKGROUND VALUE AS REQUIRED BY 2010 PM HOT-SPOT GUIDANCE**

232.    The allegations in Paragraph 232 state conclusions of law and constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is required to the allegations in Paragraph 232, Federal Defendants deny the allegations.

233.    The allegations in Paragraph 233 purport to characterize and quote EPA's updated 2010 Hot-spot Guidance, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegations in Paragraph 233 to the extent they are inconsistent with the cited document.

234.    The allegations in Paragraph 234 purport to characterize and quote the referenced email, which speaks for itself and is the best evidence of its contents.

235.    Federal Defendants admit the allegations in Paragraph 235.

236.    The allegations in Paragraph 236 purport to characterize the referenced 2015 Hot-spot Guidance, which speaks for itself and is the best evidence of its contents.  In addition, the allegations in Paragraph 236 purport in part to characterize the facts of another case to which no response is required.

237.    The allegations in Paragraph 237 state conclusions of law and constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a

response is deemed to be required to the allegations in Paragraph 237, Federal Defendants deny the allegations.

238.     The allegations in Paragraph 238 state conclusions of law and constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 238, Federal Defendants deny the allegations.

239.     The allegation in the first sentence of Paragraph 239 states a conclusion of law to which no response is required.  Regarding the second sentence in Paragraph 239, Federal Defendants deny that Plaintiffs may permissibly incorporate by reference in this case, a brief from another case that is not in the administrative record for the agency action at issue in this case.  Federal Defendants admit the allegation in the third sentence of Paragraph 239, but aver that oral argument was held in the D.C. Circuit litigation on September 19, 2017.

240.     The allegations in Paragraph 240 state conclusions of law and constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 240, Federal Defendants deny the allegations.  In addition, Federal Defendants deny that Plaintiffs may properly support their claims in this case with arguments they have made in a brief filed with the D.C. Circuit in another case.

241.     The allegations in Paragraph 241 state conclusions of law and constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 241, Federal Defendants deny the allegations.

**Third CAA Claim:**
**FHWA'S PROJECT DESIGN VALUE UNLAWFULLY OMITS UP TO EIGHT DAYS OF PM10 CONCENTRATIONS THAT MAY VIOLATE THE NAAQS FOR PM10**

242.    The allegations in Paragraph 242 state conclusions of law to which no response is required and purport to characterize and quote EPA's Hot-spot Guidance, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any factual allegations in Paragraph 242 to the extent they are inconsistent with the referenced document.

243.    The allegations in Paragraph 243 state conclusions of law to which no response is required and purport to characterize and quote CAA transportation conformity regulations, which speak for themselves and are the best evidence of their content.  Federal Defendants deny any factual allegations in Paragraph 243 to the extent they are inconsistent with the referenced document.

244.    The allegations in Paragraph 244 state conclusions of law to which no response is required, and purport to characterize and quote EPA's updated 2010 Hot-spot Guidance, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any factual allegations in Paragraph 244 to the extent they are inconsistent with the cited document.

245.    Federal Defendants admit the allegation in Paragraph 245 that FHWA relied upon EPA's 2015 Hot-spot guidance.  The remaining allegations of Paragraph 245 state  conclusions of law to which no response is required and characterize the guidance in question which speaks for itself and is the best evidence of its content.

246.    The allegations in Paragraph 246 state conclusions of law to which no response is required and purport to characterize the EPA guidance which speaks for itself and is the best evidence of its contents. The allegations are also a characterization of Plaintiffs' case, to which

no response is required.  To the extent a response may be deemed to be required to the allegations in Paragraph 246, Federal Defendants deny the allegations.

247.    The allegations in Paragraph 247 state a conclusion of law to which no response is required.

248.    The allegations in Paragraph 248 state a conclusion of law to which no response is required and purport to characterize and quote EPA regulations which speak for themselves and are the best evidence of their content.

249.    Federal Defendants deny the allegations in Paragraph 249 because the term "disclosed" is vague and subjective and aver that the modeled concentrations are part of the administrative record.

250.    The allegations in Paragraph 250 purport to characterize comments by Plaintiffs on the FEIS, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny that the request was denied and aver that the requested modeling results were not available.  In addition, the response to comments section of the ROD speaks for itself and is the best evidence of its contents.

251.    The allegations in Paragraph 251 state conclusions of law to which no response is required and purport to quote and characterize the CAA, which speaks for itself and is the best evidence of its content.

252.    The allegations in Paragraph 252 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 252, Federal Defendants deny the allegations.

253.     The allegations in Paragraph 253 state legal conclusions and constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 253, Federal Defendants deny the allegations.

**Fourth CAA Claim:**
**CONFORMITY DETERMINATION UNLAWFULLY RELIES ON UNDISCLOSED**
**MITIGATION MEASURES THAT ARE UNENFORCEABLE**

254.     Federal Defendants admit the allegations in Paragraph 254. However, the allegations purport to characterize the FEIS, the Air Quality Conformity Report and the ROD, which speak for themselves and are the best evidence of their contents.

255.     Federal Defendants admit the allegations in Paragraph 255 to the extent that they refer to the concentrations for the Partial-Covered-Lower ("PCL") alternative disclosed in the ROD and Conformity Determination.

256.     The allegations in Paragraph 256 purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Further, to the extent the allegations differ from the contents of those documents, Federal Defendants deny them.

257.   Federal Defendants deny the allegations in Paragraph 257.

258.     Federal Defendants deny the allegations in Paragraph 258 to the extent that Plaintiffs allege that they sought such data and explanation from the Federal Defendants. Federal Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 258, and therefore deny the allegations.

259.    Federal Defendants admit the allegations in Paragraph 259.  However, the allegations purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.

260.    Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 260, and therefore deny the allegations.

261.    The allegations in Paragraph 261 purport to characterize comments by Plaintiffs on the ROD, which speak for themselves and are the best evidence of their contents.

262.    Federal Defendants lack information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 262 and therefore deny the allegations.

263.    Federal Defendants lack information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 263 and therefore deny the allegations.  In addition, the allegations in Paragraph 263 purport to characterize documents that Plaintiffs claim to exist at the referenced web site, which documents speak for themselves and are the best evidence of their contents.  However, Federal Defendants deny that Plaintiffs may support their claims with documents that are not contained in the administrative record.

264.    Federal Defendants lack information sufficient to form a belief as to the  truth or accuracy of the allegations in Paragraph 264 and therefore deny the allegations

265.    The allegations in Paragraph 265 state conclusions of law to which no response is required and purport to characterize and quote EPA regulations, which speak for themselves and are the best evidence of their contents.

266.    The allegations in Paragraph 266 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegations in Paragraph 266 to the extent they are inconsistent with the ROD.

267.    Federal Defendants deny the allegations in Paragraph 267.  Furthermore, the allegations purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.

268.    The allegations in Paragraph 268 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

269.    The allegations in Paragraph 269 state legal conclusions and constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 269, Federal Defendants deny the allegations.

270.    The allegations in Paragraph 270 state conclusions of law and constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 270, Federal Defendants deny the allegations.

271.    The allegations in Paragraph 271 state a conclusion of law to which no response is required and purport to characterize Colorado Air Quality Control Commission Regulation 16, which speaks for itself and is the best evidence of its contents.

**Fifth CAA Claim:**
**CONFORMITY DETERMINATION IS ARBITRARY AND CAPRICIOUS BY FAILING TO ACCOUNT FOR HALF OF TRUCK EMISSIONS AND FAILING TO DEMONSTRATE THAT PROJECT EMISSIONS WILL NOT VIOLATE THE PM10 NAAQS**

272.    The allegations in Paragraph 272 purport to characterize and quote EPA's 2015 Hot-spot Guidance, which speaks for itself and is the best evidence of its contents.

273.    The allegations in Paragraph 273 purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.

274.    Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 274 and therefore deny the allegations.  In addition, the allegations are vague because Plaintiffs do not state where and when CDPT allegedly reported the information at issue.

275.    Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 275 because the term "localized traffic data" is undefined by Plaintiffs, and therefore deny the allegations.

276.    The allegations purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.

277.    Federal Defendants admit the allegations in Paragraph 277.  However, the allegations purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.

278.    Federal Defendants deny the allegations in Paragraph 278.  Furthermore, the allegations purport to characterize the SDEIS, which speaks for itself and is the best evidence of its contents.

44

279.     The allegations in Paragraph 279 purport to characterize Plaintiffs' comment on the ROD, which comments speak for themselves and are the best evidence of their contents.

280.     The allegations in Paragraph 280 are a characterization of Plaintiffs' case to which no response is required. In addition, the referenced data speaks for itself and is the best evidence of its contents.  To the extent a further response is deemed to be required to the allegations in Paragraph 280, Federal Defendants deny the allegations.

281.     The allegations purport to characterize the FEIS and traffic data collected by CDOT, which speaks for itself and is the best evidence of its contents.

282.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 282 and therefore deny the allegations.  In addition, Defendants deny that Plaintiffs may use information from any website that is not contained in the administrative record in support of their claims.

283.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 283 and therefore deny the allegations.  In addition, Defendants deny that Plaintiffs may use information from any website that is not contained in the administrative record in support of their claims.

284.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 284 and therefore deny the allegations.  In addition, the allegations in Paragraph 284 are vague because Plaintiffs do not specify where in the "record" the alleged information is located.

285.     Federal Defendants admit the allegations in Paragraph 285 and aver that actual truck counts are not available for the year 2040.

286.     Federal Defendants deny the allegations in Paragraph 286. Furthermore, the allegations purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.

287.     Federal Defendants lack knowledge or information sufficient to form a a belief as to the truth or accuracy of the allegations in Paragraph 287 and therefore deny those allegations. In addition, the referenced comments speak for themselves and are the best evidence of their contents.

288.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 288, which are vague and ambiguous, and therefore deny those allegations.

289.     The allegations purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.

290.     Federal Defendants deny the allegations in Paragraph 290.

291.     The allegations in Paragraph 291 purport to characterize and quote the FEIS, which speaks for itself and is the best evidence of its contents.

292.     The allegations in Paragraph 292 state conclusions of law and constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 292, Federal Defendants deny the allegations.

293.     The allegations in Paragraph 293 state conclusions of law and constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a

response is deemed to be required to the allegations in Paragraph 293, Federal Defendants deny the allegations.

294.    The allegations in Paragraph 294 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 294, Federal Defendants deny the allegations.

295.    The allegations in Paragraph 295 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 295, Federal Defendants deny the allegations.  Federal Defendants also deny that Plaintiffs may use information from a website that is not contained in the administrative record to support their claims.

296.    The allegations in Paragraph 296 state legal conclusions and constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 296, Federal Defendants deny the allegations.

297.    The allegations in Paragraph 297 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 297, Federal Defendants deny the allegations.

298.    The allegations in Paragraph 298 purport to characterize and quote EPA's 2015 Hot-spot Guidance, which speaks for itself and is the best evidence of its contents.

299.    The allegations in Paragraph 299 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 299, Federal Defendants deny the allegations. Furthermore, the

allegations in Paragraph 299 purport to characterize the ROD, the Conformity Determination, and Plaintiffs comments on the draft conformity determination, all of which speak for themselves and are the best evidence of their contents.

300.   The allegations in Paragraph 300 purport to characterize the ROD which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 300 differ from the information contained in the ROD, the Federal Defendants deny the allegations.

301.   Federal Defendants admit the allegations in Paragraph 301 to the extent that the "Project" that the Plaintiffs refer to is the selected alternative.  However, the allegations purport to characterize and quote the FEIS, which speaks for itself and is the best evidence of its contents.

302.   The allegations in Paragraph 302 state legal conclusions and constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 302, Federal Defendants deny the allegations.

**Sixth Cause of Action:**
**HOT-SPOT ANALYSIS FAILS TO DEMONSTRATE PM10 AND CO CONCENTRATIONS WILL NOT VIOLATE NAAQS WHERE TRAFFIC TUNNEL EMISSIONS WILL EXPOSE CHILDREN ON PLAYGROUND**

303.   Federal Defendants admit the allegations in Paragraph 303 with the correction that the cover is approximately 980 feet long.

304.   Federal Defendants admit the allegations in Paragraph 304.  However, the allegations purport to characterize and quote the FEIS, which speaks for itself and is the best evidence of its contents.

305.    Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 305 because the design for the cover is conceptual and not final.   Furthermore, the allegations purport to characterize and quote the FEIS, which speaks for itself and is the best evidence of its contents.

306.    Federal Defendants admit the allegations in Paragraph 306. However, the allegations purport to characterize and quote the FEIS, which speaks for itself and is the best evidence of its contents.

307.    Federal Defendants admit the allegations in Paragraph 307. However, the allegations purport to characterize and quote the FEIS, which speaks for itself and is the best evidence of its contents.

308.    Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 308 because the design for the cover is conceptual and not final. Furthermore, the allegations purport to characterize and quote the FEIS, which speaks for itself and is the best evidence of its contents.

309.    The allegations in Paragraph 309 purport to characterize and quote from the ROD, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations in Paragraph 309 that are inconsistent with the ROD.

310.    The allegations in Paragraph 310 purport to characterize and quote from the FEIS, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 310 are inconsistent with the FEIS, Federal Defendants deny the allegations.

311.    The allegations in Paragraph 311 purport to characterize and quote from the FEIS, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 311 are inconsistent with the FEIS, Federal Defendants deny the allegations.

312.    Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 312, and therefore deny the allegations.  In addition, the referenced web site speaks for itself and is the best evidence of its contents, and Federal Defendants deny that Plaintiffs may rely upon information that is not in the administrative record.

a)  **PM10 Analysis:**

313.    The allegations in Paragraph 313 purport to characterize and quote from the FEIS, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 313 are inconsistent with the FEIS, Federal Defendants deny the allegations.

314.    The allegations in Paragraph 314 constitute Plaintiffs' characterization of their case to which no response is required.  In addition, the allegations in Paragraph 314 purport to characterize and quote from the FEIS, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 314 are inconsistent with the FEIS, Federal Defendants deny the allegations.

315.    Federal Defendants deny the allegations in Paragraph 315.  Furthermore, the allegations purport to characterize and quote the FEIS, which speaks for itself and is the best evidence of its contents.

316.    Federal Defendants admit the allegations in Paragraph 316 with the qualification that the concentrations are estimates.

317.     Federal Defendants admit the allegations in Paragraph 317.  However, the allegations purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.

318.     Federal Defendants admit the allegations in Paragraph 318.  However, the allegations purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.

319.     The allegations in Paragraph 319 purport to characterize and quote from the FEIS, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 319 are inconsistent with the FEIS, Federal Defendants deny the allegations.

320.     The allegations in Paragraph 320 purport to characterize and quote from the FEIS, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 320 are inconsistent with the FEIS, Federal Defendants deny the allegations.

**b) Carbon Monoxide Analysis:**

321.     The allegations in Paragraph 321 state conclusions of law to which no response is required and purport to characterize and quote EPA's regulations, which speak for themselves and are the best evidence of their contents.

322.     Federal Defendants admit the allegations in Paragraph 322.

323.     Federal Defendants admit the allegations in Paragraph 323. However, the allegations purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.

324.    Federal Defendants admit the allegations in Paragraph 324. However, the allegations purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.

325.    The allegations in Paragraph 325 purport to characterize and quote from the FEIS, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 325 are inconsistent with the FEIS, Federal Defendants deny the allegations.

326.    The allegations in Paragraph 326 purport to characterize and quote from the FEIS, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 326 are inconsistent with the FEIS, Federal Defendants deny the allegations.

327.    Federal Defendants admit the allegations in Paragraph 327 and aver that the referenced report was omitted from the published appendices by mistake.

328.    The allegations in Paragraph 328 purport to characterize and quote from the FEIS, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 328 are inconsistent with the FEIS, Federal Defendants deny the allegations.

329.    The allegations in Paragraph 329 purport to characterize and quote from the FEIS, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 329 are inconsistent with the FEIS, Federal Defendants deny the allegations.

330.    The allegations in Paragraph 330 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 330, Federal Defendants deny the allegations.

331.    The allegations in Paragraph 331 purport to characterize comments by Plaintiffs on the FEIS, which speaks for themselves and are the best evidence of their contents.

332.    The allegations in Paragraph 332 purport to characterize the contents of the ROD, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 332 are inconsistent with the ROD, Federal Defendants deny the allegations.

333.    Federal Defendants deny the allegations in Paragraph 333.

334.    Federal Defendants admit the allegations in Paragraph 334 with respect to PM10 and with the correction that OPEN PIT is an element of AERMOD not a separate model. However, the allegations purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.

335.    The allegations in Paragraph 335 purport to characterize and quote from AERMOD guidance, which speaks for itself and is the best evidence of its contents.    To the extent the allegations in Paragraph 335 are inconsistent with the cited guidance, Federal Defendants deny the allegations.

336.    The allegations in Paragraph 336 purport to characterize and quote from the ROD, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 336 are inconsistent with the ROD, Federal Defendants deny the allegations.

337.    Federal Defendants deny the allegations in Paragraph 337.

338.    The allegations in Paragraph 338 purport to characterize and quote from various third-party studies, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 338 are inconsistent with the cited studies, the Federal Defendants deny them.

339.    The allegations in Paragraph 339 purport to characterize and quote from Attachment J of the FEIS, which speaks for itself and is the best evidence of its contents.  To the

extent the allegations in Paragraph 339 are inconsistent with the FEIS, Federal Defendants deny the allegations.

340.     The allegations in Paragraph 340 purport to characterize and quote from a study published by the New Zealand Transport Agency, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny that Plaintiffs may rely upon studies not contained in the administrative record in support of their claims.

341.     The allegations in Paragraph 341 purport to characterize and quote from a 2015 study by Brugge, et al., which speaks for itself and is the best evidence of its contents.  Federal Defendants deny that Plaintiffs may rely upon studies not contained in the administrative record in support of their claims.

342.     The allegations in the first sentence of Paragraph 342 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in the first sentence of Paragraph 342, Federal Defendants deny the allegations.  The allegations in the second sentence of Paragraph 342 purport to characterize and quote from Attachment J of the FEIS, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in the second sentence of Paragraph 342 are inconsistent with the FEIS, Federal Defendants deny the allegations.

343.     Federal Defendants admit the allegations in Paragraph 343. However, the allegations purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.

344.     The allegations in Paragraph 344 purport to characterize and quote from a 2004 study by Arthur Winner, which speaks for itself and is the best evidence of its contents.  Federal

Defendants deny that Plaintiffs may rely upon studies not contained in the administrative record in support of their claims.

345.    The allegations in Paragraph 345 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 345, Federal Defendants deny the allegations.

346.    The allegations in Paragraph 346 purport to characterize comments by Plaintiffs on the ROD, which speaks for themselves and are the best evidence of their contents.  Further, to the extent the allegations differ from the contents of the ROD, Federal Defendants deny them.

347.    The allegations in Paragraph 347 purport to characterize and quote from the FEIS, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 347 are inconsistent with the FEIS, Federal Defendants deny the allegations.

348.    The Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 348, which are vague and ambiguous because Plaintiffs do not explain what they mean by the word "details," and therefore deny those allegations. In addition, the FEIS speaks for itself and is the best evidence of its contents.

349.    The Federal Defendants admit that the study was not attached to the listed documents and aver that the attachment was omitted from the FEIS by mistake.   Federal Defendants deny the remaining allegations in Paragraph 349.

350.    The Federal Defendants lack information sufficient to form an opinion on the truth or accuracy of the allegations in Paragraph 350 and therefore deny the allegations.

351.    The allegations in Paragraph 351 purport to characterize and quote from a 2015 Atkins Report, which speaks for itself and is the best evidence of its contents.  Federal

Defendants deny that Plaintiffs may rely upon a study or website that is not in the Administrative Record in support of their claims.

355. The allegations in Paragraph 352 purport to characterize and quote from a 2015 Atkins Report, which speaks for itself and is the best evidence of its contents. Federal Defendants deny that Plaintiffs may rely upon a study that is not in the Administrative Record in support of their claims.

353. The allegations in Paragraph 353 purport to characterize and quote from a 2015 Atkins Report, which speaks for itself and is the best evidence of its contents. Federal Defendants deny that Plaintiffs may rely upon a study that is not in the Administrative Record in support of their claims.

354. The allegations in Paragraph 354 purport to characterize and quote from a 2015 Atkins Report, which speaks for itself and is the best evidence of its contents. Federal Defendants deny that Plaintiffs may rely upon a study that is not in the Administrative Record in support of their claims.

355. The allegations in Paragraph 355 constitute Plaintiffs' characterization of their case to which no response is required. To the extent a response is deemed to be required to the allegations in Paragraph 355, Federal Defendants deny the allegations. The allegations in Paragraph 355 also purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.

356. The allegations in Paragraph 356 state conclusions of law and constitute Plaintiffs' characterization of their case to which no response is required. To the extent a

response is deemed to be required to the allegations in Paragraph 356, Federal Defendants deny the allegations.

357.    The allegations in Paragraph 357 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

358.    The allegations in Paragraph 358 state conclusions of law and constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 358, Federal Defendants deny the allegations.

359.    The allegations in Paragraph 359 state conclusions of law and constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 359, Federal Defendants deny the allegations.

**Seventh CAA Claim:**
**OPPORTUNITY FOR COMMENT HAS NOT BEEN PROVIDED**
**AS REQUIRED BY LAW**

360.    The allegations in Paragraph 360 state conclusions of law to which no response is required and purport to characterize and quote CAA regulations, which speak for themselves and are the best evidence of their contents.

361.    The allegations in Paragraph 361 state conclusions of law and constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 361, Federal Defendants deny the allegations.

362.     The allegations in Paragraph 362 constitute Plaintiffs' characterization of their case to which no response is required.  The allegations in Paragraph 362 are also vague because Plaintiffs do not identify the "technical and policy information" to which they refer.  To the extent a further response is deemed to be required to the allegations in Paragraph 362, Federal Defendants deny the allegations.

363.     Federal Defendants deny the allegations in Paragraph 363.

364.     Federal Defendants deny the allegations in Paragraph 364.

365.     The allegations in Paragraph 365 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 365, Federal Defendants deny the allegations.

366.     The allegations in Paragraph 366 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 366, Federal Defendants deny the allegations.

367.     The allegations in Paragraph 367 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 367, Federal Defendants deny the allegations.

368.     The allegations in Paragraph 368 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 368, Federal Defendants deny the allegations.

369.     The allegations in Paragraph 369 state conclusions of law and constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a

response is deemed to be required to the allegations in Paragraph 369, Federal Defendants deny the allegations.

370.    The allegations in Paragraph 370 state conclusions of law and constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 370, Federal Defendants deny the allegations.

371.    The allegations in Paragraph 371 state conclusions of law and constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 371, Federal Defendants deny the allegations.

372.    The allegations in Paragraph 372 state conclusions of law and constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed to be required to the allegations in Paragraph 371, Federal Defendants deny the allegations.

## GENERAL DENIAL

373.    Unless specifically admitted herein, Federal Defendants deny each and every allegation in Plaintiffs' Petition for Review.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint consists of Plaintiffs' request for relief to which no response is required.  To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any other relief whatsoever.

**DEFENSES**

1.      Plaintiffs have failed to state a claim upon which relief can be granted.

2.      Plaintiffs may not raise arguments in support of their claims that were not first raised to Defendants at the appropriate time during the administrative process.

3.      The merits of Plaintiff's claims should be decided based upon the administrative record and not upon allegations or responses to allegations in the pleadings.

4.      Injunctive relief should not be awarded against Federal Defendants for equitable reasons.

5.      An award of cost and fees against Federal Defendants is inappropriate.

**PRAYER**

WHEREFORE, Federal Defendants having fully answered and responded, pray that the First Amended Complaint be dismissed, that Plaintiffs receive no relief, that all costs and expenses of this litigation be borne by Plaintiffs, and that Federal Defendants be afforded such other relief as may be justified by the facts and the law.

Respectfully submitted this 29th day of September 2017.

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division

BY:  */s/ Carter F. Thurman*
CARTER F. THURMAN (GA Bar No. 691275)
MAYTE SANTACRUZ (CA Bar No. 259820)
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, DC 20044-7611
(202) 305-0444 (Thurman)
(202) 305-0465 (Santacruz)
(202) 305-0506 (fax)
carter.thurman@usdoj.gov
mayte.santacruz@usdoj.gov


*/s/ David A. Carson*
DAVID A. CARSON
United States Department of Justice
Environment and Natural Resources
Division
South Terrace – Suite 370
999 18th Street
Denver, Colorado 80202
(303) 844-1349
david.a.carson@usdoj.gov


**Attorneys for Federal Defendants**


Of Counsel:
Brent Allen (CO Bar No. 42922)
Federal Highway Administration
Office of the Chief Counsel, Western Legal Services Division
Lakewood, Colorado
(720) 963-3692
brent.allen@dot.gov

## CERTIFICATE OF SERVICE

I do hereby certify that on this 29th day of September 2017, the foregoing Federal

Defendants' Answer to Plaintiffs' Petition for Review was electronically filed with the Clerk of

Court using the CM/ECF system which will send notification of such filing to the following:

Andrea S. Gelfuso
Andrea Gelfuso, Attorney at Law
2402 South Holland Street
Lakewood, CO  80227
303-955-1910
Agelfuso6@gmail.Com

Robert E. Yuhnke
Robert E. Yuhnke & Associates
4050 Se Hosner Terrace
Gresham, OR  97080
303-499-0425
Bob.Yuhnke@prodigy.Net

Gregory Nicholas Corbin
Milligan Rona Duran & King, LLC-Denver
1627 Vine Street
Denver , CO  80206
720-414-2000
Gnc@mrdklaw.Com

BY:  /s/ Carter F. Thurman
CARTER F. THURMAN (GA Bar No. 691275)
MAYTE SANTACRUZ (CA Bar No. 259820)
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, DC 20044-7611
(202) 305-0444 (Thurman)
(202) 305-0465 (Santacruz)
(202) 305-0506 (fax)
carter.thurman@usdoj.gov
mayte.santacruz@usdoj.gov

_/s/ David A. Carson_
 DAVID A. CARSON
United States Department of Justice
Environment and Natural Resources
Division
South Terrace – Suite 370
999 18th Street
Denver, Colorado 80202
(303) 844-1349
david.a.carson@usdoj.gov

**_Attorneys for Federal Defendants_**