**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 17-cv-1661-WJM-MEH
*Consolidated with* 17-cv-1679-WJM-MEH

KYLE ZEPPELIN; BRAD EVANS; CHRISTINE O'CONNOR; KIMBERLY MORSE; JACQUELINE LANSING; JANET FEDER;

    *and*

SIERRA CLUB; ELYRIA AND SWANSEA NEIGHBORHOOD ASSOCIATION; CHAFFEE PARK NEIGHBORHOOD ASSOCIATION; and
COLORADO LATINO FORUM,

    Plaintiffs,

v.

FEDERAL HIGHWAY ADMINISTRATION,
ELAINE CHAO, in her official capacity as Secretary of transportation; and
JOHN M. CARTER, in his official capacity as Division Administrator,

    Defendants,

v.

COLORADO DEPARTMENT OF TRANSPORTATION, and
SHAILEN P. BHATT, in his official capacity as Executive Director of the Colorado Department of Transportation,

    Defendant-Intervenors.

## ORDER REGARDING PENDING MOTIONS

Before the Court is the Zeppelin Plaintiffs' APA § 705 Motion for Stay ("Motion for Stay") (ECF No. 32)[1] and the Federal Highway Administration's Motion to Dismiss [the Zeppelin Plaintiffs'] Claims 4, 5, and 7 . . . for Lack of Subject Matter Jurisdiction

---

[1] The "Zeppelin Plaintiffs" are Kyle Zeppelin, Brad Evans, Christine O'Connor, Kimberly Morse, Jacqueline Lansing, and Janet Feder.

("Motion to Dismiss") (ECF No. 45), which Defendant Colorado Department of Transportation ("CDOT") has joined (ECF No. 47). From the briefing submitted thus far, it is clear that the Zeppelin Plaintiffs' most immediate concern is the ongoing and planned construction of the various components of the "Platte to Park Hill" ("P2PH") stormwater drainage system. The Zeppelin Plaintiffs do not controvert the assertions by the Federal Highway Administration and CDOT (jointly, "Defendants") that P2PH is being constructed by the City and County of Denver ("Denver") using non-federal money.

Denver is not a party to this lawsuit. Thus, Plaintiffs' immediate focus on stopping P2PH raises, among other things, a serious jurisdictional question of redressability under Article III as to the Zeppelin Plaintiffs' Claims 4 and 5, which focus on P2PH. Defendants' have indeed brought such a jurisdictional challenge to those claims.[2] (See ECF No. 45 at 13–15.)[3] That redressability question also necessarily overlaps with the irreparable harm analysis in the Zeppelin Plaintiffs' Motion for Stay, to the extent they seek preliminary injunctive relief under Claims 4 and/or 5. Stated simply, if Denver is not a party to this lawsuit, how can the Court stop P2PH, even if only temporarily?

The Zeppelin Plaintiffs' Claims 1 and 6, which seek to stop CDOT from breaking ground on the trench intended to become the new route for I-70 in Northeast Denver (known to the parties as the "PCL Alternative"), apparently will go forward regardless—

---

[2] Defendants have also challenged Claim 7, which is potentially derivative of Claim 4 and/or Claim 5.

[3] All ECF page citations are to the page number in the ECF header, which does not always match the document's internal pagination.

no party has moved to dismiss Claims 1 and 6 on jurisdictional grounds, and the Court sees no obvious jurisdictional flaw. But Claims 4 and 5 are the overwhelming emphasis of the Zeppelin Plaintiffs' Motion for Stay, both in terms of facts and arguments presented and in terms of timing: some portions of P2PH are already under construction, and others may begin as early as next month. (ECF No. 32 at 24.)

The Zeppelin Plaintiffs suggest that the Court may evaluate preliminary injunctive relief with respect to P2PH now and defer questions of subject matter jurisdiction until full briefing on the merits of those questions. (*See* ECF No. 54 at 7.) This position is not correct—and is in fact the exact opposite of how a federal court of limited jurisdiction must approach disputes of this nature. If an order from this Court would not redress the Zeppelin Plaintiffs' claimed injuries flowing from P2PH, then the Court has no jurisdiction over any claim alleging injuries flowing from P2PH. The Court would still need to decide the Zeppelin Plaintiffs' Motion for Stay as it relates to Claims 1 and 6, but such a decision is not quite as urgent given the Zeppelin Plaintiffs' representation that CDOT does not plan to break ground on the PCL Alternative until "Spring of 2018." (ECF No. 32 at 25.)

On the current record, it appears that redressability of P2PH-related injuries turns on whether Denver intends to go forward with P2PH regardless of this lawsuit's outcome or CDOT's actions or inactions with respect to the PCL Alternative. The Court is considering holding an evidentiary hearing on that matter, but does not wish to do so without assurance that it would not be a waste of time. In any event, briefing on the challenge to subject matter jurisdiction must conclude before the Court can seriously consider any injunction intended to affect P2PH.

Accordingly, the Court ORDERS as follows:

1. The Zeppelin Plaintiffs' deadline to respond to Defendants' Motion to Dismiss is hereby ADVANCED to **October 16, 2017**, and Defendants' reply deadline is ADVANCED to **October 23, 2017**;

2. On or before **October 18, 2017**, the Zeppelin Plaintiffs shall submit a supplementary statement explaining whether they are prepared to put on a factual case challenging the credibility of Denver City Engineer Lesley Thomas's assertions that Denver will complete the P2PH project regardless of CDOT's actions.  (*See* ECF No. 46-11 ¶¶ 16, 21–22.)  If the Zeppelin Plaintiffs are prepared to do so, they shall concisely describe the testimony (including names of witnesses) and/or other evidence they would offer in such a credibility challenge; and

3. Separately, on or before **October 16, 2017**, Plaintiff O'Connor shall submit a statement concisely summarizing (in as non-argumentative terms as reasonably possible) the claims, defenses, and current state of proceedings in the related lawsuit to which she is a party, *John D. MacFarlane et al. v. City and County of Denver et al.*, Case No. 2016CV32126 (Denver Dist. Ct.).  This summary shall include the likely date, if known, of the trial judge's findings and conclusion with respect to the recent trial that the parties reference in their exhibits.

4

Dated this 10th day of October, 2017.

BY THE COURT:

_____
William J. Martinez
United States District Judge