IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Nos:   17-cv-01661-WYD
                    17-cv-01679-WYD

KYLE ZEPPELIN; BRAD EVANS; CHRISTINE O'CONNOR; KIMBERLY MORSE; JACQUELINE LANSING; JANET FEDER; SIERRA CLUB; ELYRIA AND SWANSEA NEIGHBORHOOD ASSOCIATION; CHAFFEE PARK NEIGHBORHOOD ASSOCIATION; and COLORADO LATINO FORUM,

    Plaintiffs,

v.

FEDERAL HIGHWAY ADMINISTRATION; ELAINE CHAO, in her official capacity as Secretary of transportation; and JOHN M. CARTER, in his official capacity as Division Administrator,

    Defendants,

v.

COLORADO DEPARTMENT OF TRANSPORTATION; and SHAILEN P. BHATT, in his official capacity as Executive Director of the Colorado Department of Transportation,

    Defendant-Intervenors.

---

## DECLARATION OF RAFAEL ESPINOZA

---

I, Rafael Espinoza, hereby declare:

1.     The facts set forth in this Declaration are based upon my personal knowledge. If called as a witness, I could and would testify competently to these facts. As to those matters that reflect an opinion, they reflect my personal opinion and judgment on the matter.

1

Exhibit 5

2. I am a citizen of the United States and resident of Denver, Colorado. I am an architect licensed in the State of Colorado, and the elected Representative of Denver's City Council District 1. I have been employed by the City of Denver since July 2015. I hold bachelors degrees in Building Science and Architecture and have 22 years experience in my field.

3. In my capacity as a sitting Denver City Councilperson, I know that all significant city contracts come before City Council for consideration before they can be executed. In my capacity as a Councilperson, I have the authority to request and review all relevant information in making a determination to vote for or against a measure to approve a contract, including contracts related to the City's stormwater project known as "Platte to Park Hill."

4. I have reviewed the Declaration of Lesley Thomas filed in this action. Ms. Thomas is a City engineer with no direct influence over Denver's financial affairs. Although she is certainly an advocate for TBDP/P2PH with the Denver City Council, it is the Council itself – not Ms. Thomas – that controls the approval of contracts and appropriations for TBDP/P2PH and other major drainage projects in Denver. Ms. Thomas is solely in a position to advise on what the City of Denver could do if CDOT was precluded from taking any further action on TBDP/P2PH, but she is not in a position to make any direct determinations.

5. In June of 2016, a wastewater fee increase was advanced and approved by City Council, under duress. A requested City Council committee delay was denied due to concerns about time constraints written into an existing Inter-Governmental Agreement between Denver and CDOT to provide funding to complete TBDP/P2PH. To the best of my knowledge, neither Denver nor the Wastewater Enterprise Fund have an additional $60 million cash on hand to directly make up for a shortfall in CDOT's funding of TBDP/P2PH should this Court enjoin such

a financial contribution. Additionally, there are significant challenges to the Denver City Council approving another bond measure or wastewater rate increase to shoulder the entire financial burden of TBDP/P2PH in CDOT's absence. Without CDOT's money, Denver would not have the money to independently deliver the TBDP/P2PH as that project is currently envisioned.

    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States, that to the best of my knowledge, the foregoing is true and correct.

DATED:   October 16, 2017.

_____