**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action Nos. 17-cv-01661-WJM-MEH
17-cv-01679-WJM-MEH

KYLE ZEPPELIN; BRAD EVANS; CHRISTINE O'CONNOR; KIMBERLY MORSE; JACQUELINE LANSING; JANET FEDER; SIERRA CLUB; ELYRIA AND SWANSEA NEIGHBORHOOD ASSOCIATION; CHAFEE PARK NEIGHBORHOOD ASSOCIATION; and COLORADO LATINO FORUM,

    Plaintiffs,

v.

FEDERAL HIGHWAY ADMINISTRATION, ELAINE CHAO, in her official capacity as Secretary of Transportation; and JOHN M. CARTER, in his official capacity as Division Administrator,

    Defendants,

v.

COLORADO DEPARTMENT OF TRANSPORTATION, and SHAILEN P. BHATT, in his official capacity as Executive Director of the Colorado Department of Transportation,

    Defendant-Intervenors.

---

**PLAINTIFF CHRISTINE O'CONNOR'S RESPONSE TO COURT'S OCTOBER 10, 2017, ORDER [Dkt. 55]**

---

    Plaintiff Christine O'Connor, by and through undersigned counsel, hereby responds to the Court's October 10, 2017, Order [Dkt. 55] as follows:

    The Court has ordered Ms. O'Connor to "submit a statement concisely summarizing (in as non-argumentative terms as reasonably possible) the claims, defenses, and current state of proceedings in the related lawsuit to which she is a party, *John D. MacFarlane et al. v. City and County of Denver et al.*, Case No. 2016CV32126 (Denver Dist. Ct.). This summary shall include

the likely date, if known, of the trial judge's findings and conclusion with respect to the recent trial that the parties reference in their exhibits." Dkt. 55 at CM/ECF 5.

### I. Claims in State Case

#### a. Claim for Declaratory Relief

In the above-described state court case ("State Case"), the Plaintiffs asserted a claim for declaratory relief against the City and County of Denver, alleging that the proposed stormwater management project (the "Project") in City Park Golf Course ("CPGC")—which is part of the Two Basin Drainage Project / Platte to Park Hill project and will require the closure of CPGC for approximately eighteen to twenty-four months—is unlawful for several reasons.

The City designated City Park Golf Course ("CPGC") as a park. The City is governed by its Charter, which was adopted pursuant to the Colorado Constitution, Article XX. Under § 2.4.4(A) of the Denver Charter and applicable caselaw, designated parkland must be used "for park and recreational purposes…." Plaintiffs in the State Case allege that the Project violates the Denver Charter, because it is inconsistent with a "park purpose." Namely, because the City admits that highway construction support is not a park purpose, and because the Project would not be proceeding (and depriving the public of its use for any purpose for an extended period of time) but for the need to protect the I-70 expansion project from stormwater, the Project contravenes the Charter's mandate that CPGC be used for park purposes. The State Case Plaintiffs sought to prove this point with many of the documents referenced in this case, including the IGA, the absence of the Project from Denver's 2014 Stormwater Master Plan, and the connections to I-70 seen in the Montclair Creek Drainage Feasibility Evaluation. Additionally, the State Case Plaintiffs argued that the unprecedented nature of the Two Basin

2

Drainage Project / Platte to Park Hill (1) in its size and scope (which far exceeds Denver's own policies for stormwater improvements, to the detriment of over $1.5 billion in needed and previously-identified but unfunded stormwater projects elsewhere throughout Denver), (2) in that Denver could not identify any other examples of similar circumstances that required the prolonged closure of a designated park in its entirety for purposes of the installation of a stormwater feature, as well as (3) its pursuit outside of normal capital improvement planning processes, suggests its focus is highway protection (and is not part of Denver's standard stormwater management plan).

Additionally, the State Case Plaintiffs allege that the Project's destruction of a large number of trees and animal habitat is inconsistent with park purposes. Moreover, CPGC is on the National and State Register of Historic Places, and the City admits that historic preservation and the preservation of cultural landscapes are valid park purposes; Plaintiffs in the State Case allege that the Project will be deleterious of these park purposes, and therefore violates the Denver Charter. The State Case Plaintiffs furthermore allege that the Project is inconsistent with Denver's Department of Parks and Recreation's own internal policies concerning park designation, demonstrating the Project's inconsistency with the very protection that the Denver Charter is supposed to afford designated parks.

All of CPGC is zoned "OS-A" under the Denver Zoning Code ("DZC"). OS-A districts under the DZC are "intended to protect and preserve public parks owned, operated or leased by the City and managed by the City's Department of Parks and Recreation ('DPR') for park purposes." DZC § 9.3.2.1.A. For the reasons described above with respect to the Denver Charter, Plaintiffs argued that the Project violates the DZC.

3

The State Case Plaintiffs also advanced a theory in support of their claim for Declaratory Relief that relied on the common law. "[A] resident taxpayer of a municipality has the right to maintain a suit to prevent the unlawful disposition by the municipal authorities of the money or property of the town, and to restrain the diversion of property in his town from any public use, in which he shares, to which it has been dedicated." *McIntyre v. Bd. of Comm'rs of El Paso Cty.*, 61 P. 237, 241 (Colo. App. 1900). Under both *McIntyre* and *McLauthlin v. City and County of Denver*, 280 P.2d 1103 (Colo. 1955), resident taxpayers may challenge the proposed use of parkland, and Courts may apply their own determination of whether a challenged action comports with traditional or accepted uses of parks. For the above reasons, the State Case Plaintiffs asserted that the Project violated the common law governing use of parkland.

### b. Claim for Injunctive Relief

The State Case Plaintiffs also sought a permanent injunction preventing the City from proceeding with the Project. Due to the planned start of construction on the Project in November of this year, and in light of the August trial date, the State Case Plaintiffs did not seek a preliminary injunction because it was anticipated there would be a ruling on the merits prior to the start of construction.

### 2. Defenses in State Case

The State Case Defendants asserted, as defenses, that (1) the Project will improve CPGC in the long run (and thus is consistent with park purposes), (2) stormwater control is not inconsistent with acceptable park purposes, and (3) the City should be entitled to deference with its determination that the Project was consistent with park purposes.

**3.      Status of State Case**

The State Case proceeded to a four-day trial to the Denver District Court between August 21 and 24, 2017.  At the conclusion of the trial, the court indicated that it was aware of the pendency of the City's plans for construction and that it would be working on its findings of fact and conclusions of law promptly.  See Transcript of Judge David Goldberg's remarks following closing arguments in the State Case, attached as **Exhibit 1**.

No ruling on the merits in the State Case has yet issued.  Because the City plans to start construction at CPGC on November 1, 2017, the State Case Plaintiffs expect a ruling by October 31, 2017.

The State Case Plaintiffs sought and received a status conference in the State Case that is scheduled for October 26, 2017, at 2:30 P.M.  Given various developments that have occurred since trial, which include—*inter alia*—the marking of trees for imminent removal at CPGC for the Project (see the State Case Plaintiffs' Notice filed on October 16, 2017, in the State Case, attached as **Exhibit 2**), the State Case Plaintiffs have filed a motion to convert the October 26, 2017, status conference into an evidentiary hearing for a preliminary injunction to prevent construction of the Project until a ruling on the merits is issued in the State Case.

The Plaintiffs in this instant action have no objection to this Court contacting the State Case court with respect to any relevant issues in the two cases.[1]

Respectfully submitted this 16th day of October, 2017.

---

[1] As noted in Ex. 2, the State Case Plaintiffs likewise have no objection to this Court and the State Case Court communication with respect to any relevant issues pertaining to these two matters.

5

KEATING WAGNER POLIDORI FREE, P.C.

By: *s/ Aaron D. Goldhamer*
Aaron D. Goldhamer, CO Reg. #41016
Melissa A. Hailey, CO Reg. #42836
1290 Broadway, Suite 600
Denver, CO 80203
Tel: (303) 534-0401
Fax: (303) 534-8333
mah@keatingwagner.com
agoldhamer@keatingwagner.com

*~ and ~*

James Jay Tutchton, CO Reg. #21138
Tutchton Law Office
6439 East Maplewood Avenue
Centennial, CO 80111
Tel: (720) 301-3843
jtutchtontlo@gmail.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of October, 2017, I filed a true and accurate copy of the foregoing with the Clerk of Court via the CM/ECF system, which provided immediate electronic notice of the same to all counsel of record as follows:

Carter F. Thurman, Esq.
Mayte Santacruz, Esq.
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Carter.thurman@usdoj.gov
Mayte.santacruz@usdoj.gov

David A. Carson
U.S. Department of Justice-Denver-ENRS
Environment & Natural Resources Section
999 17th Street
South Terrace, Suite 370
Denver, CO 80212
David.a.carson@usdoj.gov

*Attorneys for Federal Defendants*

John E. Putnam, Esq.
Nicholas A. DiMascio, Esq.
Kaplan Kirsch & Rockwell, LLP
1675 Broadway, Suite 2300
Denver, CO 80202
jputnam@kaplankirsch.com
ndimascio@kaplankirsch.com

Brent E. Butzin, Esq.
Assistant Attorney General
1300 Broadway, Tenth Floor
Denver, Colorado 80203
Brent.butzin@coag.gov

*Attorneys for Defendant-Intervenors*

Robert E. Yuhnke, Esq.
Robert E. Yuhnke & Associates

2

4050 SE Hosner Terrace
Gresham, OR 97080
Bob.yuhnke@prodigy.net

Andrea S. Gelfuso, Esq.
Andrea Gelfuso, Attorney at Law
2402 South Holland Street
Lakewood, CO 80227
Agelfuso6@gmail.com

Gregory Nicholas Corbin
Milligan Rona Duran & King, LLC-Denver
1627 Vine Street
Denver, CO 80206
gnc@mrdklaw.com

*Attorneys for Sierra Club Plaintiffs*

                                                 *s/ Aaron D. Goldhamer*

2