**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action Nos. 17-cv-01661-WJM-MEH
                17-cv-01679-WJM-MEH

KYLE ZEPPELIN; BRAD EVANS; CHRISTINE O'CONNOR; KIMBERLY MORSE;
JACQUELINE LANSING; JANET FEDER; SIERRA CLUB; ELYRIA AND SWANSEA
NEIGHBORHOOD ASSOCIATION; CHAFEE PARK NEIGHBORHOOD ASSOCIATION;
and COLORADO LATINO FORUM,

        Plaintiffs,

v.

FEDERAL HIGHWAY ADMINISTRATION, ELAINE CHAO, in her official capacity as
Secretary of Transportation; and JOHN M. CARTER, in his official capacity as Division
Administrator,

        Defendants,

v.

COLORADO DEPARTMENT OF TRANSPORTATION, and SHAILEN P. BHATT, in his
official capacity as Executive Director of the Colorado Department of Transportation,

        Defendant-Intervenors.

---

**ZEPPELIN PLAINTIFFS' SUPPLEMENTARY STATEMENT RE:
CHALLENGING THE CREDIBILITY OF LESLEY THOMAS**

---

On October 10, 2017, the Court issued an Order directing the Zeppelin Plaintiffs to

"submit a supplementary statement explaining whether they are prepared to put on a factual case

challenging the credibility of Denver City Engineer Lesley Thomas's assertions that Denver will

complete the P2PH project regardless of CDOT's actions.  (See ECF No. 46-11, ¶¶ 16, 21-22)."

Order, Dkt. 55, at 4.  The Court went on to direct that if the Zeppelin Plaintiffs are prepared to

put on such a factual case, Plaintiffs "shall concisely describe the testimony (including names of witnesses) and/or other evidence they would offer in such a credibility challenge…" Id.

With this filing, the Zeppelin Plaintiffs notify the Court that they are prepared to put on a factual case challenging the credibility of the statements made by Lesley Thomas at ¶¶ 16 and 21-22 of her Declaration filed in support of CDOT's response in opposition to Plaintiffs' Motion for Stay, Dkt. 46-11.  The statements made by Lesley Thomas are as follows:

**Thomas Declaration at ¶ 16:**

The primary purpose of the City's Stormwater Project is to protect all lives, homes, businesses, and property in downstream neighborhoods within the Montclair and Park Hill Basins.  While the Central 70 Project will, incidentally, receive protection by virtue of its location in these basins, the City is not undertaking its Stormwater Project for the purpose of preventing the lowered portion of I-70 from flooding.  Even if the Central 70 Project were to be canceled or did not involve lowering a portion of I-70 below grade, the City still would implement its Stormwater Project as presently designed and on the present schedule due to the urgent need to prevent catastrophic flooding within the City's downstream neighborhoods.  Consequently, the City intends to complete its Stormwater Project regardless of potential delays in, or the ultimate implementation of, the Central 70 Project.

**Thomas Declaration at ¶ 21:**

None of the City's contracts or plans depend upon whether the Central 70 Project moves forward, nor does the City's drainage project require any FHWA permits or approvals to proceed.

**Thomas Declaration at ¶ 22:**

The City has its own independent reasons for constructing its Stormwater Project, and those reasons would be no less important or urgent if the Central 70 Project were to be altered or canceled.  Each day that passes, there is a risk that a catastrophic flood will take the lives, homes business, and property of people in Elyria, Swansea, Cole, Clayton, Skyland, Whittier, Five Points, and Northeast Park Hill.  The City's Stormwater Project is essential to mitigating that risk and must be implemented as quickly and responsibly as possible.  The City therefore intends to complete its Stormwater Project whether or not the Central 70 Project goes forward.

Plaintiffs are prepared to introduce into evidence the following documents and testimony to show that the purpose of TBDP/P2PH is to protect I-70 from flooding:

- IGA between CDOT and Denver, Dkts. 1-14 – 1-16 (authenticated by Plaintiff Christine O'Connor, Dkt. 30, ¶ 27)[1] (public record excluded from the rule against hearsay, FRE 803(8))[2] (expressly states purpose of TBDP is to protect I-70; states Denver is CDOT's contractor for purposes of TBDP; states TBDP must be constructed to meet CDOT's schedule for Central 70);

- City and County of Denver Storm Drainage Master Plan, dated September 2014 (will be authenticated by Christine O'Connor) (public record excluded from the rule against hearsay, FRE 803(8)) (shows the Denver residential standard is to provide protection against a 5-year flood and that implementing a City-wide 100-year drainage system is not practical);

- Email from Denver City Engineer, Mike Anderson, to UDFCD Program Manager, Shea Thomas, dated August 2, 2013, Dkt. 32-9 (authenticated by Christine O'Connor, Dkt. 30, ¶ 10) (public record excluded from the rule against hearsay, FRE 803(8)) (shows Denver began evaluating drainage in Montclair and Park Hill Basins in light of proposed CDOT I-70 lowering project);

- Memorandum of Understanding, dated October 16, 2013, Dkt. 32-10 (authenticated by Christine O'Connor, Dkt. 30, ¶ 11) (public record excluded from the rule against hearsay, FRE 803(8)) (shows CDOT and Denver undertaking a collaborative approach to infrastructure improvements, including the drainage system required by I-70);

- Enginuity Engineering Solutions Memorandum, dated February 10, 2014, Dkt. 32-11 (authenticated by Christine O'Connor, Dkt. 30, ¶ 12) (public record excluded from the rule against hearsay, FRE 803(8)) (MATT was formed to address drainage issues presented by PCL Alternative);

- Montclair Creek Drainage Feasibility Evaluation, Dkts. 1-2 – 1-5 (authenticated by Christine O'Connor, Dkt. 30, ¶ 25) (public record excluded from the rule against hearsay, FRE 803(8)) (identifies volume of water that needs to be diverted

---

[1] Plaintiffs anticipate Defendant and Defendant-Intervenors will stipulate to the authenticity of most if not all of the public records listed in this Supplementary Statement, but reserve their right to call any witnesses necessary to authenticate these documents.

[2] Plaintiffs assert that all documentary evidence listed in this Supplementary Statement is admissible, but reserve their right to call additional witnesses if necessary to testify regarding the substance of any document or recording the Court rules is inadmissible hearsay.

from I-70; states Denver is investigating alternative designs to protect the lowering; states that if CDOT keeps federal dollars from drainage component, TBDP/P2PH does not need to be analyzed under NEPA);

- MATT Recommendation, dated January 20, 2015, Dkt. 32-12 (authenticated by Christine O'Connor, Dkt. 30, ¶ 13) (public record excluded from the rule against hearsay, FRE 803(8)) (reiterates I-70's need for 100-year flood protection; the technical recommended solution is a combined drainage system to address off-site drainage for the 100-year design flows from Montclair and Park Hill Basins);

- Memorandum from CDOT I-70 East Project Manager, Tony DeVito, dated July 16, 2015, Dkt. 32-13 (authenticated by Christine O'Connor, Dkt. 30, ¶ 13) (public record excluded from the rule against hearsay, FRE 803(8)) (states date of Denver's approval of IGA; describes CDOT's understanding of purpose and terms of IGA);

- CDOT Quarterly Update from Tony DeVito, dated June 17, 2015, Dkt. 56-3 (will be authenticated by Plaintiff Kyle Zeppelin) (public record excluded from the rule against hearsay, FRE 803(8)) (further description of CDOT's understanding of purpose and terms of IGA, including CDOT's and Denver's financial commitments and CDOT's reliance on TBDP/P2PH for Central 70 construction);

- Q&A – Intergovernmental Agreement between CDOT and Denver, dated August 4, 2015 (will be authenticated by Kyle Zeppelin) (public record excluded from the rule against hearsay, FRE 803(8)) (states Denver's understanding of purpose and terms of IGA, including funding commitments; Denver must have EADP in place prior to CDOT's highway construction);

- FEIS, Attachment M, MATT Meeting Minutes, dated October 21, 2013 (will be authenticated by Christine O'Connor) (public record excluded from the rule against hearsay, FRE 803(8)) (reflecting discussions that CDOT could separate drainage work from the main PCL project as an early action item to avoid NEPA review);

- Prior video recorded statements of Tony DeVito to Denver City Council Infrastructure and Cultural Committee, made on June 3, 2015, to be conventionally filed (will be authenticated by Denver City Councilwoman Deborah Ortega) (public record excluded from the rule against hearsay, FRE 803(8)) (discussing CDOT's perspective on purpose and terms of the IGA as part of formal presentation to City Council seeking approval of IGA);

- Prior video recorded statements of Denver Chief Projects Officer, Diane Barrett, made to Denver City Council Infrastructure and Cultural Committee on June 3,

2015, to be conventionally filed (will be authenticated by Deborah Ortega) (public record excluded from the rule against hearsay, FRE 803(8)) (discussing Denver's perspective on purpose and terms of the IGA as part of formal presentation to City Council seeking approval of IGA);

- Declaration of Dennis Royer, P.E., Dkt. 52 (discussing connection between Central 70 and TBDP/P2PH);

- Transcript of testimony of Deborah Ortega, given in trial of <u>John D. MacFarlane, et al. v. The City and County of Denver, et al.</u>, on August 22, 2017 (states IGA ties Central 70 and TBDP/P2PH together);

- Testimony of Dennis Royer (to address Lesley Thomas's role with the City of Denver and her lack of authority to make statements in Declaration);

- Testimony of Deborah Ortega (to address her familiarity with the IGA, Denver's process for reviewing and approving the IGA, and her understanding of the purpose and history of the IGA, Central 70, and TBDP/P2PH);

- Testimony of Tony DeVito (to address as necessary the aforementioned documents generated, signed, sent, or received by CDOT); and

- Testimony of Lesley Thomas (to address as necessary the aforementioned documents generated, signed, sent, or received by CDOT, and to address statements in Declaration).

Plaintiffs are prepared to introduce into evidence the following documents and testimony to show that but for CDOT's need to protect I-70 from flooding, Denver would not have, and could not have, provided the 100-year flood protection afforded by TBDP/P2PH:

- IGA between CDOT and Denver, Dkts. 1-14 – 1-16 (authenticated by Christine O'Connor, Dkt. 30, ¶ 27) (public record excluded from the rule against hearsay, FRE 803(8)) (shows financial commitments by CDOT and Denver);

- City and County of Denver Storm Drainage Master Plan, dated September 2014 (will be authenticated by Christine O'Connor) (public record excluded from the rule against hearsay, FRE 803(8)) (shows that Denver had no formal plans to design for 100-year flood protection prior to CDOT's introduction of the PCL Alternative);

- Maps attached to Memo from Enginuity representative, Don Jacobs, dated November 20, 2015 (will be authenticated by Christine O'Connor) (public and/or business record excluded from the rule against hearsay, FRE 803(6) and (8)) (shows the cost of TBDP/P2PH is more than the projected savings to businesses and residences protected by TBDP/P2PH, indicating the project serves another purpose);

- Draft City and County of Denver Storm Metrics Analysis with Appendix, dated January 2016 (to be authenticated by Christine O'Connor) (public record excluded from the rule against hearsay, FRE 803(8)) (shows how flooding potential of Montclair and Park Hill Basins compares to flooding potential in other local basins, dispelling notion of urgency but for PCL Alternative);

- Power Point Presentation shown at May 18, 2016 Denver City Council Committee Meeting (will be authenticated by Christine O'Connor) (public and/or business record excluded from the rule against hearsay, FRE 803(6) and (8)) (showing areas of reduced flooding as a result of TBDP/P2PH);

- Additional maps presented in presentations by City of Denver staff or consultants regarding TBDP/P2PH (to be authenticated by Christine O'Connor) (public record excluded from the rule against hearsay, FRE 803(8)) (shows how protection afforded by TBDP/P2PH does not fully address Denver's purported flooding concerns);

- Denver Public Works Power Point presentation to Denver City Council Finance and Governance Committee on August 30, 2016, Dkt. 56-4 (will be authenticated at hearing by Christine O'Connor) (public record excluded from the rule against hearsay, FRE 803(8)) (shows Denver needs CDOT cash contribution of $60.5 million to pay for all four TBDP/P2PH components);

- Letter from CDOT Manager of Environmental Programs, Jane Haan, to Colorado State Historic Preservation Officer, Steve Turner, dated December 29, 2016, Dkt. 32-22 (authenticated by Christine O'Connor, Dkt. 30, ¶ 21) (public record excluded from the rule against hearsay, FRE 803(8)) (states CDOT dollars will fund all four TBDP/P2PH components);

- Q&A – Intergovernmental Agreement between CDOT and Denver, dated August 4, 2015 (will be authenticated at hearing by Kyle Zeppelin) (public record excluded from the rule against hearsay, FRE 803(8)) (states Denver is using the I-70 East project as an opportunity to create a drainage solution);

6

- Declaration of Deborah Ortega, Dkt. 56-6 (the 100-year stormwater project became a priority for funding when Denver determined CDOT could contribute financially);

- Prior video recorded statements of Denver Engineer, Lesley Thomas, made to Denver City Council Infrastructure and Cultural Committee Meeting on June 3, 2015, to be conventionally filed (will be authenticated at hearing by Deborah Ortega) (public record excluded from the rule against hearsay, FRE 803(8)) (Denver 2014 Master Plan calls for five-year protection; through the IGA, Denver is looking to improve that level of protection to the 100-year mark);

- Prior video recorded statements of Diane Barrett to Denver City Council Infrastructure and Cultural Committee Meeting on June 3, 2015, to be conventionally filed (will be authenticated by Deborah Ortega) (public record excluded from the rule against hearsay, FRE 803(8)) (Denver is very fortunate that CDOT needed 100-year protection because it makes heightened protection in Denver affordable);

- Prior video recorded statements of Lesley Thomas to Denver City Council on June 22, 2015, to be conventionally filed (will be authenticated by Deborah Ortega) (public record excluded from the rule against hearsay, FRE 803(8)) (acknowledging that without CDOT funds, TBDP/P2PH would provide only five-year protection);

- Prior video recorded statements of Diane Barrett to Denver City Council on July 6, 2015, to be conventionally filed (will be authenticated by Deborah Ortega) (public record excluded from the rule against hearsay, FRE 803(8)) (states that absent CDOT's cooperation and participation, TBDP/P2PH would have provided only 5-year storm protection and would likely have been delayed for many years due to a lack of funds);

- Prior video recorded statements of Denver Deputy Chief Financial Officer, Gretchen Hollrah, made to Denver City Council Infrastructure and Cultural Committee Meeting on June 3, 2015, to be conventionally filed (will be authenticated by Deborah Ortega) (public record excluded from the rule against hearsay, FRE 803(8)) (describes financing of TBDP/P2PH and how CDOT dollars contribute to project);

- Testimony of Deborah Ortega (to explain how PCL Alternative provided opportunity to provide 100-year flood protection, which would have been otherwise unavailable due to a lack of funds);

- Testimony of Christine O'Connor (if necessary to address Denver maps showing basins, flood potential, and protection afforded (and not afforded) by TBDP/P2PH); and

- Testimony of former Chief of EPA Pollution Prevention and Toxics Unit, John M. Brink (if necessary to address Denver maps showing basins, flood potential, and protection afforded (and not afforded) by TBDP/P2PH).

Plaintiffs are prepared to introduce into evidence the following documents and testimony to show that if this Court issued an injunction against FHWA and/or CDOT, Denver would not and/or could not continue to construct TBDP/P2PH as presently designed and on the current schedule:

- IGA between CDOT and Denver, Dkts. 1-14 – 1-16 (authenticated by Christine O'Connor, Dkt. 30, ¶ 27) (public record excluded from the rule against hearsay, FRE 803(8)) (states that CDOT maintains the right to review and approve TBDP/P2PH designs and contractors; states CDOT's funding commitments to TBDP/P2PH; outlines cooperation between Denver and CDOT on all stages and components of TBDP/P2PH; states CDOT alone has the right to relax or forgive construction deadlines for TBDP/P2PH);

- Prior video recorded statements of Diane Barrett to Denver City Council Infrastructure and Cultural Committee Meeting on June 3, 2015, to be conventionally filed (will be authenticated by Deborah Ortega) (public record excluded from the rule against hearsay, FRE 803(8)) (speaks to CDOT's involvement with TBDP/P2PH design and contractor selection and intent of CDOT and Denver to closely collaborate on TBDP/P2PH and the remainder of Central 70);

- Prior video recorded statements of Gretchen Hollrah to Denver City Council Infrastructure and Cultural Committee Meeting on June 3, 2015, to be conventionally filed (will be authenticated by Deborah Ortega) (public record excluded from the rule against hearsay, FRE 803(8)) (speaks to financial entanglement of Central 70 and TBDP/P2PH);

- Declaration of Deborah Ortega, Dkt. 56-6 (states Denver City Council has not voted to complete TBDP/P2PH should CDOT not contribute up to $60.5 million; Denver City Council has not appropriated funds to complete TBDP/P2PH should CDOT fail to contribute);

- Declaration of Denver City Councilman, Raphael Espinoza, Dkt. 56-6 (states Denver does not have an additional $60 million to make up for a funding shortfall caused by an injunction over CDOT; states there are significant challenges to Denver City Council approving another bond measure or wastewater increase to shoulder financial burden of TBDP/P2PH in CDOT's absence);

- Testimony of Deborah Ortega (to describe process for approving TBDP/P2PH and other Denver drainage projects; to describe limits of Lesley Thomas's role in TBDP/P2PH; to describe impediments to TBDP/P2PH progressing as currently designed if CDOT were enjoined from participating financially; to explain statements in declaration); and

- Testimony of Raphael Espinoza (to describe process for approving TBDP/P2PH and other Denver drainage projects; to describe limits of Lesley Thomas's role in TBDP/P2PH; to describe impediments to TBDP/P2PH progressing as currently designed if CDOT were enjoined from participating financially; to explain statements in declaration).

Plaintiffs have prepared this Supplementary Statement based on the evidence known to date and for the purpose of establishing, at the Court's direction, that evidence exists to rebut the statements of Lesley Thomas and to call her credibility into question.  Should the Court set an evidentiary hearing on Plaintiffs' Motion for Stay, Plaintiffs respectfully request that they be permitted to present any additional documents and witnesses not included in this Statement, but identified at a later date prior to the hearing.

Respectfully submitted this 18th day of October, 2017.

KEATING WAGNER POLIDORI FREE, P.C.

By:   *s/ Melissa A. Hailey*
Melissa A. Hailey, CO Reg. #42836
Aaron D. Goldhamer, CO Reg. #41016
1290 Broadway, Suite 600
Denver, CO 80203
Tel: (303) 534-0401
Fax: (303) 534-8333

9

mah@keatingwagner.com
agoldhamer@keatingwagner.com

*~ and ~*

James Jay Tutchton, CO Reg. #21138
Tutchton Law Office
6439 East Maplewood Avenue
Centennial, CO 80111
Tel: (720) 301-3843
jtutchtontlo@gmail.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October, 2017, I filed a true and accurate copy of the foregoing with the Clerk of Court via the CM/ECF system, which provided immediate electronic notice of the same to all counsel of record as follows:

Carter F. Thurman, Esq.
Mayte Santacruz, Esq.
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Carter.thurman@usdoj.gov
Mayte.santacruz@usdoj.gov

David A. Carson
U.S. Department of Justice-Denver-ENRS
Environment & Natural Resources Section
999 17th Street
South Terrace, Suite 370
Denver, CO 80212
David.a.carson@usdoj.gov

*Attorneys for Federal Defendants*

John E. Putnam, Esq.
Nicholas A. DiMascio, Esq.
Kaplan Kirsch & Rockwell, LLP
1675 Broadway, Suite 2300
Denver, CO 80202
jputnam@kaplankirsch.com
ndimascio@kaplankirsch.com

Brent E. Butzin, Esq.
Assistant Attorney General
1300 Broadway, Tenth Floor
Denver, Colorado 80203
Brent.butzin@coag.gov

*Attorneys for Defendant-Intervenors*

Robert E. Yuhnke, Esq.
Robert E. Yuhnke & Associates

4050 SE Hosner Terrace
Gresham, OR 97080
Bob.yuhnke@prodigy.net

Andrea S. Gelfuso, Esq.
Andrea Gelfuso, Attorney at Law
2402 South Holland Street
Lakewood, CO 80227
Agelfuso6@gmail.com

Gregory Nicholas Corbin
Milligan Rona Duran & King, LLC-Denver
1627 Vine Street
Denver, CO 80206
gnc@mrdklaw.com

*Attorneys for Sierra Club Plaintiffs*

*s/ Melissa A. Hailey*