IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Actions Nos.   17-cv-01661-WJM-MEH
17-cv-01679-WJM-MEH

KYLE ZEPPELIN; BRAD EVANS; CHRISTINE O'CONNOR; KIMBERLY MORSE; JACQUELINE LANSING; JANET FEDER; SIERRA CLUB; ELYRIA AND SWANSEA NEIGHBORHOOD ASSOCIATION; CHAFEE PARK NEIGHBORHOOD ASSOCIATION; and COLORADO LATINO FORUM,

      Plaintiffs,

v.

FEDERAL HIGHWAY ADMINISTRATION, ELAINE CHAO, in her official capacity as Secretary of Transportation; and JOHN M. CARTER; in his official capacity as Division Administration,

      Defendants,

   and

COLORADO DEPARTMENT OF TRANSPORTATION, et al.,

      Defendant-Intervenors.

**RESPONSE TO ZEPPELIN PLAINTIFFS'
STATEMENT REGARDING EVIDENTIARY HEARING**

Prompted by a "serious jurisdictional question of redressability under Article III," this Court ordered the Zeppelin Plaintiffs to explain whether they are prepared to offer evidence challenging the "credibility of Denver City Engineer Lesley Thomas's assertions that Denver will complete the P2PH project regardless of CDOT's actions." (ECF 55 at 4.)[1] The Court's

---

[1] Following the Court's convention, citations to docket materials refer to the page number appearing in the ECF header.

fundamental question was, "if Denver is not a party to this lawsuit, how can the Court stop P2PH, even if only temporarily?" (ECF 55 at 2.) The Zeppelin Plaintiffs' response to that narrow question (ECF 58, 59) inappropriately seeks a wide-ranging evidentiary hearing concerning the *merits* of their connected-action claim. Such a hearing would be entirely inappropriate in this record-review case under the Administrative Procedure Act, 5 U.S.C. § 706 (court shall review the "whole record or those parts of it cited by a party").

In the Tenth Circuit, "[r]eviews of agency action in the district courts must be processed *as appeals*." *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1580 (10th Cir. 1994). Consistent with that approach, a court's "review of agency action is normally restricted to the administrative record." *Citizens for Alt. to Radioactive Dumping v. U.S. Dep't of Energy*, 485 F.3d 1091, 1096 (10th Cir. 2007). This means that a court typically reviews only "the evidence and proceedings before the agency at the time it acted." *Am. Mining Cong. v. Thomas*, 772 F.2d 617, 626 (10th Cir. 1985); *see also Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985) ("The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." (quotation marks omitted)). Moreover, "agencies are entitled to rely on their own experts so long as their decisions are not arbitrary and capricious," and a disagreement about the reliability of a method or the application of that method "is an insufficient basis for admitting extra-record evidence." *Lee v. U.S. Air Force*, 354 F.3d 1229, 1242, 1245 (10th Cir. 2004).

As explained in FHWA and CDOT's opposition to the Zeppelin Plaintiffs' stay motion, FHWA expressly found that Denver's stormwater project is not a connected action for NEPA purposes. (ECF 46_PI Opposition at 12-13, 17-22; ECF 46-4_ROD at 147; ECF 46-

6_Connected Actions Finding.)  Under the authority cited above, this Court's review of the merits of FHWA's connected-action finding is limited to the administrative record.  (*See* ECF 46-19_Horn Declar. ¶¶ 5-7; ECF 54-1_Hailey Letter; ECF 54-2_Thurman Letter (explaining which documents will and will not be in the administrative record)).  This Court's role is to determine whether there is "sufficient evidence in the record to support [FHWA's] finding."  *Colo. Rail Passenger Ass'n v. Fed. Transit Admin.*, 843 F. Supp. 2d 1150, 1165 (D. Colo. 2011).

       The Zeppelin Plaintiffs nevertheless wish to introduce numerous documents and proffer several witnesses who will testify concerning their opinions that Denver's stormwater project is connected to the Central 70 Project.  (ECF 58 at 3-8 (summarizing documents and testimony allegedly showing that the "purpose of TBDP/P2PH is to protect I-70 from flooding" and that but for the Central 70 Project, "Denver would not have, and could not have, provided the 100-year flood protection afforded by TBDP/P2PH").)  None of that evidence bears upon the Court's specific question about the City Engineer's "credibility" or Denver's ability to proceed with its project.  (ECF 55 at 2, 4.)  Instead, the Zeppelin Plaintiffs are inappropriately attempting to obtain an evidentiary hearing on the merits of their connected-action claim, which must be decided exclusively on the administrative record.

       Only the third group of documents and witnesses in the Zeppelin Plaintiffs' filing arguably responds to the Court's specific question.  (ECF 58 at 8-9 (summarizing documents and testimony allegedly showing that "Denver would not and/or could not continue to construct TBDP/P2PH as presently designed and on the current schedule").)  The Zeppelin Plaintiffs have already filed three of those documents with the Court: the Intergovernmental Agreement between CDOT and Denver (ECF 1-14), the Ortega Declaration (ECF 56-6), and the Espinoza

Declaration (ECF 56-5). The Court does not need an evidentiary hearing to review those documents, and Councilman Ortega's and Espinoza's suggested testimony would merely repeat what they already have said in their declarations. (ECF 58 at 9 (stating that those witnesses would describe the "process for approving TBDP/P2PH," the "limits of Lesley Thomas's role," "impediments to TBDP/P2PH progressing as currently designed if CDOT were enjoined from participating financially," and "statements in declaration").)

The only remaining evidence that the Zeppelin Plaintiffs wish to proffer are excerpts from a video of a Denver City Council Cultural Committee meeting on June 3, 2015, and excerpts of a video of a Denver City Council Finance and Government Committee meeting concerning Park Hill Golf Course on October 3, 2017. (ECF 58 at 8; ECF 59 at 1-2.) The Court does not need an evidentiary hearing to review either video because the Zeppelin Plaintiffs' response on the jurisdictional motion provided Internet links to those videos. (ECF 56 at 6-7 & n.6 (citing 6/3/15 video at 7:17-7:56, 25:56-26:23, and 1:07:57-1:10:26); ECF 56 at 6 n.8 (citing 10/3/17 video at 1:04:15-1:05:27).) The two-year old video does not speak to the City Engineer's "credibility" concerning Denver's ability to proceed today, especially given Denver's subsequent progress on the outfall at Globeville Landing Park (*see* ECF 32-18), issuance of bonds to fund its stormwater project (ECF 46-7 at 7), and signing of contracts for the City Park Golf Course Redesign Project (*Id.*). Nor is the October 2017 video relevant, since the Zeppelin Plaintiffs did not identify any harm to Park Hill Golf Course in their preliminary injunction motion. (ECF 32 at 33-39.)

In sum, the Zeppelin Plaintiffs' filing confirms this Court's concern that an evidentiary hearing would be a "waste of time." (ECF 55 at 3.) The Zeppelin Plaintiffs cannot and will not

4

address the Court's specific question concerning the City Engineer's "credibility." (ECF 55 at 4.) Instead, the Zeppelin Plaintiffs will inappropriately attempt to use extra-record evidence to save their unmeritorious connected-action claim.

This Court should deny the Zeppelin Plaintiffs' request for an evidentiary hearing and decide the pending motions on the papers, including Defendants' forthcoming reply on their motion to dismiss. But if this Court does permit the Zeppelin Plaintiffs a hearing, it should restrict them to only those few materials they designated on the question of Denver's ability to proceed with its stormwater project.

|  | Respectfully submitted, |
|---|---|
| BRENT E. BUTZIN<br>Assistant Attorney General<br>1300 Broadway, 10th Floor<br>Denver, CO  80203<br>(720) 508-6638<br>Brent.Butzin@coag.gov | JOHN E. PUTNAM<br>NICHOLAS A. DIMASCIO<br>KAPLAN KIRSCH & ROCKWELL LLP<br>1675 Broadway, Suite 2300<br>Denver, CO  80202<br>(303) 825-7000<br>jputnam@kaplankirsch.com<br>ndimascio@kaplankirsch.com |

*Attorneys for Intervenor Respondent*

OCT. 19, 2017

   *s/ Nicholas A. DiMascio*
   NICHOLAS A. DIMASCIO

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of October, 2017, I electronically filed the foregoing document and all of its attachments with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Melissa A. Hailey
Aaron D. Goldhamer
Keating Wagner Polidori Free, P.C.
1290 Broadway, Suite 600
Denver, CO 80203
(303) 534-0401
(303) 534-8333
mah@keatingwagner.com
agoldhamer@keatingwagner.com

James Jay Tutchton
Tuchton Law Office
6439 East Maplewood Avenue
Centennial, CO 80111
(720) 301-3843
jtuchtonlo@gmail.com

Robert E. Yuhnke
4050 Se Hosner Terrace
Gresham, OR 97080
(303) 499-0425
bob.yuhnke@prodigy.net

Andrea S. Gelfuso
Andrea Gelfuso, Attorney at Law
2402 South Holland Street
Lakewood, CO 80227
(303) 955-1910
Agelfuso6@gmail.com

Carter F. Thurman
Mayte Santacruz
U.S. Department of Justice
Env't & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
(202) 305-0465 (phone)
(202) 305-0506 (fax)
carter.thurman@usdoj.gov
mayte.santacruz@usdoj.gov

David A. Carson
United States Department of Justice
Env'l Natural Resources Division
Environmental Defense Section
Denver Place Building
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
(303) 844-1349
david.a.carson@usdoj.gov

Gregory Nicholas Corbin
Milligan Rona Duran & King, LLC
1627 Vine Street
Denver, CO 80206
(720) 414-2000
Fax: (855) 395-5525
Gnc@mrdklaw.com

s/ *Nicholas A. DiMascio*
Nicholas A. DiMascio

11