IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Nos. 17-cv-01661-WJM-MEH
17-cv-01679-WJM-MEH

KYLE ZEPPELIN; BRAD EVANS; CHRISTINE O'CONNOR; KIMBERLY MORSE; JACQUELINE LANSING; JANET FEDER; SIERRA CLUB; ELYRIA AND SWANSEA NEIGHBORHOOD ASSOCIATION; CHAFEE PARK NEIGHBORHOOD ASSOCIATION; and COLORADO LATINO FORUM,

  Plaintiffs,

v.

FEDERAL HIGHWAY ADMINISTRATION, ELAINE CHAO, in her official capacity as Secretary of Transportation; and JOHN M. CARTER, in his official capacity as Division Administrator,

  Defendants,

v.

COLORADO DEPARTMENT OF TRANSPORTATION, and SHAILEN P. BHATT, in his official capacity as Executive Director of the Colorado Department of Transportation,

  Defendant-Intervenors.

---

**REPLY TO RESPONSE TO ZEPPELIN PLAINTIFFS' STATEMENT REGARDING EVIDENTIARY HEARING, DKT. 60**

---

As quoted in the Zeppelin Plaintiffs' Supplemental Statement, Dkt. 58, the Court's Order instructed Plaintiffs to "submit a supplementary statement explaining whether they are prepared to put on a factual case challenging the credibility of Denver City Engineer Lesley Thomas's assertions that Denver will complete the P2PH project regardless of CDOT's actions. (See ECF No. 46-11, ¶¶ 16, 21-22)." Order, Dkt. 55, at 4. Paragraphs 16 and 21-22 of the Thomas

Declaration contain sweeping conclusory statements about the "primary purpose" of TBDP/P2PH and expressly state: "the City is not undertaking its Stormwater Project for the purpose of preventing the lowered portion of I-70 from flooding." Dkt. 46-11 at ¶ 16. Thomas went on to say without support that Denver "would implement its Stormwater Project as presently designed and on the present schedule" even if this Court issued an injunction against CDOT. Id. The point of Plaintiffs' Supplementary Statement was, as instructed by the Court, to attack the credibility of these statements and Ms. Thomas's authority to make them.

Although CDOT feigns surprise at the scope of Plaintiffs' Statement and complains that Plaintiffs are going outside the record to adjudicate the merits of their claims, see Response to Supplementary Statement, Dkt. 60, CDOT *invited* the introduction of this evidence by and through its filing of the Thomas Declaration. CDOT cannot support its Response in Opposition to Plaintiffs' Motion for Stay with conclusory and self-serving statements made by a Denver City Engineer and then not answer for the inaccuracies in those statements.

Before this Court is Plaintiffs' Motion for Stay and FHWA's and CDOT's Motions to Dismiss. The Court has called attention to the issues of subject matter jurisdiction and irreparable harm. Despite CDOT's arguments, the Court is not limited to the administrative record when resolving these issues. See Holt v. United States, 46 F.3d 1000, 1002-1003 (10th Cir. 1995) (when reviewing a factual attack on subject matter jurisdiction, a district court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)); Dine Citizens Against Ruining Our Env't v. Jewell, 2015 U.S. Dist. LEXIS 109986 at * 7 (D.N.M. August 14, 2015) (when resolving a motion for preliminary injunction, the court may review whatever sources are available to it).

2

This is especially true when FHWA has not yet filed an administrative record and CDOT itself went outside the bounds of any forthcoming record to generate the Thomas Declaration for the express purpose of rebutting the factual allegations in Plaintiffs' Motion for Stay that TBDP/P2PH is a necessary component of Central 70, which CDOT purposefully segmented from that major federal action for the purpose of evading NEPA review.[1]  CDOT can hardly complain about Plaintiffs' reliance on documents outside "the record" when no record in this case exists and it opened the door to this evidence through its reliance on a document that was generated for the sole purpose of supporting its position in this litigation.

While the Zeppelin Plaintiffs are hesitant to pile on to the voluminous early filings in this case, they file this Reply to reiterate their desire for a hearing on their Motion for Stay and to present during that hearing at least the evidence outlined in their Supplementary Statement and subsequent Errata, Dkt. 59.  Contrary to CDOT's assertion, this evidence is highly relevant to Lesley Thomas's credibility, as it contains her own videotaped prior statements, as well as those of other Denver officials and Tony DeVito, the I-70 Project Manager for CDOT, which directly contradict the statements made in the Thomas Declaration.  <u>Compare</u> Dkt. 60 at 3 (Plaintiffs' evidence is irrelevant to Thomas' credibility); Dkt. 58 (listing numerous City Council meetings at which Lesley Thomas, Tony DeVito, and others speak formally to the Denver City Council about TBDP/P2PH in a manner that contradicts the Thomas Declaration).

CDOT is correct that Plaintiffs have provided the Court with links to some of these videos and citations to much of the evidence included on their Supplementary Statement in prior

---

[1] These factual allegations were made in support of prong one of the standard for preliminary injunctions: likelihood of success on the merits.

briefing.  See Dkt. 60 at 4.  But some of the evidence on the Supplemental Statement is *not* currently before the Court, and the videos cited in briefing are multiple hours long each.  In light of CDOT's statement that it does not want this Court to hold an evidentiary hearing, but rather rule on Plaintiffs' Motion for Stay based on briefing, id. at 5, Plaintiffs feel obliged to file as Exhibits to this Reply all documents cited in their Supplementary Statement but not currently before the Court.  Those are listed as follows:

- Ex. 1, MATT Meeting Minutes, dated October 21, 2013, featured in Attachment M to FEIS.  See p. 3 ( "The potential for CDOT to separate the drainage work from the main PCL project as an early action item was discussed… The schedule listed above would first require a separation of the drainage work from the PCL project as an early action item.").

- Ex. 2, Q&A – IGA between CDOT and Denver, dated August 4, 2015 (generally addressing purpose of TBDP, funding for TBDP, and time critical nature of EADP portion of TBDP.  See p. 2 ("This is a critical step to have in place before CDOT begins construction on the I-70 design.").

- Ex. 3, Enginuity Memorandum, dated November 20, 2015.  See pp. 7-10 (shows the cost of TBDP/P2PH is more than the projected savings to businesses and residences protected by TBDP/P2PH, indicating the project serves another purpose).

- Ex. 4, Power Point Presentation shown at May 18, 2016 Denver City Council Committee Meeting.  See p. 5 (showing areas of reduced flooding as a result of TBDP/P2PH).

- Ex. 5, Denver Stormwater Master Plan, issued September 2014 (in its entirety), to be conventionally filed on October 23, 2017, due to file size.

In addition to these Exhibits, the Zeppelin Plaintiffs will also conventionally file full and edited versions of the following video recordings of proceedings of the Denver City Council:

- June 3, 2015 Denver City Council Infrastructure and Cultural Committee Meeting;

- June 22, 2015 Denver City Council Weekly Legislative Meeting;

4

- July 6, 2015 Denver City Council Weekly Legislative Meeting; and
- October 3, 2017 Denver City Council Finance and Governance Committee Meeting.

These videos were professionally edited today and loaded onto the same flash drive as Exhibit 5, the 2014 Master Plan.  See Ex. 6, Declaration of Kim Gable (professional videographer).  Undersigned counsel will hand deliver this flash drive to the Court for conventional filing on October 23, 2017, prior to the Scheduling Conference set for 10:00 a.m.

Also contrary to CDOT's assertions in its Response to Plaintiffs' Supplementary Statement, Plaintiffs do not intend to call Councilwoman Ortega and Councilman Espinoza at any forthcoming hearing so they can "merely repeat what they have already said in their declarations." Dkt. 60 at 4.  These witnesses have first hand knowledge of the joint presentations made to the Denver City Council by Lesley Thomas and Tony DeVito regarding Central 70 and TBDP/P2PH and can speak to how the Denver City Council approves projects like the TBDP, the assumptions underlying the Denver City Council's approval of the TBDP, and whether Denver can and will move forward with the TBDP as currently designed and scheduled without any further financial contribution or cooperation from CDOT.

Yes, Council members Ortega and Espinoza are prepared to testify that Lesley Thomas is not in a position to make any direct determinations as to what the City would do in the absence of CDOT's collaboration on TBDP/P2PH, and that Denver is not prepared to make up for the $60 million shortfall to TBDP/P2PH that would flow from an injunction; however their testimony will not be limited to the statements in their Declarations.  For instance, since filing his original Declaration, Councilman Espinoza has been given, at his request, an accounting of CDOT dollars on TBDP/P2PH.  See Ex. 7, Second Declaration of Raphael Espinoza, at ¶ 5.

5

That accounting shows that, to date, CDOT has paid the City $2.5 million for construction of the Brighton Box Culvert and $12.7 million for acquired property interests, but has made *no payment* to the City on the outstanding balance of the TBDP/P2PH, which currently totals $23,565,741.58.  Id.  The Court will recall (as stated by Assistant City Attorney John McGrath in the video of the October 3, 2017 Finance and Governance Committee Meeting) that CDOT has committed to fund $60 million of the TBDP/P2PH.  If this Court were to issue an injunction against CDOT from taking any further step on Central 70, which includes the TBDP/P2PH as an necessary and integral component, CDOT could make no additional payments to Denver under the IGA and the project would likely stall due to lack of funding.  The Zeppelin Plaintiffs should be permitted to present this and other relevant evidence to the Court and to cross-examine Lesley Thomas on the statements made in her Declaration.

Respectfully submitted this 20th day of October, 2017.

        KEATING WAGNER POLIDORI FREE, P.C.

By:   *s/ Melissa A. Hailey*
       Melissa A. Hailey, CO Reg. #42836
       Aaron D. Goldhamer, CO Reg. #41016
       1290 Broadway, Suite 600
       Denver, CO 80203
       Tel: (303) 534-0401
       Fax: (303) 534-8333
       mah@keatingwagner.com
       agoldhamer@keatingwagner.com

*~ and ~*

James Jay Tutchton, CO Reg. #21138
Tutchton Law Office
6439 East Maplewood Avenue

6

Centennial, CO 80111
Tel: (720) 301-3843
jtutchtontlo@gmail.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October, 2017, I filed a true and accurate copy of the foregoing with the Clerk of Court via the CM/ECF system, which provided immediate electronic notice of the same to all counsel of record as follows:

Carter F. Thurman, Esq.
Mayte Santacruz, Esq.
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Carter.thurman@usdoj.gov
Mayte.santacruz@usdoj.gov

David A. Carson
U.S. Department of Justice-Denver-ENRS
Environment & Natural Resources Section
999 17th Street
South Terrace, Suite 370
Denver, CO 80212
David.a.carson@usdoj.gov

*Attorneys for Federal Defendants*

John E. Putnam, Esq.
Nicholas A. DiMascio, Esq.
Kaplan Kirsch & Rockwell, LLP
1675 Broadway, Suite 2300
Denver, CO 80202
jputnam@kaplankirsch.com
ndimascio@kaplankirsch.com

Brent E. Butzin, Esq.
Assistant Attorney General
1300 Broadway, Tenth Floor
Denver, Colorado 80203
Brent.butzin@coag.gov

*Attorneys for Defendant-Intervenors*

Robert E. Yuhnke, Esq.
Robert E. Yuhnke & Associates

4050 SE Hosner Terrace
Gresham, OR 97080
Bob.yuhnke@prodigy.net

Andrea S. Gelfuso, Esq.
Andrea Gelfuso, Attorney at Law
2402 South Holland Street
Lakewood, CO 80227
Agelfuso6@gmail.com

Gregory Nicholas Corbin
Milligan Rona Duran & King, LLC-Denver
1627 Vine Street
Denver, CO 80206
gnc@mrdklaw.com

*Attorneys for Sierra Club Plaintiffs*

                                                                        *s/ Melissa A. Hailey*