# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action Nos.  17-cv-01661-MJW
                   17-cv-01679-MJW

KYLE ZEPPELIN; BRAD EVANS; CHRISTINE O'CONNOR; KIMBERLY MORSE; JACQUELINE LANSING; JANET FEDER

SIERRA CLUB; ELYRIA AND SWANSEA NEIGHBORHOOD ASSOCIATION; CHAFEE PARK NEIGHBORHOOD ASSOCIATION; AND COLORADO LATINO FORUM,

    Plaintiffs,

v.

FEDERAL HIGHWAY ADMINISTRATION, ELAINE CHAO, in her official capacity as Secretary of Transportation; and JOHN M. CARTER, in his official capacity as Division Administrator,

    Defendants,

v.

COLORADO DEPARTMENT OF TRANSPORTATION, and SHAILEN P. BHATT, in his official capacity as Executive Director of the Colorado Department of Transportation,

    Defendant-Intervenors.

## FEDERAL HIGHWAY ADMINISTRATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS CLAIMS 4, 5, AND 7 OF ZEPPELIN PLAINTIFFS' AMENDED PETITION FOR LACK OF SUBJECT MATER JURISDICTION

Defendant Federal Highway Administration ("FWHA") submits this reply in support of its Motion to Dismiss Claims 4, 5, and 7 of Zeppelin Plaintiffs' Amended Petition for Lack of Subject Matter Jurisdiction ("Motion to Dismiss," ECF No. 45), and responds to the opposition filed by Kyle Zeppelin and other named plaintiffs in Case No. 17-cv-01661 ("Plaintiffs") to the Motion to Dismiss ("Opposition," ECF No. 56).

## INTRODUCTION

As this Court correctly noted in its October 11, 2017 Order, Plaintiffs' primary and immediate concern is the ongoing construction of the City of Denver's stormwater drainage project ("P2PH"), a purely local project they want to stop. (ECF No. 55). To invoke the Court's jurisdiction over their P2PH-related claims (Claims 4, 5, and 7) and bypass the APA's federal action requirement, Plaintiffs continue to argue that FHWA violated NEPA and Section 4(f) by improperly segmenting P2PH from Central 70, as if this somehow would confer the Court jurisdiction over their claims where it true.

Plaintiffs' allegations in their Amended Petition and the arguments in their Opposition focus exclusively on the *merits* of their claims without first clearing the threshold jurisdictional requirement: was P2PH funded with federal money or subject to federal control? The answer to this question is no. Plaintiffs attempt to save their P2PH-related claims from this fatal flaw by claiming that the undisputed fact that FHWA never approved, funded, or controlled P2PH is "immaterial." (Opp'n 1, 7-11). Plaintiffs are wrong. Without federal funding or control over P2PH, the Court lacks jurisdiction over Plaintiffs' P2PH-related claims.

## ARGUMENT

**A.   The Court Lacks Jurisdiction under the Administrative Procedure Act ("APA") to Review Claims 4, 5, and 7.**

The Tenth Circuit has made it clear that NEPA and its regulations apply only to a "major Federal action," which by definition includes only activities taken by the federal government or non-federal activities subject to federal control. *Ross v. Fed. Highway Admin.*, 162 F.3d 1046, 1051 (10th Cir. 1998); *see also Sierra Club v. Hodel*, 848 F.2d 1068, 1089 (10th Cir. 1988) ("[T]he federal agency must possess actual power to control the nonfederal activity."), *overruled on other grounds by Vill. of Los Ranchos de Albuquerque v. Marsh*, 956 F.2d 970 (10th Cir.

1

1992) (en banc). The same is true for Section 4(f). *See Vill. of Los Ranchos de Albuquerque v. Barnhart*, 906 F.2d 1477, 1484-85 (10th Cir. 1990).

Plaintiffs do not dispute this well-established case law. Nor do Plaintiffs dispute the fact that FHWA has never approved, funded, or exercised any control over P2PH. Instead, Plaintiffs dismiss these facts as "immaterial" (Opp'n 9-10), and continue to rely on their segmentation theory to bootstrap jurisdiction. Plaintiffs' argument that P2PH is subject to NEPA and APA review because Central 70 is a "major federal action" that should have included P2PH (Opp'n 1, 7-8) is circular and nonsensical. Merely alleging that Central 70 is a "major Federal action" is insufficient to federalize P2PH—a separate project that has been, and remains, entirely outside of FHWA's control. No case supports Plaintiffs' expansive view of NEPA's application to non-federal activity. Even the only two cases relied on by Plaintiffs confirm that without any federal funding approved or appropriated for P2PH or FHWA's power to control P2PH, the Court lacks jurisdiction over Plaintiffs' connected-and-similar-action claims and Section 4(f) claim.

Relying on *Ross*, Plaintiffs argue that the fact that FHWA did not fund or control P2PH is "immaterial" because CDOT attempted to "defederalize" and segment P2PH from Central 70 by withdrawing federal funding. (Opp'n 10). Plaintiffs' argument is wrong, both factually and legally. First, unlike the project in *Ross*, FHWA has never approved or appropriated any funding for P2PH, nor has FHWA participated in the review or approval of environmental documents necessary for the construction of P2PH; thus, it was never "federalized." Logically, then, P2PH could never be "defederalized," as Plaintiffs argue. Second, Plaintiffs mischaracterize the holding in *Ross*. There, the Tenth Circuit held that non-federal activity does not constitute a "major Federal action" unless "the federal government has actual power to control the project." *Ross*, 162 F.3d at 1051 (internal quotations omitted). In *Ross*, the Tenth Circuit found that a

portion of a single "major federal action" had been improperly segmented because "federal funding was sought and appropriated" for the entire project, including the improperly segmented portion of the project, and because "FHWA['s] participation continued long after the initial EIS was completed and approved." *Id.* at 1053. The facts here are manifestly different. Unlike *Ross*, there is no analogous single federal action that has been segmented because, as explained above, P2PH was never "federalized." Thus, *Ross* does not support Plaintiffs' argument, and neither does *Laub v. U.S. Dept. of Interior*, 342 F.3d 1080 (9th Cir. 2003).

Relying on *Laub*, Plaintiffs claim that the question is not whether P2PH is a stand-alone, separate and independent "major Federal action," but whether P2PH is a necessary component for Central 70. (Opp'n 10). Plaintiffs mischaracterize the ruling in *Laub*. In determining whether the state management program was subject to NEPA, the Ninth Circuit in *Laub* explained that this analysis required a finding of whether the challenged state management program involved sufficient federal participation to be characterized as a "single federal action." *Laub*, 342 F.3d at 1092. Because the plaintiffs in that case highlighted language in a *joint federal-state* agreement regarding federal-state coordination, cost sharing, and management responsibilities, and because the state was required, to the greatest extend possible, to secure *federal* and non-federal funding to carry the terms of their joint agreement, the Ninth Circuit found that "Plaintiffs made a sufficient showing that a fact-intensive analysis is required before a conclusion can be made as to whether the state and federal activities are so intertwined that the [state management program] qualifies as a major federal action." *Id.* The case here involves none of these facts. There is no joint state-federal agreement concerning P2PH, and FHWA did not participate in the drafting of the agreement between CDOT and Denver, nor is it a signatory to it. (ECF No. 45, at 6). Thus, Plaintiffs' argument that CDOT's coordination with Denver or

3

alleged control over P2PH federalizes P2PH fails.  Whether CDOT (a non-federal entity) is funding, coordinating, or participating with Denver (another non-federal entity) on the construction of a portion of P2PH is irrelevant to the question of whether FHWA funded, controlled, and thus improperly segmented P2PH from Central 70.  Plaintiffs' attempt to turn NEPA on its head and expand NEPA's application to non-federal activity is unsupported by well-established case law.  As the D.C. Circuit correctly held, the purpose of NEPA's connected-regulation is "to prevent the government from segmenting its *own federal* actions," not private activity that is entirely outside of FHWA's authority.  *See Sierra Club v. U.S. Army Corps of Eng'rs*, 803 F.3d 31, 49 (D.C. Cir. 2015) (emphasis added) (citations omitted).

In sum, the case law is clear: Section 4(f) applies only to federally-funded projects, NEPA applies only to actions subject to federal control, and the purpose of NEPA's connected-action and similar-action regulations is to prevent the federal government from segmenting its *own* actions.  Plaintiffs ignore this well-established law, and mistakenly focus on the cooperation and coordination between two *non-federal* entities regarding P2PH.  Contrary to Plaintiffs' claims, what matters here is whether FHWA funded or controlled P2PH—this is *the* threshold question in determining whether the Court has jurisdiction over Plaintiffs' P2PH-related claims.  The answer to this question is no.  Thus, FHWA could not have engaged in improper segmentation under NEPA or violated Section 4(f).

The Court should dismiss these claims on this basis and decline Plaintiffs' invitation to ignore NEPA and Section 4(f)'s intent, statutory language, and well-established case law.

      **B.**    **The Court Lacks Jurisdiction Because Plaintiffs Lack Standing.**

Alternatively, the Court should dismiss these claims because the cause of Plaintiffs' alleged injuries is P2PH, which remains entirely outside of FHWA's authority, and not FHWA's

4

ROD. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Moreover, an order enjoining FHWA from taking any action with respect to P2PH would be meaningless and not redress Plaintiffs' alleged injuries because FHWA has no jurisdiction or control over P2PH.

Plaintiffs do not refute these redressability arguments. Their Opposition focuses exclusively on arguments that are irrelevant to FHWA. (Opp'n 11-15).[1]

## CONCLUSION

For the foregoing reasons, the Court should dismiss Claims 4, 5, and 7 of Plaintiffs' Amended Petition for lack of subject matter jurisdiction.

Respectfully submitted this 23rd day of October, 2017.

        JEFFREY H. WOOD
        Acting Assistant Attorney General
        Environment and Natural Resources Division

        */s/ Mayte Santacruz*
        Mayte Santacruz
        Carter F. Thurman
        United States Department of Justice
        Environment and Natural Resources Division
        Natural Resources Section
        601 D Street, NW
        Washington, D.C. 20004
        (202) 305-0465 (Santacruz)
        (202) 305-0444 (Thurman)
        mayte.santacruz@usdoj.gov
        carter.thurman@usdoj.gov

        *Attorneys for Federal Highway Administration*

---

[1] Plaintiffs' only argument on this issue is that setting aside the ROD and remanding it for NEPA analysis is likely to redress their injuries, which allegedly stem from FHWA's refusal to analyze P2PH. Plaintiffs are conflating their claims. (Opp'n 12). Claim 6, which challenges the ROD's cumulative-impact analysis regarding P2PH (ECF No. 25 ¶¶ 296-306) and which FHWA has *not* moved to dismiss, will redress, if successful, Plaintiffs' alleged injuries.

5

<u>Of Counsel:</u>
Brent Allen
Federal Highway Administration
Office of the Chief Counsel
Lakewood, Colorado
(720) 963-3692
brent.allen@dot.gov

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 23rd day of October, 2017, I electronically filed Federal Highway Administration's Reply in Support of its Motion to Dismiss Claims 4, 5, and 7 of Zeppelin Plaintiffs' Amended Petition with the Clerk of the United States District Court for the District of Colorado using the CM/ECF System, which will send notification of such filing to the attorneys of record in these consolidated cases.

                   /s/ Mayte Santacruz
                   MAYTE SANTACRUZ