**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Actions Nos.   17-cv-01661-WJM-MEH
                     17-cv-01679-WJM-MEH

KYLE ZEPPELIN; BRAD EVANS; CHRISTINE O'CONNOR; KIMBERLY MORSE; JACQUELINE LANSING; JANET FEDER; SIERRA CLUB; ELYRIA AND SWANSEA NEIGHBORHOOD ASSOCIATION; CHAFEE PARK NEIGHBORHOOD ASSOCIATION; and COLORADO LATINO FORUM,

    Plaintiffs,

  v.

FEDERAL HIGHWAY ADMINISTRATION, ELAINE CHAO, in her official capacity as Secretary of Transportation; and JOHN M. CARTER; in his official capacity as Division Administration,

    Defendants,

  v.

COLORADO DEPARTMENT OF TRANSPORTATION, et al.,

    Defendant-Intervenors.

**CDOT'S REPLY IN SUPPORT OF MOTION TO DISMISS CLAIMS 4, 5, AND 7 OF ZEPPELIN PLAINTIFFS' AMENDED PETITION FOR LACK OF SUBJECT MATTER JURISDICTION**

BRENT E. BUTZIN
Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO  80203
(720) 508-6638
Brent.Butzin@coag.gov

JOHN E. PUTNAM
NICHOLAS A. DIMASCIO
KAPLAN KIRSCH & ROCKWELL LLP
1675 Broadway, Suite 2300
Denver, CO  80202
(303) 825-7000
jputnam@kaplankirsch.com
ndimascio@kaplankirsch.com

*Attorneys for Intervenor Respondent*

FHWA and CDOT's motion to dismiss (ECF 45, 47) showed that Plaintiffs' Claims 4, 5, and 7 suffer from two fatal jurisdictional flaws: (1) judicial review of those claims is unavailable under the APA because FHWA has taken no federal action with respect to Denver's stormwater project; and (2) an order setting aside FHWA's Record of Decision ("ROD") approving Central 70 would not redress Plaintiffs' alleged injuries because Denver will proceed with its stormwater project regardless of Central 70's fate.

*No federal action.*  Plaintiffs assert that it is "immaterial" that FHWA never "approved or controlled" Denver's project and reargue the merits of their claim that FHWA has "impermissibly segment[ed]" Denver's stormwater project from Central 70.  (ECF 56 at 3-8, 10.)  But as this Court explained, that is the "exact opposite of how a federal court of limited jurisdiction must approach disputes of this nature."  (ECF 55 at 3.)  Before evaluating the merits of Plaintiffs' claims, this Court must first determine whether it has jurisdiction over those claims. *United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005).

Under the APA, this Court has jurisdiction to review only federal agency actions.  *See Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 196 (D.C. Cir. 2003) (affirming dismissal where plaintiff had "identified no *federal* agency action" to be reviewed).  Local government activities that FHWA has no "actual power to control" do not qualify as federal actions.  *Ross v. Fed. Highway Admin.*, 162 F.3d 1046, 1051 (10th Cir. 1998).  Indeed, the D.C. Circuit has correctly held that the "point of the connected actions doctrine is to prevent the government from segmenting its own federal actions," not to require review of non-federal actions.  *Sierra Club v. U.S. Army Corps of Eng'rs*, 803 F.3d 31, 49 (D.C. Cir. 2015) (quotation marks and alteration omitted).  Accordingly, before this Court may consider the merits of

Plaintiffs' claims about Denver's stormwater project, the Court must first determine whether that project can be deemed a federal action by virtue of FHWA control.

The answer to that question is no. As explained in FHWA's motion and reply, FHWA has never funded or approved and has no control over Denver's stormwater project. This is not a case where a nonfederal entity is "withdrawing" federal funds to evade NEPA review. (ECF 56 at 11 (citing *Ross*, 162 F.3d at 1052).) Denver's stormwater project has *never* incorporated any federal funds. Denver itself is supplying the majority of the funds for its project, and CDOT is contributing only some state funds given the benefit to CDOT property. (*See* ECF 46-4_ROD at 147; ECF 46-6_Connected Actions Finding at 19; Ex. 1_Perry Decl. ¶ 5.) Where federal funding is not present, "courts have generally been unwilling to impose the NEPA requirement." *Almond Hill School v. U.S. Dept. of Agriculture*, 768 F.2d 1030, 1039 (9th Cir. 1985); *see also Enos v. Marsh*, 769 F.2d 1363, 1372 (9th Cir. 1985) (state-funded project not a federal action).

Furthermore, contrary to Plaintiffs' unsupported assertion (ECF 56 at 10), CDOT's government-to-government cooperation with Denver does not convert Denver's project into a federal action. Plaintiffs cite no case holding that a state agency's cooperation with a local government constitutes a federal action for purposes of APA review of a NEPA claim. To the contrary, courts have held that even a *federal* agency's cooperation with a nonfederal actor is insufficient when the federal agency lacks actual control. *See, e.g.*, *Almond Hill*, 768 F.2d at 1039; *Nat'l Org. for Reform of Marijuana Laws v. U.S. DEA*, 545 F. Supp. 981, 984-85 (D.D.C. 1982). Mere cooperation between two non-federal entities cannot make Denver's stormwater project a federal action given FHWA's lack of control over it. Similarly, FHWA in no way

2

controls CDOT's spending of state funds. Because Denver's project is not a federal action, this Court should dismiss Claims 4, 5, and 7 of the First Amended Petition.

*Lack of Standing.* Even if those claims did involve a federal action, Plaintiffs still would lack Article III standing because the injuries they have alleged depend on the "unfettered choices made by independent actors not before the courts and whose exercise of broad and legitimate discretion the courts cannot presume either to control or to predict." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Plaintiffs contend that setting aside FHWA's ROD will redress their injuries because they will "have the opportunity to comment on TBDP/P2PH, and FHWA/CDOT will be forced to make an informed decision." (ECF 56 at 13.) But because Denver's project requires no FHWA approval, Denver may proceed with its project and Plaintiffs' alleged injuries will occur even if the ROD for Central 70 is vacated. FHWA simply lacks the power to make Denver do or refrain from doing anything related to its stormwater project. The FHWA comment process that Plaintiffs envision therefore would be meaningless and does not vest them with standing. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation—a procedural right *in vacuo*— is insufficient to create Article III standing.").

Plaintiffs further argue that there is no evidence that Denver has sufficient "cash on hand to directly make up for a shortfall in CDOT's funding should this Court enjoin such a financial contribution." (ECF 56 at 15.) That argument misapprehends Plaintiffs' burden. They must show that "it is likely, as opposed to merely speculative, that [their] injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561; *see also Clajon Prod. Corp. v. Petera*, 70 F.3d

3

1566, 1572 (10th Cir. 1995) (party invoking jurisdiction bears burden). Whether Denver has "cash on hand" says nothing about Denver's ability to muster financial resources to complete its multi-year project. Because the Plaintiffs have provided no evidence establishing a likelihood that Denver will or must abandon its stormwater project if this Court enjoins CDOT, they lack standing. *See Klamath Water Users Ass'n v. FERC,* 534 F.3d 735, 739-40 (2008) (no evidence third party would act in manner favorable to Plaintiff).

In fact, the evidence shows the opposite. Two portions of the City's stormwater project—the outfall at Globeville Landing Park and the improvements to City Park Golf Course—are already fully funded and will use no further CDOT money. (Ex. 2_2d Thomas Decl. ¶¶ 4-5.) And Denver has financial resources and funding tools available that it will use to cover the costs of the remaining portions of its stormwater project even if CDOT funds under the IGA were to become unavailable. (Ex. 1_Perry Decl. ¶ 6.) Denver is committed and able to complete its project even if it receives no further CDOT money under the IGA and regardless of the fate of the Central 70 Project. (*Id.*; Ex. 2_2d Thomas Decl. ¶¶ 6-7; ECF 46-11_Thomas Decl. ¶ 22;[1] ECF 46-15_Thomas Testimony 45:8-25; ECF 46-16_Uhernik Testimony 44-45.)

Plaintiffs offer only wishful speculation that the Denver City Council might not approve future contracts for the 39th Avenue and Park Hill Golf Course portions of Denver's project.

---

[1] Contrary to Plaintiffs assertion (ECF 62 at 3 n.1), CDOT has appropriately cited Ms. Thomas's declaration solely on non-merits issues, such as lack of irreparable harm. (*See* ECF 46_PI Opposition at 28-35.) The background facts in Ms. Thomas's declaration are supported by documents in FHWA's administrative record (*see* ECF 32-15_Conceptual Report at 6-30; ECF 46-08_Master Plan at 3-8; ECF 46-19_Horn Decl. ¶¶ 5, 7), or by Ms. Thomas's sworn testimony in Denver District Court, which was subject to cross examination by Plaintiffs' attorneys (ECF 46-15_Thomas Testimony 43-45, 55-56).

(ECF 56 at 15.) The Council's voting record shows that Denver's project enjoys broad support, and Plaintiffs' declarants are a small minority on the Council that have been outvoted on numerous project approvals. (Ex. 2_2d Thomas Decl. ¶¶ 4-5; Ex. 3_Casias Decl. ¶¶ 5-13.) More importantly, the fact that this Court "cannot presume either to control or predict" the Council's future actions weighs *against* standing. *Lujan*, 504 U.S. at 560. Again, it must be "likely," not merely "speculative," that the Plaintiffs' injuries will be redressed. *Id.* at 561.

Plaintiffs' only other contention is that, under the IGA, Denver would be unable to proceed with its stormwater project if the Court were to eliminate CDOT's "seat at the table." (ECF 56 at 16.) That is incorrect. Nothing in the IGA prevents Denver from moving forward with its project so long as it fulfills its own commitments under the IGA (*i.e.*, providing opportunities for review). Denver therefore could complete its project even if a Court order were to make it impossible for CDOT to fulfill its obligations or assert its rights under the IGA.

From a practical perspective, the excavation for the outfall at Globeville Landing Park is already substantially complete. (ECF 46-11_Thomas Decl. ¶ 18.) And the effect of Denver's project on Central 70 has been to decrease the potential for disturbance of hazardous materials. (ECF 46_PI Opposition at 14-15; ECF 46-7_Reevaluation at 6-7, 12.) Plaintiffs therefore have benefitted, since their alleged injuries primarily involve a fear of contamination—fear that is unwarranted for the reasons already explained. (*See* ECF 46 at 24-26, 29.)

The motion to dismiss Claims 4, 5, and 7 should be granted because Plaintiffs have not shown a likelihood that enjoining FHWA or CDOT from proceeding with Central 70 will redress their alleged injuries.

|  | Respectfully submitted, |
|---|---|
| BRENT E. BUTZIN<br>Assistant Attorney General<br>1300 Broadway, 10th Floor<br>Denver, CO  80203<br>(720) 508-6638<br>Brent.Butzin@coag.gov | JOHN E. PUTNAM<br>NICHOLAS A. DIMASCIO<br>KAPLAN KIRSCH & ROCKWELL LLP<br>1675 Broadway, Suite 2300<br>Denver, CO  80202<br>(303) 825-7000<br>jputnam@kaplankirsch.com<br>ndimascio@kaplankirsch.com |
|  | *Attorneys for Intervenor Respondent* |
| OCT. 23, 2017 | *s/ Nicholas A. DiMascio*<br>NICHOLAS A. DIMASCIO |

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23d day of October, 2017, I electronically filed the foregoing document and all of its exhibits with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

| | |
|---|---|
| Melissa A. Hailey<br>Aaron D. Goldhamer<br>Keating Wagner Polidori Free, P.C.<br>1290 Broadway, Suite 600<br>Denver, CO 80203<br>(303) 534-0401<br>(303) 534-8333<br>mah@keatingwagner.com<br>agoldhamer@keatingwagner.com | Carter F. Thurman<br>Mayte Santacruz<br>U.S. Department of Justice<br>Env't & Natural Resources Division<br>Natural Resources Section<br>P.O. Box 7611<br>Washington, DC 20044-7611<br>(202) 305-0465 (phone)<br>(202) 305-0506 (fax)<br>carter.thurman@usdoj.gov<br>mayte.santacruz@usdoj.gov |
| James Jay Tutchton<br>Tuchton Law Office<br>6439 East Maplewood Avenue<br>Centennial, CO 80111<br>(720) 301-3843<br>jtuchtontlo@gmail.com | David A. Carson<br>United States Department of Justice<br>Env'l Natural Resources Division<br>Environmental Defense Section<br>Denver Place Building<br>999 18th Street<br>South Terrace, Suite 370<br>Denver, CO 80202<br>(303) 844-1349<br>david.a.carson@usdoj.gov |
| Robert E. Yuhnke<br>4050 Se Hosner Terrace<br>Gresham, OR 97080<br>(303) 499-0425<br>bob.yuhnke@prodigy.net | |
| Andrea S. Gelfuso<br>Andrea Gelfuso, Attorney at Law<br>2402 South Holland Street<br>Lakewood, CO 80227<br>(303) 955-1910<br>Agelfuso6@gmail.com | Gregory Nicholas Corbin<br>Milligan Rona Duran & King, LLC<br>1627 Vine Street<br>Denver, CO 80206<br>(720) 414-2000<br>Fax: 855-395-5525<br>Gnc@mrdklaw.com |

s/ *Nicholas A. DiMascio*
NICHOLAS A. DIMASCIO