## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Actions Nos.    17-cv-01661-WJM-MEH

KYLE ZEPPELIN,
BRAD EVANS,
CHRISTINE O'CONNOR,
KIMBERLY MORSE,
JACQUELINE LANSING,
JANET FEDER,
SIERRA CLUB,
ELYRIA AND SWANSEA NEIGHBORHOOD ASSOCIATION,
CHAFEE PARK NEIGHBORHOOD ASSOCIATION, and
COLORADO LATINO FORUM,

       Plaintiffs,

v.

FEDERAL HIGHWAY ADMINISTRATION,
ELAINE CHAO, in her official capacity as Secretary of Transportation, and
JOHN M. CARTER; in his official capacity as Division Administration,

       Defendants,

v.

COLORADO DEPARTMENT OF TRANSPORTATION, and
SHAILEN P. BHATT, in his official capacity as Executive Director of the Colorado
Department of Transportation,

       Defendant-Intervenors.

## CONSOLIDATED JOINT CASE MANAGEMENT PLAN FOR PETITIONS
## FOR REVIEW OF AGENCY ACTION

Pursuant to the Court's order of September 11, 2017 (No. 17-cv-1661, ECF 23), the

Parties to these consolidated cases hereby file this joint case management plan.

## 1.    APPEARANCES OF COUNSEL

For Zeppelin Plaintiffs:

Melissa A. Hailey
Aaron D. Goldhamer
Keating Wagner Polidori Free, P.C.
1290 Broadway, Suite 600
Denver, CO 80203
(303) 534-0401
mah@keatingwagner.com
agoldhamer@keatingwagner.com

James Jay Tutchton
Tutchton Law Office
6439 East Maplewood Avenue
Centennial, CO 80111
(720) 301-3843
jtutchtonlo@gmail.com

For Sierra Club Plaintiffs:

Robert E. Yuhnke
Robert E. Yuhnke & Associates
4050 Se Hosner Terrace
Gresham, OR  97080
303-499-0425
Bob.Yuhnke@prodigy.Net

Andrea S. Gelfuso
Andrea Gelfuso, Attorney at Law
2402 South Holland Street
Lakewood, CO  80227
303-955-1910
Agelfuso6@gmail.Com

Gregory Nicholas Corbin
Milligan Rona Duran & King, LLC-Denver
1627 Vine Street
Denver , CO  80206
720-414-2000
Gnc@mrdklaw.Com

For Defendants:

Carter Fleeth Thurman
Mayte Santacruz
United States Department of Justice
Environmental Natural Resources Division
Natural Resources Section
601 D Street, N.W.
Washington, DC 20004
(202) 305-0444 (Thurman)
(202) 305-0465 (Santacruz)
carter.thurman@usdoj.gov
mayte.santacruz@usdoj.gov

For Defendant-Intervenors:

John E. Putnam
Nicholas A. DiMascio
Kaplan Kirsch & Rockwell LLP
1675 Broadway, Suite 2300
Denver, CO  80202
(303) 825-7000
jputnam@kaplankirsch.com
ndimascio@kaplankirsch.com

Brent E. Butzin
Assistant Attorney General
1300 Broadway, 10th Floor

David A. Carson                                      Denver, CO 80203
United States Department of Justice                  (720) 508-6638
Environmental Natural Resources Division            Brent.Butzin@coag.gov
Environmental Defense Section
Denver Place Building
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
(303) 844-1349
david.a.carson@usdoj.gov

## 2.      STATEMENT OF LEGAL BASIS FOR SUBJECT MATTER JURISDICTION

The Zeppelin Plaintiffs allege this Court has jurisdiction to hear their claims against

FHWA pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (United States as a

defendant); 28 U.S.C. § 2201 (declaratory relief); 28 U.S.C. § 2202 (injunctive relief); 28 U.S.C.

§ 2412 (costs and fees); and 5 U.S.C. §§ 701 – 706 (administrative review).

The Zeppelin Plaintiffs allege this Court has jurisdiction to hear their claims against

Shailen P. Bhatt in his official capacity as the Executive Director of CDOT, pursuant to 28

U.S.C. § 1367(a) (supplemental jurisdiction); 28 U.S.C. § 2201 (declaratory relief); 28 U.S.C. §

2202 (injunctive relief); 28 U.S.C. § 2412 (costs and fees); and 5 U.S.C. §§ 701 – 706

(administrative review).

The Sierra Club Plaintiffs allege that the Court has jurisdiction based on the presentation

of a federal question, 28 U.S.C. § 1331, and the request for judicial review of final agency

action, 5 U.S.C. §§ 701-706.

Defendants and Defendant-Intervenors reserve the right to challenge jurisdiction.

- 3 -

3.    **DATES OF FILING OF RELEVANT PLEADINGS**

A.    **Date Petition for Review Was Filed:**

The Zeppelin Plaintiffs filed their Petition for Review of Agency Action on July 9, 2017,

and their First Amended Petition for Review of Agency Action on August 29, 2017.

The Sierra Club Plaintiffs filed their Petition for Review of Agency Action on July 10,

2017.

B.    **Date Petition for Review Was Served on U.S. Attorney's Office:**

The Zeppelin Plaintiffs served their Petition for Review of Agency Action on the U.S.

Attorney's Office on July 10, 2017, and served their First Amended Petition for Review of

Agency Action on the U.S. Attorney's Office on August 29, 2017.

The Sierra Club Plaintiffs served their Petition for Review of Agency Action on the U.S.

Attorney's Office on July 19, 2017.

C.    **Date Answer or Other Response Was Filed:**

Defendants and Defendant-Intervenors filed their Answers to the Zeppelin Plaintiffs'

First Amended Petition for Review of Agency Action on September 12, 2017.

The Parties have stipulated under D.C.ColoLCivR 6.1(a) that Defendants' Answer to the

Sierra Club Plaintiffs' Petition for Review of Agency Action is due on or before September 29,

2017.  Defendant-Intervenors filed their Answer to the Sierra Club's Petition on September 11,

2017.

4.    **STATEMENT REGARDING WHETHER THIS CASE RAISES UNUSUAL
CLAIMS OR DEFENSES.**

As stated in Sierra Club Plaintiffs' Notice of Related Cases (No. 17-cv-1679, ECF 2), the

Sierra Club Plaintiffs contend that the status of the Conformity Determination at issue in this

- 4 -

case (No. 17-cv-1679, ECF 1 ¶¶ 232-241) is related to claims that some of the Sierra Club Plaintiffs have brought via a petition for review in the U.S. Court of Appeals for the D.C. Circuit (No. 16-1079). The D.C. Circuit case heard oral argument on September 19, 2017. Within 21 days of the D.C. Circuit panel's ruling, the Parties to the Sierra Club case agree to confer regarding the status of the Clean Air Act Claims in this case and whether any changes to this Joint Case Management Plan are necessary. If the Parties to the Sierra Club case do not agree regarding the need for or content of revisions to the Plan, any Party to the Sierra Club case may file a motion to modify the Plan. All Parties to the Sierra Club case reserve the right to oppose any such motion, except that the Parties to the Sierra Club case recognize that the D.C. Circuit's ruling will constitute "good cause" for the filing (but not necessarily the merits) of the motion.

If the D.C. Circuit does not issue its mandate before January 5, 2018, the Sierra Club Plaintiffs in this proceeding reserve the right to move this Court to stay briefing on their Clean Air Act conformity claims pending a final disposition of the petition for review by the D.C. Circuit. Defendants and Defendant-Intervenors reserve the right to oppose any such motion.

5.      **OTHER MATTERS**

On September 15, 2017, the Zeppelin Plaintiffs filed a Motion for Stay pursuant to 5 U.S.C. § 705, Dkt. 32. Pursuant to the Court's Minute Order of September 18, 2017, Dkt. 38, Defendants and Defendant-Intervenors shall respond (jointly or separately, in their discretion) on or before September 27, 2017. Such joint response or separate responses shall not exceed 32 pages in total, calculated according to WJM Revised Practice Standard III.C.1. Also pursuant to Dkt. 38, the Zeppelin Plaintiffs must file their Reply in support of their Motion for Stay on or before October 6, 2017. Such Reply shall not exceed 12 pages, calculated according to WJM

Revised Practice Standard III.C.1.  After receiving the response and reply briefs, the Court will evaluate the need for an evidentiary hearing.

The Sierra Club Plaintiffs intend to file for a preliminary injunction or a stay of the Record of Decision under 5 U.S.C. § 705, on or before November 6, 2017.  Defendants' and Defendant-Intervenors' separate Response Briefs are due 30 days from filing of the Sierra Club Plaintiffs' Motion.  The Sierra Club Plaintiffs' Reply is due 16 days from filing of the Response Briefs.  The Sierra Club Plaintiffs' Motion and Defendants' and Defendant-Intervenors' separate Response Briefs shall not exceed 9,500 words each, exclusive of exhibits or items listed in Fed. R. App. P. 32(f).   The Sierra Club Plaintiffs shall file a single Reply Brief of not more than 7,500 words.

### *Position of Defendants and Defendant-Intervenors:*

As set forth in this proposed Consolidated Joint Case Management Plan, the Federal Defendants and the State Defendant-Intervenors respectfully request that they be allowed to file separate memoranda at the word limits proposed herein in opposition to the anticipated motion for a preliminary injunction or stay by the Sierra Club.  Federal Defendants and State Defendant-Intervenors likewise respectfully request that they be allowed to file separate response briefs on the merits at the word limits proposed herein.  The briefing schedule and proposed briefing limitations in the proposed Consolidated Joint Case Management Plan were carefully negotiated among the parties and recognize that the Federal Defendants and State Defendant-Intervenors are separate government entities with broader separate interests than those at issue in these cases. The local rules for the Tenth Circuit expressly provide that government entities are not required to file joint briefs with any other party.  Tenth Circuit Local Rule 31.3(D).  Because this case is

- 6 -

to proceed as an appeal under *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1580 (10th Cir. 1994), the same rule should apply here.  In addition, the Court should benefit from hearing separately from these separate government entities because it will have the independent view of each government with respect to any issue for which the government parties' views diverge. This is especially true in the Sierra Club matter, which raises claims under the Clean Air Act. Counsel for the Federal Defendants will need to carefully coordinate their arguments regarding the Clean Air Act with the Environmental Protection Agency in addition to the federal entities named as Defendants in the case and arrive at unified federal position.  The Court should benefit from having this unified federal position, which the federal government should not have to coordinate with the State Defendant-Intervenors.  In addition, the Federal Defendants note that only attorneys of the United States Department of Justice are authorized to represent the Federal Defendants in these cases.  *See* 28 U.S.C. § 516.  While this does not necessarily prevent the Federal Defendants and the State Defendant-Intervenors from making joint filings in these cases, it does express Congress' intent that only Justice Department attorneys may represent the interest of federal agencies in cases such as these.

**Court:  The Court noted at the case management conference that any party who seeks to exceed Judge Martinez's page limits on motion must seek leave to file a motion (or response or reply) in excess of those limits.**

**6.     PROPOSED BRIEFING SCHEDULE**

**A.     Deadline for Filing Administrative Record:**

All Parties to both suits have agreed to proceed with a partial administrative record.  The Parties have begun the meet and confer process regarding the categories of documents to be

included in the partial administrative record.  In an effort to reach agreement on the contents of the record and have the record compiled in a timely fashion, the Parties propose the following deadlines: 1) Plaintiffs will provide a proposed agreement concerning the categories of documents to be included in the partial administrative record by September 28, 2017; and 2) the Parties will, to the extent they are able, reach a written agreement concerning the categories of documents to be included in the partial administrative record by October 6, 2017.  If the parties agree on the contents of a partial administrative record Federal Defendants will produce a single partial administrative record for both cases on or before November 20, 2017.

  *Position of All Plaintiffs*:

If the Parties are unable to reach an agreement on the scope of the partial administrative record by October 6, 2017, the Zeppelin Plaintiffs and the Sierra Club Plaintiffs will each, as necessary, file a motion seeking the Court's assistance in resolving any disputes over the scope of the partial administrative record on or before November 20, 2017.  Response and Reply deadlines for any motions concerning the scope of the record will be governed by D.C.COLO.L.Civ.R. 7.1(C).

In the event the Court's assistance is needed to set the scope of the partial administrative record, Federal Defendants will produce a single partial administrative record for both cases within 30 days of the Court's resolution of Plaintiffs' motion(s).

  *Position of Defendants and Defendant-Intervenors:*

If the Parties cannot agree on the contents of a partial administrative record, Federal Defendants will file a full administrative record on December 15, 2017.  Federal Defendants will need this additional time beyond November 20, 2017, because it will take additional time to file

- 8 -

the full administrative record.  Federal Defendants maintain that no motions to complete and/or supplement the record should be filed until Federal Defendants have filed the record.

**Court:  At the case management conference, the Court determined that in the interest of judicial economy, any party will be limited to one motion concerning the appropriate scope and contents of the administrative record.  The full administrative record will be filed on or before December 15, 2017.  Any motion seeking relief concerning that administrative record must be filed on or before February 12, 2018; any response by February 21, 2018; and any reply by February 23, 2018 (or such other dates as may be stipulated by the parties).  A hearing on the scope of the administrative record will be held by Judge Hegarty on February 26, 2018 at 10:00 o'clock a.m.**

**B.     Deadline for Parties to Confer on Record Disputes:**

Pursuant to the above paragraph, the Parties will have conferred on the contents of the partial administrative record by October 6, 2017.

**C.     Deadline for Filing Motions to Complete and/or Supplement the Administrative Record:**

In both cases, the deadline for motions to complete and/or supplement the record is February 5, 2018.  Response and Reply deadlines for any motions to complete or supplement will be governed by D.C.COLO.L.Civ.R. 7.1(C).  The parties are familiar with the Court's decisions in <u>CNE v. Salazar</u>, 711 F. Supp.2d 1267 (D. Colo. 2010); and <u>Wild Earth Guardians v. USFS</u>, 713 F.Supp.2d 1243 (D. Colo. 2010).

**Court:  The deadlines will be as set for *supra* by the Court.**

**D.     Plaintiffs' Opening Briefs Due:**

- 9 -

The Zeppelin Plaintiffs shall file one Opening Brief, and the Sierra Club Plaintiffs shall one Opening Brief.  All Opening Briefs are due on **April 2, 2018**.  Each Opening Brief shall not exceed 14,000 words, excluding those items mentioned in Fed. R. App. P. 32(f).

### E.      Defendants' and Defendant-Intervenors' Response Briefs Due:

Defendants and Defendant-Intervenors each shall file one separate Response Brief in the *Zeppelin* case, and each shall file one separate Response Brief in the *Sierra Club* case. The Response Briefs are due 60 days after all Plaintiffs' Opening Briefs have been filed.  Each Response Brief shall not exceed 14,000 words, excluding those items mentioned in Fed. R. App. P. 32(f).

### F.      Plaintiffs' Reply Briefs Due:

The Zeppelin Plaintiffs shall file one Reply Brief, and the Sierra Club Plaintiffs shall file one Reply Brief.  The Reply Briefs are due 30 days after all Response Briefs have been filed. Each Reply Brief shall not exceed 11,000 words, excluding those items mentioned in Fed. R. App. P. 32(f).

**Court:  After conferring with Judge Martinez' chambers, the limits of 14,000 word opening, 14,000 word response, and 11,000 word reply briefs is approved.**

### 7.      STATEMENTS REGARDING ORAL ARGUMENT

### A.      Zeppelin Plaintiffs' Statement:

The Zeppelin Plaintiffs request an oral argument after the close of briefing on the merits. The Zeppelin Plaintiffs believe oral argument may assist the Court's understanding of the relevant factual issues, which encompass two major infrastructure projects, collectively involving federal, state, and local agencies.

**B.      Sierra Club Plaintiffs' Statement:**

The Sierra Club Plaintiffs believe oral argument is likely to be helpful to the Court given the complexity of this case.

**C.      Defendants and Defendant-Intervenors' Statement:**

If oral argument would be helpful to the Court, Defendants and Defendant-Intervenors will be pleased to present argument after the close of merits briefing.

**8.      CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE**

*Indicate below the parties' consent choice.*

**A.      ( )    All parties have consented to the exercise of jurisdiction of a United States Magistrate Judge.**

**B.      ( X )   All parties have not consented to the exercise of jurisdiction of a United States Magistrate Judge.**

**9.      OTHER MATTERS**

Parties filing motions for extension of time or continuances will comply with Fed. R. Civ. P. 5(d)(1) and D.C.COLO.LCivR 5.1(d) by serving a copy of the motion through electronic service upon all attorneys of record, certified by the Notice of Electronic Filing.  Parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving such motion on the moving attorney's client (agency counsel in the case of Defendants and Defendant-Intervenors).

**10.     AMENDMENTS TO JOINT CASE MANAGEMENT PLAN**

The parties agree that this Joint Case Management Plan may be altered or amended only upon a showing of good cause.

- 11 -

DATED this 24th day of October, 2017.

BY THE COURT

S/Michael E. Hegarty
United States Magistrate Judge

APPROVED:

s/ Melissa A. Hailey
Melissa A. Hailey, CO Reg. #42836
Aaron D. Goldhamer, CO Reg. #41016
1290 Broadway, Suite 600
Denver, CO 80203
Tel: (303) 534-0401
Fax: (303) 534-8333
mah@keatingwagner.com
agoldhamer@keatingwagner.com
James Jay Tutchton, CO Reg. #21138
Tutchton Law Office
6439 East Maplewood Avenue
Centennial, CO 80111
Tel: (720) 301-3843
jtutchtontlo@gmail.com

*Attorneys for Zeppelin Plaintiffs*

s/ Robert E. Yuhnke
Robert E. Yuhnke
4050 Se Hosner Terrace
Gresham, OR  97080
Yuhnke@prodigy.net
303-499-0425

Andrea S. Gelfuso
Andrea Gelfuso, Attorney at Law
2402 South Holland Street
Lakewood , CO  80227
303-955-1910
Email:Agelfuso6@gmail.com

Gregory Nicholas Corbin
Milligan Rona Duran & King, LLC-Denver
1627 Vine Street
Denver , CO  80206
720-414-2000
Fax: 855-395-5525
Email:Gnc@mrdklaw.com

*Attorneys for Sierra Club Plaintiffs*

s/ Carter Fleeth Thurman
Carter Fleeth Thurman
Mayte Santacruz
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section

S John E. Putnam
John E. Putnam
Nicholas A. DiMascio
Kaplan Kirsch & Rockwell LLP
1675 Broadway, Suite 2300
Denver, CO  80202

- 12 -

601 D Street, N.W.
Washington, DC 20004
(202) 305-0444 (Thurman)
(202) 305-0465 (Santacruz)
carter.thurman@usdoj.gov
mayte.santacruz@usdoj.gov
David A. Carson
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
999 18th St., Suite 370
Denver, CO  80202
(303) 844-1349
david.a.carson@usdoj.gov

*Attorneys for Defendants*

(303) 825-7000
jputnam@kaplankirsch.com
ndimascio@kaplankirsch.com

Brent E. Butzin
Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6638
Brent.Butzin@coag.gov

*Attorneys for Defendant-Intervenors*