## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-1661-WJM-MEH
*Consolidated with* 17-cv-1679-WJM-MEH

KYLE ZEPPELIN; BRAD EVANS; CHRISTINE O'CONNOR; KIMBERLY MORSE; JACQUELINE LANSING; JANET FEDER;

*and*

SIERRA CLUB; ELYRIA AND SWANSEA NEIGHBORHOOD ASSOCIATION; CHAFFEE PARK NEIGHBORHOOD ASSOCIATION; and COLORADO LATINO FORUM,

    Plaintiffs,

v.

FEDERAL HIGHWAY ADMINISTRATION, ELAINE CHAO, in her official capacity as Secretary of Transportation; and JOHN M. CARTER, in his official capacity as Division Administrator,

    Defendants,

*and*

COLORADO DEPARTMENT OF TRANSPORTATION, and SHAILEN P. BHATT, in his official capacity as Executive Director of the Colorado Department of Transportation,

    Defendant-Intervenors.

## AMENDED WITH CERTIFICATE OF SERVICE
## **EXPEDITED JOINT MOTION**
## FOR APPROVAL OF NEGOTIATED WORD LIMITS AND SCHEDULE
## TO GOVERN SIERRA CLUB et al. MOTION FOR
## STAY/PRELIMINARY INJUNCTION

    The Plaintiffs in *Sierra Club et al. v. Elaine Chao, Secretary of Transportation et al.*, consolidated Case No. 17-cv-01679 ("Plaintiffs" or "Sierra

Club Plaintiffs"), Defendants Elaine Chao and Federal Highway Administration ("Federal Defendants"), and Intervenor-Defendants Sheilan Bhatt and Colorado Department of Transportation ("State Intervenor-Defendants") (collectively "Defendants"), jointly move the Court to approve the November 6, 2017, filing date for Sierra Club Plaintiffs' motion for stay or preliminary injunction, and approve the parties' proposed word limits and negotiated agreed schedule for this filing, including additional time for filing response and reply briefs, as contained in ¶ 5 of the Consolidated Joint Case Management Plan (JCMP) submitted by the parties on September 22, 2017. Docket #43; *see also* Docket #68 (order on Consolidated JCMP). Counsel for Plaintiffs in the *Zeppelin et al. v. Federal Highway Administration* case state that they do not oppose this motion.

In support hereof, the parties state the following:

1) Pursuant to the Court's August 3, 2017 Order (Docket #11), the parties in the Sierra Club Plaintiffs' case met on August 31, 2017 to confer on a number of issues related to the management of the case, including an intended motion to stay/preliminary injunction by the Sierra Club Plaintiffs.

2) The Sierra Club Plaintiffs' motion will raise issues that are substantially different from those raised in the Zeppelin Plaintiffs' motion for preliminary injunction and will not overlap with the stay motion filed by the Zeppelin

Plaintiffs. Sierra Club Plaintiffs' motion will not concern the City of Denver's stormwater project or the drainage system for the Central 70 Project.

3) Sierra Club Plaintiffs will be required to show a likelihood that they will prevail on one or more of their Clean Air Act claims, health-related NEPA claims, and a Federal Aid Highway Act claim. None of these claims have been raised by the Zeppelin Plaintiffs.

4) In addition to different merits claims, the Sierra Club Plaintiffs will assert causes of harm requiring interim relief not asserted by the Zeppelin plaintiffs. Sierra Club intends to show that pollution emitted from construction activities will cause adverse impacts on community health from increased exposure to harmful pollutants in addition to traffic pollution.

5) After extensive discussions that accounted for the various competing obligations of counsel, including scheduled appellate arguments and planned surgery, the parties negotiated the following schedule to govern the Sierra Club Plaintiffs' motion for stay/preliminary injunction:

| Action | Deadline |
| --- | --- |
| Plaintiff's Motion for Stay/Preliminary Injunction | November 6, 2017 |
| Federal Defendants and State Intervenor-Defendants' Separate Responses | December 6, 2017 |
| Plaintiffs' Reply | December 22, 2017 |

6) The parties filed this schedule with the Court on September 22, 2017. *See* Joint Case Management Plan (JCMP), ¶ 5, at 6 (Docket #43).

7) The Court filed an order on October 23, 2017, requiring the Sierra Club Plaintiffs to file their motion for stay or for a preliminary injunction no later than October 27, 2017, and notifying the parties that the Court "will order a highly abbreviated response and reply schedule unless the Sierra Club Plaintiffs' motion raises issues substantially different from those already raised in the Zeppelin Plaintiffs' motion for preliminary injunction." Docket #66.

8) The parties respectfully request that the Court reconsider this order taking into account various factors considered by the parties in their negotiation of the schedule filed as part of the JCMP.

9) The parties negotiated the November 6, 2017, filing deadline and subsequent response and reply deadlines for the Sierra Club Plaintiffs' stay/preliminary injunction based on a variety of relevant factors, including a) the lack of imminent harm until I-70 Project construction begins which is not scheduled until 2018, b) the unavailability of Plaintiffs' counsel to work on the motion during September because of travel related to oral argument regarding a related case in the D.C. Circuit Court of Appeals, c) the calendars of the parties counsel including surgery planned by government counsel, and d) the number of claims

and technical nature of the issues likely to be raised in Sierra Club Plaintiffs' motion.

10) For the following reasons, good cause exists for the Court to approve the submitted briefing schedule:

   a. Sierra Club Plaintiffs' motion will raise claims, issues, and alleged harms distinct from those at issue in the Zeppelin Plaintiffs' motion;

   b. The Court's determination on October 23 to expedite the Sierra Club Plaintiffs' filing deadline from November 6 to October 27, leaves the Sierra Club just four days to complete its filing. The Sierra Club Plaintiffs are working on numerous declarations from both lay and expert witnesses. As a practical matter, they will be unable to complete these declarations, incorporate them in their filing, and complete their filing in a satisfactory manner by Friday, October 27, 2017.

   c. The Sierra Club Plaintiffs believe they will be seriously prejudiced if not allowed until November 6, 2017, to complete the expert witness testimony needed to establish harm.

   d. The negotiated schedule accommodated the surgery schedule for David Carson, Federal Defendants' counsel who is taking the lead in defending the merits of the Sierra Club Plaintiffs' Clean Air Act claims. Mr. Carson scheduled knee surgery for October 24, 2017, based on the JCMP

schedule. Mr. Carson is currently on medical leave until November 6, 2017, which is the date the Sierra Club Plaintiffs were scheduled to file their motion to stay, as agreed by the parties.

11) The parties also move the Court to approve the negotiated word limits appearing in ¶ 5 of the JCMP filed by the parties. *See* Docket #43.

12) The Parties' Negotiated Word Limits:

 a. The parties negotiated word limits before this case was assigned to Judge Martinez. The Sierra Club Plaintiffs assert that the standard page limits applicable under Judge Martinez's practice standards will not provide sufficient opportunity to explain the technical facts needed to establish harm and develop the legal arguments for issues not previously litigated to demonstrate the likelihood that Plaintiffs will prevail in this complex case.

 b. The parties' proposed JCMP allows Sierra Club Plaintiffs to file an opening brief and each Defendant to file separate response briefs of 9,500 words (approximately 38 pages), and Plaintiffs to file a reply not to exceed 7,500 words (approximately 30 pages). The parties agreed to word limits, rather than page limits, because that is the convention under the Federal Rules of Appellate Procedure, which apply in AP cases in

this district. *See Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1580 (10th Cir. 1994).

c. The negotiated word limit for Sierra Club Plaintiffs' motion reflects their burden to establish that they are likely to prevail on one or more of their many merits claims and to show harm if the I-70 Central Project is allowed to proceed to construction while the case is litigated on the merits.

d. The Sierra Club Plaintiffs' merits claims involve a complex mix of highly technical facts and legal claims under NEPA, § 109(h) of the Federal Aid Highway Act, and the transportation conformity requirements of the Clean Air Act.  The Sierra Club Plaintiffs believe that many of the legal issues presented for review are questions of first impression that will require more detailed analysis than claims previously decided by other courts. In this complex case involving how a public investment of $1.17 billion may lawfully be spent, the Sierra Club Plaintiffs believe that the word limits negotiated with Defendants are the minimum necessary to meet their burden for asking the Court to preserve the status quo pending disposition of Plaintiffs' claims on the merits.

e. The word limits for Defendants' separate response briefs recognize that they will each need to respond to the Sierra Club Plaintiffs' 9,500 word

motion. The filing of separate briefs by Federal Defendants and State Defendant-Intervenors reflect that the two defendants are separate government entities with broader separate interests than those at issue in the case. The local rules for the Tenth Circuit expressly provide that government entities are not required to file joint briefs with any other party. Tenth Circuit Local Rule 31.3(D). Because this case is to proceed as an appeal under *Olenhouse*, 42 F.3d at 1580, Federal and State Defendant-Intervenors respectfully suggest that the same rule should apply here.

f.  Additionally, counsel for Federal Defendants will need to carefully coordinate their arguments regarding the Clean Air Act with the Environmental Protection Agency in addition to the federal entities named as defendants in the case and arrive at a unified federal position. The Court should benefit from having this unified federal position, which the federal government should not have to coordinate with the State Defendant-Intervenors. Federal Defendants also note that only attorneys of the United States Department of Justice are authorized to represent the Federal Defendants in these cases. *See* 28 U.S.C. § 516. While this does not necessarily prevent Federal Defendants and State Defendant-Intervenors from making joint filings in these cases, it does express

  Congress' intent that only Justice Department attorneys may represent the interest of federal agencies in cases such as these.

 g. The word limit negotiated by the parties for the Sierra Club Plaintiffs' reply brief (7,500 words) acknowledges that Plaintiffs will need to reply to a total of 19,000 words allowed for the Federal and State response briefs.

Wherefore, the parties request that the Court—

1) approve the briefing schedule submitted to the Court in ¶ 5 of the proposed Joint Case Management Plan; and

2) approve the word limits and briefing format submitted to the Court in ¶ 5 of the proposed Joint Case Management Plan (Docket 43).

Respectfully submitted this 25th day of October, 2017.

*Attorneys for Sierra Club Plaintiffs*

By: _/s/Gregory N. Corbin_____
Robert E. Yunhke
4050 SE Hosner Terrace
Gresham, OR 97080
(303) 499-0425
bob.yunkhe@prodigy.net

Andrea S. Gelfuso
Andrew Gelfuso, Attorney at Law
2402 S. Holland Street
Lakewood, CO 80227
(303) 955-1910
agelfuso6@gmail.com

*Attorneys for Federal Defendants*

JEFFREY H. WOOD

Acting Assistant Attorney General
Environment & Natural Resources Division

By: __/s/ Mayte Santacruz____
Mayte Santacruz
Carter F. Thurman
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
601 D Street, NW
Washington, D.C. 20004

Gregory Nicholas Corbin
Milligan Rona Duran & King, LLC
1627 Vine Street
Denver, CO 80206
(720) 414-2000
gnc@mrdklaw.com

*Attorneys for State Defendant-Intervenors*

By:      /s/ Nicholas A. DiMascio
John E. Putnam
Nicholas A. DiMascio
Kaplan Kirsh & Rockwell LLP
1675 Broadway, Suite 2300
Denver, CO 80202
(303) 825-7000
jputnam@kaplankirsch.com
ndismascio@kaplankirsch.com

Brent E. Butzin
Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6638
brent.butzin@coag.gov

(202) 305-0465 (Santacruz)
(202) 305-0444 (Thurman)
mayte.santacruz@usdoj.gov
carter.thurman@usdoj.gov

David A. Carson
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
Denver Place Building
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
(303) 844-1349
david.a.carson@usdoj.gov

## CERTIFICATE OF SERVICE

I do hereby certify that on this 25th day of October, 2017, I filed a ture and accurate copy of the foregoing with the Clerk of Court via the CM/ECF system, which provided immediate electronic notice of the same to all counsel of record as follows:

Melissa A. Hailey, CO Reg. #42836
Aaron D. Goldhamer, CO Reg. #41016
1290 Broadway, Suite 600
Denver, CO 80203
Tel: (303) 534-0401
Fax: (303) 534-8333
mah@keatingwagner.com
agoldhamer@keatingwagner.com
James Jay Tutchton, CO Reg. #21138
Tutchton Law Office
6439 East Maplewood Avenue
Centennial, CO 80111
Tel: (720) 301-3843
jtutchtontlo@gmail.com

*Attorneys for Zeppelin Plaintiffs*

Robert E. Yuhnke
4050 Se Hosner Terrace
Gresham, OR 97080
Yuhnke@prodigy.net
303-499-0425

Andrea S. Gelfuso
Andrea Gelfuso, Attorney at Law
2402 South Holland Street
Lakewood , CO 80227
303-955-1910
Email:Agelfuso6@gmail.com

Gregory Nicholas Corbin
Milligan Rona Duran & King, LLC-Denver
1627 Vine Street
Denver , CO 80206
720-414-2000
Fax: 855-395-5525
Email:Gnc@mrdklaw.com

*Attorneys for Sierra Club Plaintiffs*

Carter Fleeth Thurman
Mayte Santacruz
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
601 D Street, N.W.
Washington, DC 20004
(202) 305-0444 (Thurman)
(202) 305-0465 (Santacruz)
carter.thurman@usdoj.gov
mayte.santacruz@usdoj.gov

John E. Putnam
Nicholas A. DiMascio
Kaplan Kirsch & Rockwell LLP
1675 Broadway, Suite 2300
Denver, CO 80202
(303) 825-7000
jputnam@kaplankirsch.com
ndimascio@kaplankirsch.com

David A. Carson
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
999 18th St., Suite 370
Denver, CO  80202
(303) 844-1349
david.a.carson@usdoj.gov

*Attorneys for Defendants*

Brent E. Butzin
Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6638
Brent.Butzin@coag.gov

*Attorneys for Defendant-Intervenors*