IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Nos. 17-cv-01661-WJM-MEH
17-cv-01679-WJM-MEH

KYLE ZEPPELIN; BRAD EVANS; CHRISTINE O'CONNOR; KIMBERLY MORSE; JACQUELINE LANSING; JANET FEDER; SIERRA CLUB; ELYRIA AND SWANSEA NEIGHBORHOOD ASSOCIATION; CHAFEE PARK NEIGHBORHOOD ASSOCIATION; and COLORADO LATINO FORUM,

    Plaintiffs,

v.

FEDERAL HIGHWAY ADMINISTRATION, ELAINE CHAO, in her official capacity as Secretary of Transportation; and JOHN M. CARTER, in his official capacity as Division Administrator,

    Defendants,

v.

COLORADO DEPARTMENT OF TRANSPORTATION, and SHAILEN P. BHATT, in his official capacity as Executive Director of the Colorado Department of Transportation,

    Defendant-Intervenors.

## ZEPPELIN PLAINTIFFS' NOTICE OF MACFARLANE DECISION

On August 2, 2017, the Zeppelin Plaintiffs filed their Notice of Related Cases, identifying the following state court matter as including common facts and/or claims and having also been filed by the law firm of Keating Wagner Polidori Free, P.C.: John D. MacFarlane, *et al.* v. The City and County of Denver, *et al.*, Case No. 2016-CV32126 (Denver District Court) ("MacFarlane"). See Dkt. 11. On October 16, 2017, and in direct response to this Court's Order, Dkt. 55, Plaintiff Christine O'Connor clarified that the Plaintiffs in MacFarlane "asserted

a claim for declaratory relief against the City and County of Denver, alleging that the proposed stormwater management project (the "Project") in City Park Golf Course ("CPGC") – which is a part of the Two Basin Drainage Project / Platte to Park Hill project and will require closure of CPGC for approximately eighteen to twenty-four months – is unlawful for several reasons." Dkt. 57, at 2. Ms. O'Connor stated that no ruling had been issued in MacFarlane, but a decision was expected by October 31, 2017, in light of the City's plans to begin construction on November 1, 2017. See id. at 5.

On October 26, 2017, the Honorable Judge David H. Goldberg issued the Denver District Court's Findings of Facts and Conclusions of Law in MacFarlane. Ex. 1 (Findings of Fact and Conclusions of Law). Judge Goldberg therein found for the City on the one question he was called to answer at trial: "whether Defendants' Project violates the Denver Zoning Code, the Denver City Charter, or Colorado common law." Ex. 1 at 2. Plaintiffs believe the Introduction to Judge Goldberg's Findings of Fact and Conclusions of Law are instructive here and thus recount this section below it its entirety:

> Plaintiffs allege that the City and County of Denver ("City") is planning a construction project that will redesign City Park Golf Course ("CPGC") to integrate an industrial-level stormwater management project into CPGC ("Project") in contravention of: (1) the City's zoning code; (2) restrictions on the use of parkland in the Denver City Charter ("Charter"); and (3) case law interpreting similar dispositions of parkland.
>
> Plaintiffs argue that although the City stresses that the Project is designed to mitigate 100-year storm flooding risk in the Montclair Basin, the true purpose of the Project is linked to the Colorado Department of Transportation's ("CDOT") proposed widening of Interstate 70 ("I-70") and the City's new construction plans along the I-70 corridor. Specifically, Plaintiffs contend that the Project is designed to protect against the risk of flooding to the proposed expansion and lowering of I-70 in north Denver between Brighton and Colorado Boulevards, and public and private development plans for and around the National Western Center. Plaintiffs argue that this shifts the costs of these public and private developments from the builders to the stormwater fee paying public

2

> via the Wastewater Management Enterprise Fund ("Fund"), which is the funding mechanism for the Wastewater Management Division of the City.
>
> Preliminarily, the Court notes that its task is narrow – namely, to determine whether Defendants' Project violates the Denver Zoning Code, the Denver City Charter, or Colorado common law. *Though the reconfiguration of CPGC may be a thinly veiled subterfuge to pave the way for new construction plans on I-70 and along the I-70 corridor, consideration of the various rationales and funding mechanisms for the Project is beyond the scope of this Court's charge due to the applicable standard of review.*

Ex. 1 at 1-2 (emphasis added).

Although the question before the Court in MacFarlane was not so broad as to encompass whether Central 70 and P2PH are connected actions, Judge Goldberg's Findings of Facts and Conclusions of Law do contain some information relevant to the scope of *this* Court's review when considering irreparable harm within the context of Plaintiffs' pending Motion for Stay, Dkt. 32, and/or the purpose of TBDP/P2PH within the context of FHWA's Motion to Dismiss, Dkt. 45, wherein the federal government argues Plaintiffs have "attempt[ed] to fabricate" a connection between TBDP/P2PH and Central 70, which is "independently capable of handling a 100-year storm." Id. at 9. These relevant portions are quoted below.

> The Court finds that although Defendants have taken a thoughtful approach to the golf course renovation, the loss of mature [tree] canopy is materially detrimental to the habitat and the neighborhood. The loss of canopy contemplated by the Project may take decades to redevelop, and a change in grading and large scale removal of trees may result in detrimental changes to the health of the soil and remaining trees on CPGC.

Ex. 1 at 7-8.

> [T]he proposed renovation of the golf course and/or the addition of a detention facility may lead to a change in the historic character and significance to the community, as well as delisting from the Historic Registers.

Id. at 9.

> A number of witnesses testified regarding the relationship the Project has to the I-70 expansion and the National Western Project. [Lesley] Thomas testified that the Project

3

> will protect the National Western Complex *and will also help CDOT provide 100 year flood protection for the I-70 project.* Based on timing and the requirement for 100 year storm protection, *Ms. Thomas acknowledged that the Project is critical to the I-70 construction project.*

Id. at 14 (emphasis added).

> As noted above, regardless of any relationship between the I-70 expansion and the CPGC Project, consideration of the rationales for the Project and the funds being used to pay for the Project are beyond the scope of this Court's charge due to the applicable standard of review.

Id. at 15.

> In light of Plaintiffs' failure to prevail on the merits, the Court has considered, but need not address whether irreparable harm will result, whether the threatened injury outweighs the harm the injunction may cause to the opposing party, or whether an injunction would adversely affect the public's interest.

Id. at 23.

To the best of the Zeppelin Plaintiffs' understanding and in light of the ruling in MacFarlane, the City of Denver will close City Park Golf Course on or about November 1, 2017 for construction of the TBDP/P2PH stormwater detention. See Notice of Post-Trial Developments filed in MacFarlane on October 16, 2017, Dkt. 57-2, at ¶ 9. To the best of Plaintiffs' understanding, the first order of business for City Park Golf Course construction will be cutting down the 261 trees the City has already tagged for removal. Id. at ¶ 8.

Respectfully submitted this 27th day of October, 2017.

                                            KEATING WAGNER POLIDORI FREE, P.C.

                        By:   *s/ Melissa A. Hailey*
                                    Melissa A. Hailey, CO Reg. #42836
                                    Aaron D. Goldhamer, CO Reg. #41016
                                    1290 Broadway, Suite 600
                                    Denver, CO 80203

Tel: (303) 534-0401
Fax: (303) 534-8333
mah@keatingwagner.com
agoldhamer@keatingwagner.com

*~ and ~*

James Jay Tutchton, CO Reg. #21138
Tutchton Law Office
6439 East Maplewood Avenue
Centennial, CO 80111
Tel: (720) 301-3843
jtutchtontlo@gmail.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of October, 2017, I filed a true and accurate copy of the foregoing with the Clerk of Court via the CM/ECF system, which provided immediate electronic notice of the same to all counsel of record as follows:

Carter F. Thurman, Esq.
Mayte Santacruz, Esq.
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Carter.thurman@usdoj.gov
Mayte.santacruz@usdoj.gov

David A. Carson
U.S. Department of Justice-Denver-ENRS
Environment & Natural Resources Section
999 17th Street
South Terrace, Suite 370
Denver, CO 80212
David.a.carson@usdoj.gov

*Attorneys for Federal Defendants*

John E. Putnam, Esq.
Nicholas A. DiMascio, Esq.
Kaplan Kirsch & Rockwell, LLP
1675 Broadway, Suite 2300
Denver, CO 80202
jputnam@kaplankirsch.com
ndimascio@kaplankirsch.com

Brent E. Butzin, Esq.
Assistant Attorney General
1300 Broadway, Tenth Floor
Denver, Colorado 80203
Brent.butzin@coag.gov

*Attorneys for Defendant-Intervenors*

Robert E. Yuhnke, Esq.
Robert E. Yuhnke & Associates

4050 SE Hosner Terrace
Gresham, OR 97080
Bob.yuhnke@prodigy.net

Andrea S. Gelfuso, Esq.
Andrea Gelfuso, Attorney at Law
2402 South Holland Street
Lakewood, CO 80227
Agelfuso6@gmail.com

Gregory Nicholas Corbin
Milligan Rona Duran & King, LLC-Denver
1627 Vine Street
Denver, CO 80206
gnc@mrdklaw.com

*Attorneys for Sierra Club Plaintiffs*

                                                *s/ Melissa A. Hailey*