**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Actions Nos.     17-cv-01661-WJM-MEH
                       17-cv-01679-WJM-MEH


KYLE ZEPPELIN; BRAD EVANS; CHRISTINE O'CONNOR; KIMBERLY MORSE;
JACQUELINE LANSING; JANET FEDER; SIERRA CLUB; ELYRIA AND SWANSEA
NEIGHBORHOOD ASSOCIATION; CHAFEE PARK NEIGHBORHOOD
ASSOCIATION; and COLORADO LATINO FORUM,

       Plaintiffs,

  v.

FEDERAL HIGHWAY ADMINISTRATION, ELAINE CHAO, in her official capacity as
Secretary of Transportation; and JOHN M. CARTER; in his official capacity as Division
Administration,

       Defendants,

  and

COLORADO DEPARTMENT OF TRANSPORTATION, et al.,

       Defendant-Intervenors.

---

**RESPONSE TO ZEPPELIN PLAINTIFFS'**
**NOTICE OF MACFARLANE DECISION**

---

On October 26, 2017, the Denver District Court rejected a challenge filed by several

plaintiffs, including Plaintiff Christine O'Connor, to the City and County of Denver's stormwater

management project in City Park Golf Course.  (ECF 74-1_MacFarlane Op. 15-24.)

Specifically, the court found that the City had lawfully "determined that a portion of [City Park

Golf Course] should serve dual purposes, retaining its purpose as a golf course, while providing

stormwater detention to aid the City in flood damage mitigation."  (*Id.* at 22.)  The court further

found that the City had "made the decision to move forward with the Project fairly and reasonably and [had] demonstrated that the Project fulfills numerous park purposes." (*Id.*)

The court expressly declined to issue any findings of fact regarding plaintiffs' theory that the City's stormwater project is connected to the Central 70 Project. (*Id.* at 15.) Because plaintiffs' theory was "beyond the scope of [the] Court's charge," the court focused exclusively on whether the City had complied with the Denver Zoning Code, the Denver City Charter, and Colorado common law. (*Id.*) On those issues, the court found the City's witnesses, including Lesley Thomas and Bruce Uhernik, to be "more compelling" because they "evidenced a deep knowledge of the facts at issue, have been in the best position to observe of the Project's progression since inception, and have made decisions regarding the Project in conformity with the provisions set forth in the Charter and the [Denver Zoning Code]." (*Id.* at 21.)

Compared to the plaintiffs' witnesses, the court placed "greater weight" on Mr. Uhernik's testimony due to his "intimate involvement with the Project, his review of all the background documents and computer modelling of flood patterns, and his particular knowledge of the Montclair Basin." (*Id.* at 12.) As the court summarized, Mr. Uhernik testified that the Montclair Basin "needs a 100 year storm solution" because it "presents the highest risk of flooding out of any of the basins in the City," and expanding stormwater detention at City Park Golf Course presents an "elegant solution" to that problem because it is a "natural low point" in the Basin. (*Id.* at 10-11.) The court ultimately held that, "if the Project is completed, it will still be a park, albeit one that serves multiple purposes in the event of a 100 year flood," and that such a use is consistent with the Denver City Charter, Denver Zoning Code, and Colorado common law. (*Id.* at 19-22.)

The Zeppelin Plaintiffs cherry pick *dictum* from the introduction of the court's opinion speculating that the City's reasons for its stormwater project "may" be a pretext for supporting the Central 70 Project.  (*Id.* at 2.)  But as explained above, the court expressly refused to issue any such finding (*id.* at 15) and otherwise afforded the City's witnesses more weight than the plaintiffs' witnesses (*id.* at 10-12, 21).  Given those other rulings, the court's introductory statement merely clarified that the case's outcome would not have been different even *if* the most extreme version of the plaintiffs' theory were true.  The court did not state or imply that the plaintiffs' theory was, in fact, true.

More importantly, the court correctly noted that Ms. Thomas and Mr. Uhernik both testified that, with or without the Central 70 Project, the City will complete its project "because it is necessary and in the best interests of the City."  (*Id.* at 14.)[1]  Because the Denver District Court has now confirmed that the City lawfully decided to redesign City Park Golf Course to increase "stormwater detention to aid the City in flood damage mitigation" (*id.* at 22), and because the City is using no CDOT funds and requires no further approvals for that portion of its project (ECF 65-2_2d Thomas Decl. ¶ 5), the City can and will proceed regardless of the outcome of this lawsuit, the pending motion for a preliminary injunction, or the fate of the Central 70 Project.

---

[1] The Zeppelin Plaintiffs note that, in summarizing Ms. Thomas's testimony, the court also stated that Ms. Thomas had "acknowledged that the Project is critical to the I-70 construction project." (*Id.* at 14.)  In her testimony, Ms. Thomas stated that the timeline for I-70 is "critical," but only because "[h]aving an understanding of what's going on in the area where you're potentially planning a project is important to understand, whether it's a City project, a developer project, a CDOT project, a DPS project."  (ECF 46-16_Thomas Testimony at 34:24 to 35:8.)  Moreover, Ms. Thomas correctly testified that FHWA and CDOT have "everything they need in their documents to move forward without our project."  (*Id.* at 48:1-16.)

Respectfully submitted,

BRENT E. BUTZIN                         JOHN E. PUTNAM
Assistant Attorney General              NICHOLAS A. DiMASCIO
1300 Broadway, 10th Floor               KAPLAN KIRSCH & ROCKWELL LLP
Denver, CO  80203                       1675 Broadway, Suite 2300
(720) 508-6638                          Denver, CO  80202
Brent.Butzin@coag.gov                   (303) 825-7000
                                        jputnam@kaplankirsch.com
                                        ndimascio@kaplankirsch.com


                                        *Attorneys for Intervenor Respondent*


OCT. 30, 2017                            *s/ Nicholas A. DiMascio*
                                        NICHOLAS A. DIMASCIO

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2017, I electronically filed the foregoing document and all of its attachments with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Melissa A. Hailey
Aaron D. Goldhamer
Keating Wagner Polidori Free, P.C.
1290 Broadway, Suite 600
Denver, CO 80203
(303) 534-0401
(303) 534-8333
mah@keatingwagner.com
agoldhamer@keatingwagner.com

James Jay Tutchton
Tuchton Law Office
6439 East Maplewood Avenue
Centennial, CO 80111
(720) 301-3843
jtuchtontlo@gmail.com

Robert E. Yuhnke
4050 Se Hosner Terrace
Gresham, OR  97080
(303) 499-0425
bob.yuhnke@prodigy.net

Andrea S. Gelfuso
Andrea Gelfuso, Attorney at Law
2402 South Holland Street
Lakewood , CO  80227
(303) 955-1910
Agelfuso6@gmail.com

Carter F. Thurman
Mayte Santacruz
U.S. Department of Justice
Env't & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
(202) 305-0465 (phone)
(202) 305-0506 (fax)
carter.thurman@usdoj.gov
mayte.santacruz@usdoj.gov

David A. Carson
United States Department of Justice
Env'l Natural Resources Division
Environmental Defense Section
Denver Place Building
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
(303) 844-1349
david.a.carson@usdoj.gov

Gregory Nicholas Corbin
Milligan Rona Duran & King, LLC
1627 Vine Street
Denver , CO  80206
(720) 414-2000
Fax: (855) 395-5525
Gnc@mrdklaw.com

s/ *Nicholas A. DiMascio*
Nicholas A. DiMascio