# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Actions Nos.    17-cv-01661-WJM-MEH
　　　　　　　　　　17-cv-01679-WJM-MEH

KYLE ZEPPELIN; BRAD EVANS; CHRISTINE O'CONNOR; KIMBERLY MORSE; JACQUELINE LANSING; JANET FEDER; SIERRA CLUB; ELYRIA AND SWANSEA NEIGHBORHOOD ASSOCIATION; CHAFEE PARK NEIGHBORHOOD ASSOCIATION; and COLORADO LATINO FORUM,

　　　　Plaintiffs,

　v.

FEDERAL HIGHWAY ADMINISTRATION, ELAINE CHAO, in her official capacity as Secretary of Transportation; and JOHN M. CARTER; in his official capacity as Division Administration,

　　　　Defendants,

　v.

COLORADO DEPARTMENT OF TRANSPORTATION, et al.,

　　　　Defendant-Intervenors.

## CDOT'S SUPPLEMENTAL BRIEF ON AUTHORITY TO ENJOIN NON-FEDERAL ACTORS

BRENT E. BUTZIN
Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO  80203
(720) 508-6638
brent.butzin@coag.gov

JOHN E. PUTNAM
NICHOLAS A. DIMASCIO
KAPLAN KIRSCH & ROCKWELL LLP
1675 Broadway, Suite 2300
Denver, CO  80202
(303) 825-7000
jputnam@kaplankirsch.com
ndimascio@kaplankirsch.com

This Court asked whether CDOT "effectively stand[s] in the shoes of the Federal Highway Administration" and whether the court can "enjoin CDOT from sending non-federal money to the City and County of Denver." (ECF 76.) The answer to both questions is no. Although CDOT is the Project sponsor, CDOT is not subject to the National Environmental Policy Act ("NEPA"), Section 4(f) of the Department of Transportation Act ("Section 4(f)"), or to the Administrative Procedure Act ("APA") and CDOT's support of Denver's project is not subject to FHWA approval or funding.

The APA only applies to "authorit[ies] of the Government of the United States," *see* 5 U.S.C. § 701(b)(1), and thus, "[b]y its own terms, …does not apply to state agencies," *Sw. Williamson Cty. Cmty. Ass'n v. Slater*, 173 F.3d 1033, 1035 (6th Cir. 1999). *See also Coliseum Square Ass'n, Inc. v. Jackson*, 465 F.3d 215, 249 (5th Cir. 2006) (the APA provides no "route for reviewing the actions of nonfederal defendants"). And even where a non-federal actor may be appropriately joined as a party in a suit brought under the APA, the APA does not permit "a private suit … against a nonagency defendant." *Sierra Club v. Hodel*, 848 F.2d 1068, 1077 (10th Cir. 1988), *overruled on other grounds by Vill. of Los Ranchos De Albuquerque v. Marsh*, 956 F.2d 970, 973 (10th Cir. 1992).

Nor does anything in NEPA confer subject matter jurisdiction over CDOT actions. NEPA applies only to "agencies of the Federal Government," requiring them to prepare environmental impact statements for certain "major Federal actions." 42 U.S.C. § 4332(2)(C). Even when, as here, a state agency prepares an EIS for a federally-funded project, the federal agency remains the party responsible for NEPA compliance. *Id.* § 4332(2)(D)(ii)-(iii) (requiring the federal agency to "furnish[] guidance" for, "participate[]" in the preparation of, and

"independently evaluate[]" an EIS prepared by a state agency). "Congress did not intend NEPA to apply to state, local, or private actions." *Atlanta Coal. on the Transp. Crisis, Inc. v. Atlanta Reg'l Comm'n*, 599 F.2d 1333, 1344 (5th Cir. 1979); *see also Long v. United States* 2007 U.S. Dist. LEXIS 97761, at *13 (D.N.M. Nov. 24, 2007) (NEPA text indicates that state agencies are not "legally obligated to comply with NEPA"). Similarly, "Section 4(f) is only applicable to federal projects," *Vill. of Los Ranchos de Albuquerque v. Barnhart*, 906 F.2d 1477, 1484 (10th Cir. 1990), and "does not apply to state actors," *Ware v. U.S. Fed. Highway Admin.*, 2016 U.S. Dist. LEXIS 42020, at *20 n.2 (S.D. Tex. Mar. 30, 2016).

Accordingly, where a party is a "nonfederal entity, the district court lack[s] the power to enjoin it under the APA." *Resident Council of Allen Parkway Vill. v. U.S. Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1055 (5th Cir. 1993); *see also Friends of Lydia Ann Channel v. U.S. Army Corps of Eng'rs*, 2017 U.S. App. LEXIS 14721, *13-14 (5th Cir. Aug. 9, 2017) (plaintiffs "cannot obtain an injunction against [the] nonfederal defendant, for a claim under the APA that the federal agency violated NEPA"). This Court lacks jurisdiction under the APA, NEPA, and Section 4(f) to enjoin CDOT from providing funds to Denver for its local stormwater project.

To be sure, *where a non-federal project is subject to federal control*, a court may enjoin the non-federal actor from carrying out its project until the federal agency has conducted the requisite environmental review. For example, in *Hodel*, the Tenth Circuit considered whether a county could be enjoined from improving a road through a federal wilderness study area until the Bureau of Land Management ("BLM") conducted a NEPA analysis and decided whether to issue a permit. 848 F.2d at 1073-74. Central to the court's analysis was the fact that "a decision favorable to the [plaintiff] would impose a duty on the respective *agency* to enjoin the

2

developer" because BLM was statutorily required to "enjoin activities which threaten wilderness study areas." *Id.* at 1077-78 (emphasis added); *see also Arlington Coal. on Transp. v. Volpe*, 458 F.2d 1323, 1329 (4th Cir. 1972) (refusing to allow state agency to continue building "highway with federal funds" and thereby "make a sham of the reconsideration required" by NEPA).

Here, in contrast, FHWA lacks control over (1) Denver's stormwater project, and (2) CDOT's use of state funds.  Nothing in NEPA or Section 4(f) requires Denver or CDOT to obtain FHWA's authorization before collaborating on a wholly locally funded project.  Absent federal control conferred on FHWA by statute, this Court not only lacks jurisdiction to review Denver's and CDOT's actions, it also lacks jurisdiction to enjoin those local activities.  Where a non-federal project receives no "federal financial assistance" and requires no "prior approval of a federal agency" to proceed, "[a]llowing nonfederal actors to be enjoined for NEPA violations undermines the autonomy left by NEPA to state and local officials." *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1397-98 (9th Cir. 1992) (internal quotation marks omitted).

Nor does CDOT's contribution of state funds to Denver's stormwater project "make a sham" of FHWA's environmental review of the Central 70 Project under NEPA.  *See Arlington Coal.*, 458 F.2d at 1329.  FHWA's analysis assumed the worst-case scenario:  Central 70 would have to include a stormwater system independently capable of handling a 100-year flood.  (*See* ECF 46-4_ROD at 144-47.)  FHWA approved federal funding for Central 70 only after considering the environmental impacts of building that fully independent system.  (*See, e.g.*, ECF 46-1_FEIS at 168-78.)  Because Denver's stormwater project did not influence or constrain FHWA's decision, CDOT's contribution of state funds to Denver's project in no way undermined the NEPA process, and this Court lacks jurisdiction to enjoin that state expenditure.

3

                                                        Respectfully submitted,

| | |
|---|---|
| BRENT E. BUTZIN | JOHN E. PUTNAM |
| Assistant Attorney General | NICHOLAS A. DIMASCIO |
| 1300 Broadway, 10th Floor | KAPLAN KIRSCH & ROCKWELL LLP |
| Denver, CO 80203 | 1675 Broadway, Suite 2300 |
| (720) 508-6638 | Denver, CO 80202 |
| Brent.Butzin@coag.gov | (303) 825-7000 |
| | jputnam@kaplankirsch.com |
| | ndimascio@kaplankirsch.com |

                                                        *Attorneys for Defendant-Intervenors*

NOVEMBER 2, 2017                          *s/ John E. Putnam*
                                                      JOHN E. PUTNAM

4

# CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of November, 2017, I electronically filed the foregoing document and all of its attachments with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Melissa A. Hailey
Aaron D. Goldhamer
Keating Wagner Polidori Free, P.C.
1290 Broadway, Suite 600
Denver, CO 80203
(303) 534-0401
(303) 534-8333
mah@keatingwagner.com
agoldhamer@keatingwagner.com

James Jay Tutchton
Tuchton Law Office
6439 East Maplewood Avenue
Centennial, CO 80111
(720) 301-3843
jtuchtontlo@gmail.com

Robert E. Yuhnke
4050 Se Hosner Terrace
Gresham, OR 97080
Yuhnke@prodigy.net
303-499-0425

Andrea S. Gelfuso
Andrea Gelfuso, Attorney at Law
2402 South Holland Street
Lakewood , CO  80227
303-955-1910
Email:Agelfuso6@gmail.com

Carter F. Thurman
Mayte Santacruz
U.S. Department of Justice
Env't & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
(202) 305-0465 (phone)
(202) 305-0506 (fax)
carter.thurman@usdoj.gov
mayte.santacruz@usdoj.gov

David A. Carson
United States Department of Justice
Env'l Natural Resources Division
Environmental Defense Section
Denver Place Building
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
(303) 844-1349
david.a.carson@usdoj.gov

Gregory Nicholas Corbin
Milligan Rona Duran & King, LLC
1627 Vine Street
Denver , CO  80206
720-414-2000
Fax: 855-395-5525
Email:Gnc@mrdklaw.com


s/      *John E. Putnam*
JOHN E. PUTNAM