IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-1661-WJM-MEH
*Consolidated with* 17-cv-1679-WJM-MEH

KYLE ZEPPELIN; BRAD EVANS; CHRISTINE O'CONNOR; KIMBERLY MORSE; JACQUELINE LANSING; and JANET FEDER;

    *and*

SIERRA CLUB; ELYRIA AND SWANSEA NEIGHBORHOOD ASSOCIATION; CHAFFEE PARK NEIGHBORHOOD ASSOCIATION; and COLORADO LATINO FORUM,

    Plaintiffs,

v.

FEDERAL HIGHWAY ADMINISTRATION,
ELAINE CHAO, in her official capacity as Secretary of Transportation; and
JOHN M. CARTER, in his official capacity as Division Administrator,

    Defendants,

    *and*

COLORADO DEPARTMENT OF TRANSPORTATION, and
SHAILEN P. BHATT, in his official capacity as Executive Director of the Colorado Department of Transportation,

    Defendant-Intervenors.

## ORDER DENYING MOTION TO RECONSIDER IN PART AND CALLING FOR FURTHER BRIEFING ON THE REMAINDER

Before the Court is the Zeppelin Plaintiffs' Motion to Reconsider Dismissal of Fourth, Fifth, and Seventh Claims for Relief ("Motion to Reconsider"). (ECF No. 91.) With respect to the Zeppelin Plaintiffs' Claim 7, the "threatened concrete interest . . . that is the ultimate basis of [Plaintiff O'Connor's and Plaintiff Lansing's] standing," *Lujan*

*v. Defenders of Wildlife*, 504 U.S. 555, 573 n.8 (1992), is enjoyment of City Park Golf Course.  Even if the Court were to find a violation of a procedural right under Claim 7, it would have no effect on the planned construction at City Park Golf Course.  Accordingly, the Motion to Reconsider will be denied as to Claim 7.

As to the remainder of the Motion to Reconsider, the Court requires further briefing.  First, the Court requires the Zeppelin Plaintiffs to explain the independent value of Claims 4 and 5 to them in light of the fact that their Claims 1 and 6 still remain for adjudication, and the latter two claims might still provide a basis for a preliminary injunction that halts construction of the PCL Alternative.  In particular, it appears that Claim 6 (cumulative action), which Defendants did not move to dismiss, is broad enough to encompass any separate analysis that the Court might engage in both as to Claims 4 (connected action) and 5 (similar action).  Thus the question for the Zeppelin Plaintiffs:  Is there any relief the Court can grant under Claims 4 and/or 5 that the Court cannot grant under Claim 6 (or Claim 1)?[1]

Second, the Court requires the Zeppelin Plaintiffs and Defendants to address an unusual standing question potentially created under the present circumstances.  The Court realizes that Defendants advanced a number of arguments against Claims 4 and 5, including that the connected and similar action doctrines do not embrace the actions of non-federal actors.  Nonetheless, the Court requires the parties to assume the following premises for purposes of further briefing:[2]

---

[1] Although this question is directed at the Zeppelin Plaintiffs, Defendants may offer their view as well, if they so choose.

[2] The parties need not make any argument for or against these premises to preserve their prior positions.  The Court understands the parties' respective positions up to this point and

- The connected and/or similar action doctrines could, in theory, require consideration of non-federal action such as P2PH;

- At the time Defendants were preparing the final EIS and ROD, Defendants had actual power to control or materially influence P2PH; but

- P2PH is now beyond Defendants' power to control or influence.

Given these premises, does the Court have power to enter an order: (1) finding, under the connected and/or similar action doctrines, that Defendants improperly excluded P2PH from their deliberations, and (2) requiring Defendants to develop a new EIS/ROD that rectifies this error, even though Defendants cannot now exercise material control or influence over P2PH?

Accordingly, the Court ORDERS as follows:

1. The Zeppelin Plaintiffs' Motion to Reconsider (ECF No. 91) is DENIED as to the Zeppelin Plaintiffs' Claim 7, but otherwise REMAINS UNDER ADVISEMENT;

2. On or before **January 5, 2018**, the Zeppelin Plaintiffs and Defendants shall each file a supplemental brief of no more than 12 pages (calculated according to WJM Revised Practice Standard III.C.1) addressing the questions set forth above.

Dated this 13th day of December, 2017.

BY THE COURT:

_____
William J. Martinez
United States District Judge

---

has made no ruling either way.