**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-1661-WJM-MEH
*Consolidated with* 17-cv-1679-WJM-MEH

KYLE ZEPPELIN; BRAD EVANS; CHRISTINE O'CONNOR; KIMBERLY MORSE; JACQUELINE LANSING; JANET FEDER;

*and*

SIERRA CLUB; ELYRIA AND SWANSEA NEIGHBORHOOD ASSOCIATION; CHAFFEE PARK NEIGHBORHOOD ASSOCIATION; and COLORADO LATINO FORUM,

Plaintiffs,

v.

FEDERAL HIGHWAY ADMINISTRATION, ELAINE CHAO, in her official capacity as Secretary of Transportation; and JOHN M. CARTER, in his official capacity as Division Administrator, Defendants,

v.

COLORADO DEPARTMENT OF TRANSPORTATION, and SHAILEN P. BHATT, in his official capacity as Executive Director of the Colorado Department of Transportation,

Defendant-Intervenors.

---

**PETITIONER'S UNOPPOSED EXPEDITED MOTION FOR MODIFICATION
OF JOINT CASE MANAGEMENT PLAN**
(Case No. 17-cv-1679-WJM-MEH)

---

ROBERT E. YUHNKE  (CO Bar No. 12686)
4050 SE Hosner Terrace
Gresham, OR 97080
(303) 499-0425
bob.yuhnke@prodigy.net

ANDREA S. GELFUSO  (CO Bar No. 19773)
2402 S. Holland Street
Lakewood Co 80227
(303) 955-1910
agelfuso6@gmail.com

GREGORY N. CORBIN  (CO Bar No. 48468)
Milligan Rona Duran & King LLC
1627 Vine St.
Denver, CO 80206
Tel. 720-414-2000
gnc@mrdklaw.com

COUNSEL FOR PETITIONERS

1 – Sierra Club Petitioners' Expedited Motion for Modification of the Joint Case Management Plan

Petitioners Sierra Club, Elyria-Swansea Neighborhood Association, Colorado Latino Forum, and Chafee Park Registered Neighborhood Organization move for modification of the dates for filing motions in Joint Case Management Plan (JCMP) for good cause shown. After conferral, the alternative dates proposed in this motion were negotiated with Defendants. Defendants inform Petitioners' counsel that they do not oppose this motion.

I.   Proposed Alternative Schedule.

Currently the Court Order implementing the JCMP requires as follows:

**The full administrative record will be filed on or before December 15, 2017. Any motion seeking relief concerning that administrative record must be filed on or before February 12, 2018; any response by February 21, 2018; and any reply by February 23, 2018 (or such other dates as may be stipulated by the parties).**

The parties have agreed to the following alternative dates:

|  | **Deadline** |
|---|---|
| **Deadline for plaintiffs to confer with defendants on motions to complete the record:**<br>Plaintiffs will send Defendants a final conferral notice regarding documents or other materials that Plaintiffs contend were improperly excluded from the agency record along with reasons why Plaintiffs contend they must be included to correct the record. The statement of reasons provided for the purpose of conferral shall not preclude additional reasons if a dispute is presented to the Court in a motion to correct the record. | Feb. 16 |

| | |
|---|---|
| **Deadline for plaintiffs to confer with defendants on motions to supplement the record:**<br><br>Plaintiffs will send Defendants a final conferral notice regarding documents or other materials that Plaintiffs contend should be supplemented into the agency record along with reasons why Plaintiffs contend they should be included in the record. The statement of reasons provided for the purpose of conferral shall not preclude additional reasons if a dispute is presented to the Court in a motion to supplement the record. | Feb. 26 |
| **Plaintiffs' Record Motions:** | March 9 |
| **Defendants' Responses[1]:** | March 19 |
| **Pls.' Replies:** | March 21 |
| **Record Motion Hearing:** | March 26 |
| **Pls.' MSJ Briefs:** | April 30 |
| **Defs.' Responses:** | June 29 |
| **Pls.' Replies:** | July 30 |

II.   Good Cause for Modification of Schedule.

Petitioners assert good cause for moving the Court to modify the schedule based upon the following facts:

---

[1] Attorneys for Federal Defendants and CDOT state that they do not oppose this motion but reserve the right to request a further extension of the briefing schedule depending on, inter alia, the nature and extent of the documents Plaintiffs seek to add to the record, and whether, in any record motion Plaintiffs rely on previously undisclosed justifications on which they did not confer with Defendants by the dates set forth herein.

1. Hard drives containing an electronic version of the Administrative Record were received on December 15.

2. During the first 7 days, Petitioners limited their review to searching for materials relevant to their reply brief in support of their Motion for Stay of I-70 Project that was due December 22 (Friday before Christmas), but discovered obstacles that preventing effective searches for documents by subject matter.

3. Petitioners' Counsel and volunteer members resumed focused efforts to search the record on January 2 (spending the four work days between the Holidays with family).

4. This effort was obstructed by major deficiencies in the software used to compile the record, including but not limited to:

   (a) the index produced by FHWA did not properly link to all documents or linked to the wrong files—preventing effective access to 17,000 pages of the record, including specifically the sections of the record that are relevant to Petitioners' Clean Air Act claims;

   (b) a number of documents referenced in indexes to the record, or identified as attachments in cover memos or emails were missing;

   (c) counsels' and volunteers' computers were shut down for two workdays when security software on a volunteer's computer identified two links included in the record as malware; the links were quickly brought to the attention of FHWA's IT expert who subsequently identified the links as the inactive remnant of a previously disabled malware infection which triggered the warning from the security software, but which presented no active threat;

(d) a large number of pages that were produced were not in searchable format, interfering with Plaintiff's ability to effectively review the record; and

(e) FHWA did not produce a privilege log or explain whether any documents had been withheld; on January 16, 2018, FHWA subsequently explained that there were no privileged documents withheld.

5. These obstacles prevented any effective search for relevant files, and instead compelled Petitioners to commit limited resources to identifying and compiling lists of obstacles for submission to Defendants.

6. On January 12, 2018, Plaintiffs transmitted to Defendants a detailed list of deficiencies identifying the software issues and omitted parts of the record along with a request for a conference call to confer regarding a request to remove the obstacles, include omitted documents and make other corrections to the record.

7. The parties conferred on January 16. Defendants agreed to make most of the requested corrections. Defendants requested that Petitioners return the hard drives containing the initial record to be reloaded with the corrected record for delivery by January 26.

8. On January 26, FHWA delivered reloaded hard drives containing a corrected Administrative Record that addresses most of the problems Plaintiffs identified.

9. Plaintiffs were able to commence an effective search of the record on January 29, 2018.

10. These obstacles discovered in the version of the Administrative Record initially served on Petitioners rendered large portions of the files in the record relevant and material to

Petitioners' claims either inaccessible or not searchable. Given that the record includes over 1 terabyte of data, the obstacles to access and searchability made the record functionally unusable.

11.  As a result of the delays in having functional and meaningful access to the record, the Plaintiffs and Defendants negotiated an adjustment to the current schedule to provide an opportunity for meaningful review of the newly produced Administrative Record.

12.  No extensions have been granted previously in this case.

Wherefore, Petitioners move the Court to find good cause for modifying the schedule in the Joint Case Management Order, and to adopt the modified schedule negotiated by the parties.

Respectfully submitted,

  /s/Gregory N. Corbin
ROBERT E. YUHNKE (CO Bar No. 12686)
4050 SE Hosner Terrace
Gresham, OR 97080
(303) 499-0425
bob.yuhnke@prodigy.net

ANDREA S. GELFUSO  (CO Bar No. 19773)
2402 S. Holland Street
Lakewood Co 80227
(303) 955-1910
agelfuso6@gmail.com

GREGORY N. CORBIN  (CO Bar No. 48468)
Milligan Rona Duran & King LLC
1627 Vine St.
Denver, CO 80206
Tel. 720-414-2000
gnc@mrdklaw.com

## CERTIFICATE OF COMPLIANCE WITH D.COLO.LCivR 7.1(a)

Pursuant to D.COLO.LCivR 7.1(a), undersigned counsel has conferred with counsel for FHWA, CDOT, and the Plaintiffs in Civil Action No. 17-cv-01661-WYD (the "Zeppelin Plaintiffs") regarding the substance of this motion. FHWA, CDOT, and the Zeppelin Plaintiffs do not oppose the relief requested herein.

/s/ Gregory N. Corbin
Gregory N. Corbin

## CERTIFICATE OF COMPLIANCE WITH D.COLO.LCivR 6.1(c)

Pursuant to D.COLO.LCivR 6.1(c), undersigned counsel hereby certifies that on this 5th day of February 2018, I served a copy of this Motion on my clients.

/s/ Gregory N. Corbin
Gregory N. Corbin

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February, 2018, I filed a true and accurate copy of the foregoing with the Clerk of Court via the CM/ECF system, which provided immediate electronic notice of the same to all counsel of record, as indicated below.

/s/ Gregory N. Corbin
Gregory N. Corbin

Carter F. Thurman, Esq.
Mayte Santacruz, Esq.
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Carter.thurman@usdoj.gov
Mayte.santacruz@usdoj.gov

David A. Carson
U.S. Department of Justice-Denver-ENRS
Environment & Natural Resources Section
999 17th Street
South Terrace, Suite 370
Denver, CO 80212
David.a.carson@usdoj.gov

*Attorneys for Federal Defendants*

John E. Putnam, Esq.
Nicholas A. DiMascio, Esq.
Kaplan Kirsch & Rockwell, LLP
1675 Broadway, Suite 2300
Denver, CO 80202
jputnam@kaplankirsch.com
ndimascio@kaplankirsch.com

Brent E. Butzin, Esq.
Assistant Attorney General
1300 Broadway, Tenth Floor
Denver, Colorado 80203
Brent.butzin@coag.gov

*Attorneys for Defendant-Intervenors*

Melissa A. Hailey
Aaron D. Goldhamer
1290 Broadway, Suite 600
Denver, CO 80203
mah@keatingwagner.com
agoldhamer@keatingwagner.com

James Jay Tutchton
Tutchton Law Office
6439 East Maplewood Avenue
Centennial, CO 80111
jtutchtontlo@gmail.com

*Attorneys for Zeppelin Plaintiffs*