**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Actions No.   17-cv-01661-WJM-MEH
*Consolidated with*   17-cv-01679-WJM-MEH

SIERRA CLUB; ELYRIA AND SWANSEA NEIGHBORHOOD ASSOCIATION; CHAFEE PARK NEIGHBORHOOD ASSOCIATION; and COLORADO LATINO FORUM,

    Plaintiffs,

v.

FEDERAL HIGHWAY ADMINISTRATION, ELAINE CHAO, in her official capacity as Secretary of Transportation; and JOHN M. CATER, in his official capacity as Division Administrator,

    Defendants,

     *and*

COLORADO DEPARTMENT OF TRANSPORTATION,

    Defendant-Intervenor.

---

**CDOT'S URGENT MOTION TO STRIKE RULE 72(a) OBJECTIONS AND STAY BRIEFING ON THOSE OBJECTIONS PENDING DISPOSITION OF THIS MOTION**

---

Defendant-Intervenor the Colorado Department of Transportation ("CDOT") hereby moves to strike Plaintiffs' (collectively, "Sierra Club") objections to Magistrate Judge Hegarty's order on the scope of the administrative record for failure to comply with this Court's 15 page limit. *See* Fed. R. Civ. P. 7(b); Judge Martinez Practice Standard I.A.2., III.C.1. CDOT further requests that the Court either stay further briefing on Sierra Club's objections until the Court rules on this motion, or alternatively extend the time to respond to Sierra Club's objections. *See* Fed. R. Civ. P. 6(b); Practice Standard III.I.1.

Counsel for CDOT has conferred with counsel for federal defendants and for Sierra Club. Federal defendants do not oppose this motion. Sierra Club opposes this motion. The Court should grant this motion for the following reasons:

1. On April 6, 2018, having reviewed six briefs and heard three and a half hours of argument on Sierra Club's record motions, Magistrate Judge Hegarty issued one written order on the scope of the administrative record. (ECF No. 136.) In 25 pages, Judge Hegarty comprehensively addressed and rejected all of Sierra Club's requests to complete or supplement the administrative record with additional materials.[1]

2. Just before midnight on April 20, 2018, Sierra Club filed two sets of objections to Judge Hegarty's order under Fed. R. Civ. P. 72(a). First, Sierra Club filed a 15 page brief purporting to object to Judge Hegarty's denial of the motion to complete the record (ECF No. 137), but also arguing that Judge Hegarty erred by not supplementing the record (*id.* at 13-16). Second, Sierra Club filed another 15 page brief objecting to Judge Hegarty's refusal to supplement the record with additional materials. (ECF No. 138.)[2]

3. Rule 72 provides that, within 14 days of a magistrate judge's nondispositive "written order," a party may "serve and file objections to the order." Fed. R. Civ. P. 72(a). This Court's Practice Standards provide that a party's objection to a written order under Rule 72(a) is limited to 15 pages. Judge Martinez Practice Standard III.C.1. According to the Practice Standards,

---

[1] Judge Hegarty granted Sierra Club's request to propound a limited number of interrogatories on federal defendants regarding modeling at seven receptor locations. Federal defendants' responses to those interrogatories are due April 27, 2018.

[2] Those briefs may actually exceed 15 pages each, as Sierra Club appears to have used smaller than 12-point font in the footnotes.

exceptions to that page limit "will be made only in exceptional circumstances" and "[p]ermission to file such papers of greater length shall be sought by way of an appropriate motion filed in advance of the deadline for filing the brief." *Id.* III.C.2.  The Practice Standards further explain that failure to follow the "procedures outlined herein may result in an order striking the noncompliant filing." *Id.* at I.A.2.

4. Sierra Club did not file a motion or otherwise request permission to exceed the 15-page limit under Practice Standard III.C.1.  Rather, Sierra Club unilaterally decided to file 30 pages worth of objections to Judge Hegarty's order, in violation of this Court's Practice Standards.  Sierra Club's over-length objections appear to duplicate the extensive briefing already reviewed by Judge Hegarty, and they appear to contain new arguments not previously raised before Judge Hegarty.  Rather than show that Judge Hegarty's order was "clearly erroneous" or "contrary to law," Fed. R. Civ. P. 72(a), Sierra Club's objections are an inappropriate attempt to reargue their motions *de novo* before this Court.

5. During the conferral process on this motion, Sierra Club argued that it is entitled to file 30 pages of objections because Judge Hegarty's order disposed of two motions previously filed by Sierra Club:  a motion to "complete" the record (ECF No. 127) and a motion to "supplement" the record (ECF No. 128).  Neither Rule 72(a) nor this Court's Practice Standards predicate the length of an objection on the number of motions a party has filed.  Rather, Rule 72(a) provides that a party may object to a magistrate judge's "written order," and Practice Standard III.C.1. provides a party with 15 pages for such an objection.  The plain text of the rules therefore does not support Sierra Club's interpretation.

6.  Nor would Sierra Club's interpretation serve judicial economy. Sierra Club's interpretation would multiply the briefing this Court would have to review upon a magistrate judge's issuance of a nondispositive order solely due to the number of separate motions a party chose to file. The spirit of this Court's 15-page limit, on the other hand, seems to recognize the considerable resources that the court and the parties *already* have expended to reach a decision and order from the magistrate judge. The page limits do not appear to contemplate *de novo* briefing of every motion a party has previously filed.

7.  Moreover, in practice, even Sierra Club has not followed its own purported rationale for filing two separate motions and thus 30 pages of objections. Although Sierra Club styled its motions as two separate requests to "complete" and "supplement" the administrative record, the content of those motions did not follow that purported distinction. Sierra Club's motion to *complete* the record and its reply on that motion argued that Judge Hegarty should *supplement* the record with certain documents. (ECF No. 127 at 14; ECF No. 133 at 8-10.) Sierra Club's Rule 72 objection on its motion to *complete* the record similarly argues that Judge Hegarty erred by not *supplementing* the administrative record. (ECF No. 137 at 13-16.) Sierra Club therefore routinely has been exceeding the page limits even under its own questionable rationale.

8.  Sierra Club's unilateral decision to violate the Practice Standards by filing 30 pages of objections to Judge Hegarty's order prejudices CDOT's and federal defendants' ability to respond to those objections. Without a clear understanding of the page limitations for briefing on the objections, federal defendants and CDOT cannot effectively organize and prioritize their legal and factual arguments to respond to Sierra Club's objections. CDOT therefore respectfully requests that the Court strike Sierra Club's objections pursuant to Practice Standard I.A.2.

9.      For the same reason, CDOT further respectfully requests that the Court stay all briefing on Sierra Club's objections until the Court rules on this motion. Until the Court clarifies the page limits on Sierra Club's objections and decides whether to strike those objections, federal defendants and CDOT cannot effectively organize their efforts to respond to Sierra Club's objections. If this Court strikes Sierra Club's objections and precludes them from refiling, federal defendants and CDOT will have wasted resources preparing substantive defenses to the stricken objections. If this Court permits Sierra Club to refile objections that comply with the page limitations, federal defendants' and CDOT's time to respond should not begin to run until Sierra Club files those compliant objections.

10.     In the alternative, if this Court does not stay briefing on the objections pending resolution of this motion, CDOT respectfully requests that the Court extend the time to respond to the objections. Currently, responses to the objections are due May 4, 2018. *See* Practice Standard III.I.1. The 14-day response deadline contemplates that the party opposing a motion will have to respond to 15 pages of briefing. *See id.* III.C.1. Sierra Club unilaterally decided to double that page limit, and counsel for CDOT have had to spend time preparing this motion to gain clarity on the page limit, rather than concentrating on the substance of Sierra Club's arguments. CDOT therefore respectfully requests a one-week extension, until May 11, 2018, on the deadline to respond to Sierra Club's objections. Depending upon the timing of Sierra Club's response and the Court's disposition of this motion, CDOT reserves the right to request additional time by separate motion.

|  | Respectfully submitted, |
|---|---|
| HARRY SCOTT MORROW | JOHN E. PUTNAM |
| Colorado Attorney General's Office | NICHOLAS A. DIMASCIO |
| Ralph L. Carr Colorado Judicial Center | KAPLAN KIRSCH & ROCKWELL LLP |
| 1300 Broadway | Special Assistant Attorneys General |
| Denver, CO 80203 | 1675 Broadway, Suite 2300 |
| (720) 508-6000 | Denver, CO 80202 |
| harry.morrow@coag.gov | (303) 825-7000 |
|  | jputnam@kaplankirsch.com |
|  | ndimascio@kaplankirsch.com |
| APR. 25, 2018 | *s/ Nicholas A. DiMascio* |
|  | NICHOLAS A. DIMASCIO |

# CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2018, I electronically filed the foregoing document and all of its attachments with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Robert E. Yuhnke
4050 Se Hosner Terrace
Gresham, OR  97080
(303) 499-0425
bob.yuhnke@prodigy.net

Andrea S. Gelfuso
Andrea Gelfuso, Attorney at Law
2402 South Holland Street
Lakewood, CO  80227
(303) 955-1910
agelfuso6@gmail.com

Gregory Nicholas Corbin
Milligan Rona Duran & King, LLC
1627 Vine Street
Denver, CO  80206
(720) 414-2000
gnc@mrdklaw.com

Carter F. Thurman
Mayte Santacruz
U.S. Department of Justice
Env't & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
(202) 305-0465 (phone)
(202) 305-0506 (fax)
carter.thurman@usdoj.gov
mayte.santacruz@usdoj.gov

David A. Carson
United States Department of Justice
Env't & Natural Resources Division
Environmental Defense Section
Denver Place Building
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
(303) 844-1349
david.a.carson@usdoj.gov

s/ *Nicholas A. DiMascio*
Nicholas A. DiMascio