IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Nos.   17-cv-01661-WJM-MEH
                    17-cv-01679-WJM-MEH

SIERRA CLUB; ELYRIA AND SWANSEA NEIGHBORHOOD ASSOCIATION; CHAFEE PARK NEIGHBORHOOD ASSOCIATION; AND COLORADO LATINO FORUM,

　　　　Plaintiffs,

　v.

ELAINE CHAO, in her official capacity as Secretary of Transportation; FEDERAL HIGHWAY ADMINISTRATION; and JOHN M. CATER, in his official capacity as Division Administrator, Federal Highway Administration, Colorado Division,

　　　　Defendants,

　and

COLORADO DEPARTMENT OF TRANSPORTATION,

　　　　Defendant-Intervenor.

## FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THEIR STAY MOTION

An injunction is "an extraordinary remedy" that may only be awarded upon a clear showing that the plaintiff is likely to succeed on the merits of its claims, the plaintiff will suffer irreparable harm if the injunction is denied, the balance of equities tips in plaintiff's favor, and the injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008).[1] Plaintiffs here met none of these requirements, and the Court properly denied their stay motion.

No Likelihood of Success on the Merits.  On April 3, 2018, the Court correctly found that Plaintiffs had failed to show a likelihood of success on their NEPA and FAHA §109(h) claims. *See* Order 14, 21-22, ECF No. 135 ("Order").  A month later, Plaintiffs challenged the Court's findings and urged the Court to reconsider.  ECF No. at 144.  Plaintiffs' arguments on the NEPA and §109(h) claims fail, and their reconsideration motion should be denied.

---

[1] The same standard applies for a Motion for Stay under §705.  *See* Order at 11.

1

**NEPA Claim**.  As explained in the response of Defendant-Intervenor Colorado Department of Transportation ("CDOT") to Plaintiffs' Motion for Reconsideration (ECF No. 144), the Court correctly found that Plaintiffs did not demonstrate a likelihood of success on this claim, and properly denied Plaintiffs' stay motion on this basis (Order at 14-20).[2]

**FAHA §109(h) Claim**.  The Court also correctly held that §109(h) does not create "'substantive requirements' apart from NEPA's requirements."  Order at 21-22.  Plaintiffs urge the Court to reconsider this finding, but fail to state the grounds that warrant such extraordinary relief.  *See* ECF No. 144 at 13-15.  Specifically, Plaintiffs do not state, as required, if their reconsideration request is based on an "intervening change in the controlling law," "new evidence previously unavailable," or the "need to correct clear error to prevent manifest injustice."  *Davis v. Fed. Bureau of Prisons*, Case No. 15-cv-0884-WJM, 2017 WL 4324968, *2 (D. Colo. Sept. 29, 2017) (citation and quotation omitted).  Plaintiffs do not identify any newly discovered evidence or intervening law since the Court denied Plaintiffs' stay motion.  In fact, the most recent case relied on by Plaintiffs is from nearly twenty years ago.  *See* ECF 144 at 13-14.  Plaintiffs' only basis for their consideration request is the purported need to correct a clear error of law.  Plaintiffs argue that the Court's interpretation of §109(h) is "superfluous" and essentially "nullifies" and renders this section "inoperative."  *Id.*  This is not a new argument.  Plaintiffs made the same argument in their reply brief (ECF No. 100 at 26-28), and the Court already rejected it.  The Court should deny Plaintiffs' reconsideration request on this basis alone.  *See Skyline Potato Co. v. Rogers Bros. Farms, Inc.*, No. 10-cv-02353-WJM, 2011 WL 5992788, at *1 (D. Colo. Nov. 30, 2011) ("The Tenth Circuit has made it abundantly clear that a motion

---

[2] FHWA agrees with the arguments in CDOT's response to Plaintiffs' reconsideration motion.

for reconsideration is not a vehicle for a losing party to revisit issues already addressed.") (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

Alternatively, the Court should reject Plaintiffs' argument for at least three other reasons. First, Plaintiffs failed to cite any authority to support their assertion that §109(h) creates substantive requirements apart from NEPA. There is none. The courts that have addressed this issue have expressly rejected Plaintiffs' argument. *See, e.g., Audubon Naturalist Soc'y of the Cent. Atl. States, Inc. v. U.S. Dep't of Transp.*, 524 F. Supp. 2d 642, 706–07 (D. Md. 2007). The Court in *Audubon* analyzed carefully the relevant regulations, and held that none of FHWA's current regulations set forth in 23 CFR Part 771 "require a separate analytical process []or an independent assessment for compliance with section 109(h)." This Court correctly relied on that analysis. *See* Order at 21. Plaintiffs offer no explanation in their reconsideration motion as to why this Court's reliance on *Aubudon* is faulty in any way. Indeed, they do not even mention *Aubudon* in their motion, much less make an attempt to meet their burden to show that the Court's ruling is "arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001).

Second, contrary to Plaintiffs' assertion, neither USDOT nor FHWA has construed or interpreted §109(h) as imposing a "substantive requirement" so distinct from NEPA that it is not already addressed by the regulatory process established by 23 CFR Part 771. *See* ECF No. 146 at 14-15. None of the regulations cited by Plaintiff support this contention. *See id.* To the contrary, Part 771 is intended to and does in fact satisfy both NEPA and §109(h). *See* 47 Fed. Reg. 21780, 21781 (May 20, 1982) ("Current NEPA procedures as implemented by the FHWA assure that [factors to be considered under §109(h)] are well integrated into the highway decisionmaking process from project planning through construction. Basically, the NEPA

3

process provides a framework for the highway project development process."); *see also* 23 C.F.R. 771.101, 771.105(b), (d), 771.109(b).  This Court correctly noted that FHWA's interpretation of its statutory scheme is "entitled to substantial deference."  Order at 21 (citation omitted).  A reconsideration of the Court's ruling on the §109(h) claim would necessarily mean that FHWA's regulations are "procedurally defective, arbitrary or capricious in substance, or manifestly contrary to the statue."  *Audubon*, 524 F. Supp. 2d at 706–07.  Such a finding is not warranted, especially here where Plaintiffs do not challenge the regulations and tacitly acknowledge their authority by relying on them.

Finally, Plaintiffs ignore the fact that FHWA's Record of Decision ("ROD") and supporting documents demonstrate that FWHA has complied fully with its NEPA and §109(h) obligations by analyzing the adverse impacts from the Project's air pollutants.  *See, e.g.*, ROD 4-5 (certification of compliance with § 109(h) requirements); ROD 2-22, 94-48, & Attach. A (summary of alternatives considered); ROD 25-27, (summary of measures to minimize environmental impacts); ROD 37-41, 99-107 (consideration of project impacts); ROD 43-66 & Ex. 14 (mitigation measures); ROD 67, 108-17, 158-161, Attachs. B & C, and Ex. 15-16 (consideration of adverse impacts from carbon monoxide and PM10 and agency consultation regarding these impacts); ROD Ex. 15 (carbon monoxide hot-spot analysis); ROD Ex. 16 (PM10 hot-spot analysis results); ROD Attach. F (comments on air quality documents); FEIS Attach. J (Air Quality Technical Report).  To obtain reconsideration of the Court's ruling on this claim, Plaintiffs necessarily would have to show that FHWA's record is insufficient to meet its §109(h) requirements.  Plaintiffs did not make such argument in their motion.  It is therefore waived, and should not be considered.  *See WildEarth Guardians v. EPA*, 770 F.3d 919, 943 n.14 (10th Cir. 2014) (refusing to consider an argument that was not raised in an opening brief).

In sum, Plaintiffs have failed to meet the heightened standard warranting reconsideration, and the Court's judgment should stand. But even if Plaintiffs had met the standard for obtaining reconsideration and the Court found that Plaintiffs were likely to succeed on their claims, the remaining *Winter* factors provide independent grounds to deny Plaintiffs' stay request.[3]

<u>Irreparable Harm</u>.  Plaintiffs failed to provide the "clear and unequivocal" evidence to show that any presumptive injury from the Project is real. *See Davis v. Mineta*, 302 F.3d 1104, 1116 (10th Cir. 2002). As explained in FHWA's and CDOT's responses to Plaintiffs' stay motion (ECF Nos. 94 and 96), a review of Plaintiffs' declarations fails to show a single allegation sufficient to establish an injury that is "certain, great, actual and not theoretical" to Plaintiffs' interests. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003).

<u>Balance of Harms and Public Interest</u>.  Plaintiffs' speculative harms from the Project's potential impacts on human health below the NAAQS are insufficient to tip the balance of equities in their favor and are outweighed by the real and quantifiable harms that the agencies, the taxpayers, and I-70's users, would suffer. *See* ECF No. 94 at 26-27, ECF No. 96 at 30-36.

\*   \*   \*

In sum, Plaintiffs have failed to meet the heightened standard that justifies overturning the Court's judgment on the first *Winter* factor. The Court correctly held that Plaintiffs had failed to show a likelihood of success on the merits of their NEPA and §109(h) claims, and its judgment should stand. Plaintiffs also failed to meet the remaining *Winter* factors, and any argument to the contrary has been waived. Accordingly, Plaintiffs' reconsideration motion urging the Court to enjoin the Central 70 Project should be denied.

---

[3] Because Plaintiffs did not address these factors in their reconsideration motion, they are waived. *See WildEarth Guardians*, 770 F.3d at 943 n.14.

5

Respectfully submitted this 16th day of May, 2018.

        JEFFREY H. WOOD
        Acting Assistant Attorney General
        Environment and Natural Resources Division

        */s/ Mayte Santacruz*
        Mayte Santacruz
        Carter F. Thurman
        United States Department of Justice
        Environment and Natural Resources Division
        Natural Resources Section
        601 D Street, NW
        Washington, D.C. 20004
        (202) 305-0465 (Santacruz)
        (202) 305-0444 (Thurman)
        mayte.santacruz@usdoj.gov
        carter.thurman@usdoj.gov

        David A. Carson
        United States Department of Justice
        Environment and Natural Resources Division
        999 18th Street, Suite 370
        Denver, Colorado 80202
        (303) 844-1349
        david.a.carson@usdoj.gov

        *Attorneys for Federal Defendants*

Of Counsel:
Brent Allen
Federal Highway Administration
Office of the Chief Counsel
Lakewood, Colorado
(720) 963-3692
brent.allen@dot.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of May, 2018, I electronically filed *Federal Defendants' Response to Plaintiffs' Motion for Reconsideration of their Stay Motion* with the Clerk of the United States District Court for the District of Colorado using the CM/ECF System, which will send notification of such filing to the attorneys of record in these consolidated cases, including Sierra Club's counsel of record:

> Andrea S. Gelfuso
> Andrea Gelfuso, Attorney at Law
> 2402 South Holland Street
> Lakewood, CO  80227
> 303-955-1910
> Agelfuso6@gmail.Com
>
> Robert E. Yuhnke
> Robert E. Yuhnke & Associates
> 4050 Se Hosner Terrace
> Gresham, OR  97080
> 303-499-0425
> Bob.Yuhnke@prodigy.Net
>
> Gregory Nicholas Corbin
> Milligan Rona Duran & King, LLC-Denver
> 1627 Vine Street
> Denver , CO  80206
> 720-414-2000
> Gnc@mrdklaw.com

*/s/ Mayte Santacruz*
MAYTE SANTACRUZ