IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-1661-WJM-MEH
*Consolidated with* 17-cv-1679-WJM-MEH

SIERRA CLUB;
ELYRIA AND SWANSEA NEIGHBORHOOD ASSOCIATION;
CHAFFEE PARK NEIGHBORHOOD ASSOCIATION; and
COLORADO LATINO FORUM,

    Plaintiffs,

v.

FEDERAL HIGHWAY ADMINISTRATION,
ELAINE CHAO, in her official capacity as Secretary of Transportation; and
JOHN M. CARTER, in his official capacity as Division Administrator,

    Defendants,

    *and*

COLORADO DEPARTMENT OF TRANSPORTATION, and
MICHAEL P. LEWIS, in his official capacity as Executive Director of the Colorado Department of Transportation,

    Defendant-Intervenors.

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

Before the Court is Plaintiffs' Motion for Reconsideration ("Motion") (ECF No. 144), which asks this Court to reconsider its April 3, 2018 order ("Prior Order") (ECF No. 135)[1] denying Plaintiffs' Motion to Stay (ECF No. 88). Familiarity with the Prior Order is presumed, including abbreviations employed there.

District courts have broad discretion to reconsider their interlocutory rulings

---

[1] 2018 WL 1610304.

before entry of judgment.  *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders.").  Thus, a court can alter its interlocutory orders even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied.  *See Laird v. Stilwill*, 982 F. Supp. 1345, 1353–54 (N.D. Iowa 1997).

"Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)).  "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.*  Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence."  *Id.*

Plaintiffs' Motion does not recite, or even show any awareness of, the foregoing standard of review.  Plaintiffs simply announce that they ask for reconsideration because Defendants have taken certain steps that open the way to actual construction, and Plaintiffs thus "believe that their members will soon be at risk of suffering significant harm to their health and well-being as a result of increased exposure to emissions." (ECF No. 144 at 2.)  When issuing the Prior Order, however, this Court was fully aware of the health effects that Plaintiffs fear they will suffer when construction commences, and the Court understood that construction was likely to begin this summer.  The fact

2

that such construction is now even more imminent is not a basis for reconsideration.

Moreover, Plaintiffs' substantive arguments do not seek to "demonstrate[] [a] manifest error of law or fact or present[] newly discovered evidence." *Nat'l Bus. Brokers*, 115 F. Supp. 2d at 1256.  Plaintiffs instead ask the Court, in essence, to think harder about their arguments.  (*See, e.g.*, ECF No. 144 at 4 ("The Court too easily dismiss is the significance of [the DEH Study].").)  The Court sees no argument in the Motion to Reconsider that was not, or could not have been, raised previously.

Finally, Plaintiffs completely fail to address one of the Court's most important conclusions, namely, that their centerpiece MSATs argument implicitly turns on challenging Defendants' decision to eliminate the I-270/I-76 reroute option from the scope of consideration, but Plaintiffs have not actually made a scoping argument.  (*See* ECF No. 135 at 19–20.)

For all these reasons, Plaintiffs' Motion for Reconsideration (ECF No. 144) is DENIED.

Dated this 15th day of June, 2018.

BY THE COURT:

_____
William J. Martinez
United States District Judge